## CERTIFICATE OF SERVICE

     I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on December 15, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of (1) Reply of the Timken Corporation to Responses and Objections of Debtors Dana Corporation, et al. to Timken Corporation's First Set of Interrogatories and First Request for Discovery from the Debtors and (2) Declaration of James M. Sullivan by electronic mail and by Federal Express Ovenight Delivery.  The Office of the United States Trustee was served by hand delivery.

Dated: New York, New York
     ·  December 15, 2006

                                                     Bonnie S. Schwab

NYK 1059906-1.064980.0025

## SERVICE LIST

*Debtors:*
Mark S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, OH 43615
corporate.lawdepartment@dana.com

*Counsel to the Debtors:*
Corrine Ball, Esq.
Richard H. Engman, Esq.
JONES DAY
222 East 41st Street
New York, NY 10017
cball@jonesday.com
rengman@jonesday.com

Heather Lennox, Esq.
Carl E. Black, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
hlennox@jonesday.com
ceblack@konesday.com

Jeffrey B. Ellman, Esq.
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jbellman@jonesday.com

*Office of the United States Trustee:*
Greg M. Zipes
Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

NYK 1059905-1.064980.0025

*Counsel to the Official Committee of Unsecured Creditors:*
Alan D. Halperin
Halperin Battaglia Raicht LLP
555 Madison Avenue
9th Floor
New York, NY 10022
Email: ahalperin@halperinlaw.net

Thomas Moers Mayer, Esq.
Matthew Williams, Esq.
Paul B. O'Neill, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
tmayer@kramerlevin.com
mjwilliams@kramerlevin.com
boneill@kramerlevin.com

*Counsel for Equity Holders*
Gary L. Kaplan
Brian Pfeiffer
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
kaplaga@friedfrank.com
pfeifbr@friedfrank.com

*Counsel for Retiree Committee*
Jon D. Cohen
Trent P. Cornell
Scott N. Schreiber
Stahl Cowen Crowley LLC
55 W. Monroe Street
Suite 1200
Chicago, IL 60603
jcohen@stahlcowen.com
tcornell@stahlcowen.com
sschreiber@stahlcowen.com

*Noticing Agent:*
The BMC Group, Inc.
Attn:  Dana Corporation Noticing
P.O. Box 952
El Segundo, CA 90245-0952
dana@bmcgroup.com

NYK 1059905-1.064980.0025

A00102

A0102

*Counsel to Citicorp:*
Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
dbartner@shearman.com

*Conflicts Counsel to Debtors and Debtors in Possession*
Dean A. Ziehl
Pachulski Stang Ziehl Young Jones & Weintraub LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
dziehl@pszyjw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
                                   :
In re                              :    Chapter 11
                                   :
Dana Corporation, et. al.,         :    Case No. 06-10354 (BRL)
                                   :
            Debtors.               :    (Jointly Administered)
                                   :
---------------------------------- X

**DECLARATION OF JAMES M. SULLIVAN IN SUPPORT OF
BRIEF OF THE TIMKEN COMPANY, TIMKEN U.S. CORP., TOYOTETSU
AMERICA, INC., TOYOTETSU MID AMERICA, LLC IN OPPOSITION TO
DEBTORS' ASSERTION OF A PRIOR LIEN DEFENSE TO RECLAMATION CLAIMS**

JAMES M. SULLIVAN declares as follows pursuant to 28 U.S.C. § 1746:

1.    I am an attorney admitted to practice before this Court and am a member of the

firm of McDermott Will & Emery LLP, counsel to The Timken Company, Timken U.S. Corp.

(together, "Timken"), Toyotetsu America, Inc., and Toyotetsu Mid America, LLC (together,

"Toyotetsu").

2.    This declaration is submitted (a) in support of Timken's and Toyotetsu's Brief in

Opposition to Debtors' Assertion of a Prior Lien Defense to Reclamation Claims (the "Brief in

Opposition") and (b) to provide the Court with true copies of relevant documents that are

referred to in the Brief in Opposition.

2.    On or about June 30, 2006, the above-captioned debtors (collectively, "Dana")

filed their schedules of assets and liabilities (collectively, the "Schedules"), which were entered

on the docket at docket nos. 1604–1644.  Attached as **Exhibit 1** to this declaration is a true and

accurate copy of the summaries of the Schedules, as reflected on the docket.

NYK 1078512-1.064980.0025

3.    On or about January 16, 2007, pursuant to an agreement with certain of Dana's reclamation claimants at the December 19, 2006 hearing, Dana served its response (the "Valuation Interrogatory Response") to a supplemental interrogatory concerning the valuation of substantially all of Dana's personal property, including inventory, equipment, accounts receivable, and proceeds of the foregoing.  Attached as **Exhibit 2** to this declaration is a true and accurate copy of the Valuation Interrogatory Response.

4.    On or about January 18, 2007, counsel for Dana further clarified its Valuation Interrogatory Response in an email that was sent to me.  Attached as **Exhibit 3** to this declaration is a true and accurate copy of the January 18, 2007 email.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on January 26, 2007.

/s/ James M. Sullivan
James M. Sullivan

NYK 1078512-1.064980.0025

A00105

A0105

# EXHIBIT 1

NYK 1078512-1.064980.0025

A00106

A0106

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

BWDAC, Inc.
Case Number: 06-10357

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - REAL PROPERTY | YES | 2 | $90,176 | | |
| B - PERSONAL PROPERTY | YES | 7 | $2,804 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $2,000 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 1 | | $1,300,170 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 15 | | | |

Total Assets > $92,980

Total Liabilities > $1,300,170

6/27/2006

A00107

A0107

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

Coupled Products, Inc.
Case Number: 06-10359

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $6,361,051 | | |
| B - PERSONAL PROPERTY | YES | 14 | $77,600,818 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 24 | | $38,473,664 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 28 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 75 | | | |

Total Assets >   $83,961,870

Total Liabilities >   $38,473,664

6/26/2006

A00108

A0108

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

Dana Atlantic LLC f/k/a Glacier Daido America, LLC
Case Number: 06-10360

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $3,193,198 | | |
| B - PERSONAL PROPERTY | YES | 9 | $19,974,293 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 8 | | $4,276,857 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 17 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 41 | | | |

Total Assets > $23,167,491

Total Liabilities > $4,276,857

6/26/2006

A00109

A0109

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Dana Information Technology LLC
Case Number: 06-10365

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| | | | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 6 | $11,048,483 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 2 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 8 | | $14,134,366 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 19 | | | |

Total Assets >   $11,048,483

Total Liabilities >   $14,134,366

6/26/2006

A00110

A0110

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

DTF Trucking, Inc.
Case Number: 06-10373

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $1,918,817 | | |
| B - PERSONAL PROPERTY | YES | 9 | $3,128,921 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 4 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 19 | | $19,639,737 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 39 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 75 | | | |

Total Assets >   $5,047,737

Total Liabilities >   $19,639,737

6/26/2006

A00111

A0111

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

EFMG LLC
Case Number: 06-10375

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

|  |  |  | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
| A - REAL PROPERTY | YES | 2 | $291,056 | | |
| B - PERSONAL PROPERTY | YES | 10 | $59,760,330 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 2 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 11 | | $700,409,571 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 8 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 34 | | | |

Total Assets >   $60,051,386

Total Liabilities >   $700,409,571

6/27/2006

A00112

A0112

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

ERS LLC
Case Number: 06-10377

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 4 | $279 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 2 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 1 | | $0 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 2 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 12 | | | |

Total Assets >  $279

Total Liabilities >  $0

6/27/2006

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Flight Operations, Inc.
Case Number: 06-10378

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

|  | | | AMOUNTS SCHEDULED | | |
| NAME OF SCHEDULE | ATTACHED YES/NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $519,107 | | |
| B - PERSONAL PROPERTY | YES | 7 | $129,851 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 2 | | $195,082 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 18 | | | |

Total Assets >   $648,957

Total Liabilities >   $195,082

6/27/2006

A00114

A0114

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Glacier Vandervell Inc.
Case Number: 06-10381

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $4,202,585 | | |
| B - PERSONAL PROPERTY | YES | 7 | $35,209,681 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 11 | | $7,087,903 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 37 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 65 | | | |

Total Assets >  $39,412,266

Total Liabilities >  $7,087,903

6/27/2006

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Hose & Tubing Products, Inc.
Case Number: 06-10382

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $2,069,733 | | |
| B - PERSONAL PROPERTY | YES | 10 | $22,575,919 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 12 | | $7,285,311 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 14 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 45 | | | |

Total Assets > $24,645,652

Total Liabilities > $7,285,311

6/27/2006

A00116

A0116

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Long Cooling LLC
Case Number: 06-10385

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $1,110,602 | | |
| B - PERSONAL PROPERTY | YES | 4 | $3,959,214 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 4 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 5 | | $1,044,448 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 6 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 23 | | | |

Total Assets >     $5,069,816

Total Liabilities >     $1,044,448

6/27/2006

A00117

A0117

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Long USA LLC
Case Number: 06-10386

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $1,122,777 | | |
| B - PERSONAL PROPERTY | YES | 7 | $24,152,819 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 9 | | $3,412,964 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 11 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 35 | | | |

Total Assets >     $25,275,596

Total Liabilities >     $3,412,964

6/27/2006

A00118

A0118

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Dana Risk Management Services, Inc.
Case Number: 06-10368

SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 6 | $265,457 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 2 | | $0 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 2 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 16 | | | |

Total Assets >   $265,457

Total Liabilities >   $0

6/26/2006

A00119

A0119

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Spicer Heavy Axle & Brake, Inc.
Case Number: 06-10391

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $3,214,124 | | |
| B - PERSONAL PROPERTY | YES | 7 | $8,151,657 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 4 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 11 | | $2,780,602 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 13 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 39 | | | |

Total Assets >   $11,365,781

Total Liabilities >   $2,780,602

6/27/2006

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Dana Technology Inc.
Case Number: 06-10369

SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $0 | | |
| B - PERSONAL PROPERTY | YES | 14 | $215,067 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 1 | | $1,300 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 2 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 23 | | | |

Total Assets >     $215,067

Total Liabilities >     $1,300

6/26/2006

A00121

A0121

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

Torque-Traction Manufacturing Technologies LLC
Case Number: 06-10395

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C,
D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the
amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $25,987,327 | | |
| B - PERSONAL PROPERTY | YES | 15 | $161,534,160 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 38 | | $118,895,348 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 66 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 129 | | | |

Total Assets >   $187,521,487

Total Liabilities >   $118,895,348

6/27/2006

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Torque-Traction Technologies LLC
Case Number: 06-10396

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $0 | | |
| B - PERSONAL PROPERTY | YES | 52 | $39,443,997 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $34,110,000 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $4,000 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 16 | | $28,939,916 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 14 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 92 | | | |

Total Assets > $39,443,997

Total Liabilities > $63,049,916

6/27/2006

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Torque-Traction Integration Technologies LLC
Case Number: 06-10394

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $8,886,347 | | |
| B - PERSONAL PROPERTY | YES | 14 | $347,097,676 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 30 | | $190,836,629 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 42 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 96 | | | |

Total Assets >   $355,984,023

Total Liabilities >   $190,836,629

6/27/2006

A00124

A0124

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

United Brake Systems Inc.
Case Number: 06-10397

### SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 4 | $200 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 0 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 3 | | $2,000 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 1 | | $0 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 11 | | | |

Total Assets >   $200

Total Liabilities >   $0

6/27/2006

A00125

A0125

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

Reinz Wisconsin Gasket LLC
Case Number: 06-10390

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $1,763,984 | | |
| B - PERSONAL PROPERTY | YES | 7 | $10,475,102 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 6 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 10 | | $3,138,013 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 19 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 46 | | | |

Total Assets >    $12,239,086

Total Liabilities >    $3,138,013

6/27/2006

A00126

A0126

UNITED STATES BANKRUPTCY COURT
Southern District of New York

Dana Corporation
Case Number: 06-10354

SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 3 | $138,201,203 | | |
| B - PERSONAL PROPERTY | YES | 211 | $1,398,242,599 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 9 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 10 | | $90,175 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 183 | | $2,234,941,587 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 804 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 1,221 | | | |

Total Assets >   $1,536,443,802

Total Liabilities >   $2,234,941,587

6/27/2006

# EXHIBIT 2

NYK 1078512-1.064980.0025

A00128

A0128

PACHULSKI STANG ZIEHL YOUNG
        JONES & WEINTRAUB LLP
Dean A. Ziehl (DZ-6154)
Robert J. Feinstein (RF-2836)
Debra I. Grassgreen (CA Bar No. 169978)
Beth E. Levine (BL-6715)
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777

Conflicts Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                             :
In re                                        :    Chapter 11
                                             :
Dana Corporation, *et al.*,                  :    Case No. 06-10354 (BRL)
                                             :
                          Debtors.           :    (Jointly Administered)
                                             :
-------------------------------------------------------------x

### RESPONSE OF DEBTORS DANA CORPORATION, ET AL. TO SUPPLEMENTAL INTERROGATORY RELATED TO DEBTORS' PRIOR LIEN DEFENSE TO RECLAMATION CLAIMS

Pursuant to Federal Rule of Civil Procedure 26, made applicable here by Federal Rule of

Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 33, made applicable here by

Federal Rule of Bankruptcy Procedure 7033, the Court's Order, Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 7042 and 9014:  (I) Bifurcating Consideration of Issues

Relating to Reclamation Claims; (II) Establishing a Briefing Schedule for Consideration of

Certain Common Issues; and (III) Granting Certain Related Relief (Docket No. 3865)

(the "Reclamation Scheduling Order"), and the agreement reached by the parties at the hearing

before the Court on December 19, 2006, the above-captioned debtors and debtors in possession

DOCS_NY:11687.1

A00129

A0129

(collectively, the "Debtors") hereby object and respond as follows to the supplemental interrogatory tendered to them by parties seeking discovery relating to the Prior Lien Defense.[1]

## SUPPLEMENTAL INTERROGATORY

State whether or not the Debtors' pre-petition lenders were oversecured as of the petition date by more than the total amount of the currently outstanding reclamation claims.

## RESPONSE TO SUPPLEMENTAL INTERROGATORY

Without waiving, and subject to the Objections of Dana Corporation, et al. to Discovery Requests Related to Debtors' Prior Lien Defense to Reclamation Claims, dated December 1, 2006, the Debtors state that based upon the Schedules of Assets and Liabilities filed by the Debtors on June 30, 2006 (and as amended on August 1, 2006 and November 1, 2006), and subject to the Global Notes and Statements of Limitations, Methodology and Disclaimer Regarding Debtor's Schedules and Statements filed as part of the Schedules and Statements, the total face amount of the currently outstanding reclamation claims plus the amount of the Prepetition Indebtedness was less than the net book value of the Debtors' assets as of the Petition Date. The Debtors do not know whether the total face amount of the currently outstanding reclamation claims plus the amount of the Prepetition Indebtedness was less than the fair market value of the Debtors' assets as of the Petition Date because they have not conducted a fair market valuation of those assets.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reclamation Scheduling Order.

A00130

A0130

Dated:  January 16, 2007
      New York, New York

_Beth Levine_

Dean A. Ziehl (DZ-6154)
Robert J. Feinstein (RF-2836)
Debra I. Grassgreen (CA Bar No. 169978)
Beth E. Levine (BL-6715)
Pachulski Stang Ziehl Young Jones
      & Weintraub LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777


Conflicts Counsel for
Debtors and Debtors in Possession

A00131
A0131

**EXHIBIT 3**

NYK 1078512-1.064980.0025

A00132

A0132



**"Beth Levine"**
**<BLevine@PSZYJW.com>**

01/18/2007 11:33 AM

To <jmsullivan@mwe.com>

cc <bleinbach@zeklaw.com>, <borgeslawfirm@aol.com>,
<cllevols@mcdonaldhopkins.com>,
<cpike@weberandrose.com>, "Debra Grassgreen"

bcc

Subject  RE: In re Dana Corporation, et al.: Reclamation Discovery

History:         This message has been replied to.

Jim:

Dana is not in a position to agree to your proposed stipulation regarding fair market value, because, as set forth in the interrogatory response, at this time, Dana simply does not know the fair market value of the assets. That said, we are prepared to stipulate to the following:

1)  The book value of the assets securing the prepetition secured claims exceeds the prepetition secured debt and the face amount of the currently outstanding reclamation claims.

2) To the extent value is relevant, the parties will use book value as the measure for purposes of the hearing on the prior lien defense.

3) The stipulation is without prejudice to the rights of the Debtors to argue that valuation information is not relevant to the prior lien defense and the rights of the reclamation claimants to argue that valuation information is relevant to the prior lien defense.

Please let me know if this acceptable to the reclamation claimants.

Beth

Beth E. Levine, Esq.
Pachulski Stang Ziehl Young Jones & Weintraub LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:  (212) 561-7720
Facsimile:   (212) 561-7777

-----Original Message-----
From: jmsullivan@mwe.com [mailto:jmsullivan@mwe.com]
Sent: Wednesday, January 17, 2007 10:29 AM
To: Beth Levine
Cc: bleinbach@zeklaw.com; borgeslawfirm@aol.com;
cllevois@mcdonaldhopkins.com; cpike@weberandrose.com; Debra Grassgreen;
dmurdoch@klng.com; ellerman@taftlaw.com; gravert@mwe.com;
jperrell@milesstockbridge.com; jzawadzki@hahnhessen.com;
kburkley@bernsteinlaw.com; lgranfield@cgsh.com; louagosto@mvalaw.com;
miller@taftlaw.com; mpower@hahnhessen.com; mweis@dilworthlaw.com;
pborenstein@milesstockbridge.com; Robert Feinstein; rleonard@tlggr.com;
rmichaelson@kl.com; sabrina.streusand@hughesluce.com;
sgross@hodgsonruss.com; skrause@zeklaw.com;
ssanders@kazlowandkazlow.com; trenda@milesstockbridge.com
Subject: Re: In re Dana Corporation, et al.: Reclamation Discovery

I received your response to the supplemental interrogatory this morning.
Please advise whether the Debtors are willing to concede (solely for

A00133
A0133

purposes of the prior lien defense hearing) that the outstanding reclamation claims  plus the amount of the prepetition secured claim were less than the fair market value of the assets securing the prepetition secured claims.  If you agree, then perhaps we can avoid discovery relating to valuation and a valuation fight at the prior lien defense hearing. Please let me know as soon as possible.  Thanks.

****Please note new zip code below*****

James M. Sullivan
Partner
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
Direct Tel. (212) 547-5477
Main Tel. (212) 547-5400
Fax (212) 547-5444
JMSullivan@mwe.com
jms92@bc.edu

McDermott Will & Emery LLP
www.mwe.com
Boston - Brussels - Chicago - Dusseldorf - London
Los Angeles - Miami - Munich - New York - Orange County
Rome - San Diego - Silicon Valley - Washington, D.C.

*****************************************************************
*************

This message is a PRIVILEGED AND CONFIDENTIAL communication.  If you are not the intended recipient, please do not read, copy, or use it, and do not disclose it to others.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*****************************************************************
*************


*****************************************************************
******************************************

IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

_____


This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.

A00134

A0134

```
***********************************************************************
*******************************************
```

Please visit http://www.mwe.com/ for more information about our Firm.

A00135

A0135

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on January 26, 2007 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Declaration of James M. Sullivan in Support of Brief of the Timken Company, Timken U.S. Corp., Toyotetsu America, Inc., Toyotetsu Mid America LLC in Opposition to Debtors' Assertion of a Prior Lien Defense to Reclamation Claims by electronic mail and by first class mail. The Office of the United States Trustee was served only by first class mail.

Dated: New York, New York
      January 26, 2007

                                        _____
                                        Bonnie S. Schwab

## SERVICE LIST

*Debtors:*
Mark S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, OH 43615
corporate.lawdepartment@dana.com

*Counsel to the Debtors:*
Corrine Ball, Esq.
Richard H. Engman, Esq.
Jones Day
222 East 41st Street
New York, NY 10017
cball@jonesday.com
rengman@jonesday.com

Heather Lennox, Esq.
Carl E. Black, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114
hlennox@jonesday.com
ceblack@konesday.com

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jbellman@jonesday.com

*Office of the Unted States Trustee:*
Greg M. Zipes
Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

NYK 1078611-1.064980.0025

*Counsel to the Official Committee of Unsecured Creditors:*
Alan D. Halperin
Halperin Battaglia Raicht LLP
555 Madison Avenue
9th Floor
New York, NY 10022
Email: ahalperin@halperinlaw.net

Thomas Moers Mayer, Esq.
Matthew Williams, Esq.
Paul B. O'Neill, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
tmayer@kramerlevin.com
mjwilliams@kramerlevin.com
boneill@kramerlevin.com

*Counsel for Equity Holders*
Gary L. Kaplan
Brian Pfeiffer
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
kaplaga@friedfrank.com
pfeifbr@friedfrank.com

*Counsel for Retiree Committee*
Jon D. Cohen
Trent P. Cornell
Scott N. Schreiber
Stahl Cowen Crowley LLC
55 W. Monroe Street
Suite 1200
Chicago, IL 60603
jcohen@stahlcowen.com
tcornell@stahlcowen.com
sschreiber@stahlcowen.com

*Noticing Agent:*
The BMC Group, Inc.
Attn:  Dana Corporation Noticing
P.O. Box 952
El Segundo, CA 90245-0952
dana@bmcgroup.com

NYK 1078611-1.064980.0025

A00138

A0138

*Counsel to Citicorp:*
Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
dbartner@shearman.com

*Conflicts Counsel to Debtors and Debtors in Possession*
Dean A. Ziehl
Pachulski Stang Ziehl Young Jones & Weintraub LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
dziehl@pszyjw.com

NYK 1078611-1.064980.0025

A00139

A0139

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

- and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox (HL 3046)
Jeffrey B. Ellman (JE 5638)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

Proposed Attorneys for Debtors
  and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                          :
In re                                     :  Chapter 11
                                          :
Dana Corporation, *et al.*,               :  Case No. 06-_____ (___)
                                          :
                        Debtors.          :  (Jointly Administered)
                                          :
----------------------------------------------------------x

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION,**
**PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019(b), FOR AN ORDER:  (A) ESTABLISHING**
**PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED**
**AGAINST THE DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF**

A00140

A0140

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

Dana Corporation ("Dana") and 40 of its domestic direct and indirect subsidiaries,

as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as

follows:

### Background

1.    On the date hereof (the "Petition Date"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"). By a motion filed on the Petition Date, the

Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only

and administered jointly.

2.    The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.    Debtor Dakota New York Corp. ("Dakota") is a New York corporation.

Debtor Dana is the direct or indirect parent of Dakota and each of the other Debtors. Dana

maintains its corporate headquarters in Toledo, Ohio. The Debtors and their nondebtor affiliates

(collectively, the "Dana Companies") have over 100 leased and owned domestic business

locations and have operations in approximately 25 states, as well as in Mexico, Canada,

11 countries in Europe and over 14 countries elsewhere in the world.

4.    The Dana Companies are leading suppliers of modules, systems and

components for original equipment manufacturers and service customers in the light, commercial

and off-highway vehicle markets. The products manufactured and supplied by the Dana

ATI-2211178v8                                    -2-

A00141

A0141

Companies are used in cars; vans; sport-utility vehicles; light, medium and heavy trucks; and a wide range of off-highway vehicles.

      5.      The Dana Companies operate through two primary business units: the Automotive Systems Group (the "ASG") and the Heavy Vehicle Technologies and Systems Group (the "HVTSG"). The ASG sells axles; driveshafts; drivetrains; frames; sealing, bearing, fluid-management and power-cylinder products; chassis products; and related modules and systems for the automotive vehicle, light vehicle, commercial vehicle, leisure and outdoor power equipment markets. The ASG also provides systems assembly, management and integration services and related service parts. The ASG accounts for nearly three-quarters of the Dana Companies' operating revenues, and its largest customers, comprising nearly 50% of its business, are Ford Motor Company, DaimlerChrysler AG and General Motors Corporation. The HVTSG sells axles, brakes, driveshafts, chassis and suspension modules, ride controls and related modules and systems for the commercial and off-highway vehicle markets and transmission and electronic controls for the off-highway market. The HVTSG accounts for approximately one-quarter of the Dana Companies' revenues, and its largest customers are PACCAR Inc., Volvo Group and International Truck & Engine Corporation. The remainder of the Dana Companies' business is comprised largely of a lease financing business, which is operated by non-debtor Dana Credit Corporation and its subsidiaries. The Dana Companies have been in the process of divesting the assets of their lease financing business for a number of years.

      6.      The Debtors commenced these chapter 11 cases after a thorough review of all of their refinancing and restructuring alternatives and only after it became clear that an out-of-court alternative would not be able to be completed in sufficient time to address pressing liquidity issues. Accordingly, to preserve the assets of their estates for the benefit of all of their

A00142

A0142

stakeholders, the Debtors commenced these cases. The Debtors believe that the initiation of

these chapter 11 cases will allow them access to the necessary capital to implement their

business plan and complete the restructuring of their operations that was commenced prepetition.

A more detailed explanation of Dana's businesses and operations and the events leading to the

commencement of these cases can be found in the Affidavit of Michael J. Burns, which was filed

contemporaneously herewith and which is incorporated herein by reference.

       7.     As disclosed in Dana's Form 10-Q filed on January 18, 2006, for the nine

months ended September 30, 2005, the Dana Companies recorded revenue of more than

$7.5 billion and had assets of approximately $7.9 billion and liabilities totaling $6.8 billion. As

of the Petition Date, the Dana Companies have approximately 44,000 employees.

### Jurisdiction

       8.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

       9.     Pursuant to sections 105(a), 362 and 546(c) of the Bankruptcy Code and

Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the

Debtors hereby seek the entry of an order (a) establishing procedures for resolving reclamation

claims asserted against them and (b) granting certain related relief, as more fully described

below.

### Argument

       10.    Prior to the Petition Date and in the ordinary course of their business, the

Debtors purchased a wide variety of components, raw materials and other goods — including

ATI-2211178v8                                    -4-

A00143

A0143

steel and other metals and metal products — used in their manufacturing and business operations (collectively, the "Goods") on credit.  As of the Petition Date, the Debtors were in possession of certain Goods that had been delivered to them, but for which they had not yet been invoiced by, or made payment to, the suppliers.  As a result of the commencement of these bankruptcy cases, the Debtors expect to receive numerous written reclamation demands from various vendors or other parties (collectively, the "Sellers") with respect to the Goods.  The Debtors also anticipate that a number of Sellers, after becoming aware of the commencement of these chapter 11 cases, might attempt to interfere with the delivery of Goods to the Debtors, or attempt forcibly to repossess delivered Goods from the Debtors.

11.    Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code.  Section 546(c) provides that a seller who sold goods to a debtor, in the ordinary course of the seller's business, within 45 days before the petition date, may assert reclamation rights if:  (a) the debtor received the goods while insolvent; and (b) the seller makes a reclamation demand in writing (i) before 45 days after receipt of the goods by the debtor or (ii) if the 45-day period expires after the petition date, not later than 20 days after the petition date.[1]

12.    Section 546(c) also specifies, however, that reclamation rights are "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c)(1).  Indeed, it is well established that a lender or other creditor "with a security interest in after-acquired property who acted in good faith and for value . . . is a good faith purchaser to whose claim that of a reclaiming seller is subject." Galey & Lord Inc. v. Arley

---

[1]    Any seller that fails to provide notice in the manner described in section 546(c) "still may assert" an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the debtor within 20 days before the petition date in the ordinary course of the debtor's business.  See 11 U.S.C. § 546(c)(2); 11 U.S.C. § 503(b)(9).

A00144

A0144

Corp. (In re Arlco, Inc.), 239 B.R. 261, 270-71 (Bankr. S.D.N.Y. 1999); see also In re Pester Ref.

Co., 964 F.2d 842, 844-45 (8th Cir. 1992); Yenkin-Majestic Paint Corp. v. Wheeling-Pittsburgh

Steel Corp. (In re Pittsburgh-Canfield Corp.), 309 B.R. 277, 284 (B.A.P. 6th Cir. 2004). "[A]fter

the secured creditors' superior interests have been satisfied or released, the reclaiming seller

retains a priority interest in any remaining goods, and in any surplus proceeds from the secured

creditors' foreclosure sale . . . where the value of the reclaiming seller's rights is worthless

because of the secured lien, the reclamation request is not denied, but is of no value." In re Child

World, 145 B.R. 5, 7 (Bankr. S.D.N.Y. 1992); see also Arlco, Inc., 239 B.R. at 272; In re Victory

Mkts., 212 B.R. 738, 741 (Bankr. N.D.N.Y. 1997).

> 13.     To avoid piecemeal litigation that would interfere with the Debtors'
reorganization efforts, the Debtors seek authority, pursuant to sections 105(a), 362 and 546(c) of
the Bankruptcy Code, to establish exclusive procedures for the reconciliation and allowance of
all asserted reclamation claims. It is of paramount importance for the Debtors to maintain
normal business operations and avoid costly and distracting litigation relating to reclamation
claims. If the Debtors are unable to establish and implement uniform procedures for addressing
reclamation claims, the Debtors will face the prospect of simultaneously defending multiple
reclamation proceedings or other enforcement efforts at a time when they need to focus on
critical aspects of the reorganization process.

> 14.     Therefore, the Debtors seek entry of an order establishing the following
procedures (the "Reclamation Procedures") for resolving all asserted reclamation claims in these
cases (collectively, the "Reclamation Claims"):

> > (a)     Any Seller asserting a Reclamation Claim must satisfy all procedural and
> > timing requirements under applicable law and demonstrate that it has
> > satisfied all legal elements entitling it to a right of reclamation;

A00145

A0145

(b)     Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand to the Debtors, at 4500 Dorr Street, Toledo, Ohio 43615, to the attention of Mr. Jeffrey Wawrzyniak. Upon receipt of any written reclamation demand, the Debtors will serve upon the Seller, at the address indicated in its reclamation demand, a copy of this Motion or, if this Motion has been granted, the order approving this Motion;

(c)     After receipt of all timely reclamation demands and an opportunity to review such demands — including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof — but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file a Notice (the "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Greg M. Zipes, Esq.); (ii) counsel to any official committee of unsecured creditors (the "Committee") appointed in these cases; (iii) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand; and (iv) counsel to the administrative agent (the "Agent") for the Debtors' proposed postpetition lenders (collectively, the "DIP Lenders");

(d)     If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

(e)     All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein;

(f)     Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(g)     Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim. If the Debtors and a Seller are able to agree on the validity,

A00146

A0146

amount and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on counsel to the Agent, counsel to the Committee, the U.S. Trustee and the Seller subject to the settlement at the addresses set forth in subsection (c) above. The Agent, the Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel, the applicable Seller, counsel to the Agent, counsel to the Committee and the U.S. Trustee at the addresses set forth in subsection (c) above within the ten-day objection period;

(h)    If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

(i)    Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim. Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Sellers shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

15.    The Debtors propose that the foregoing Reclamation Procedures be the

sole and exclusive method for the handling of Reclamation Claims asserted against the Debtors.

ATI-2211178v8                          -8-

A00147

A0147

As a result, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any Reclamation Claims; (b) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures; or (c) interfering with the delivery of any Goods to the Debtors. Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 362 of the Bankruptcy Code further prohibits creditors from undertaking impermissible collection activities on account of a debtor's prepetition obligations. See 11 U.S.C. § 362.

16.    The Debtors' business will be severely disrupted if Sellers are allowed to exercise their reclamation rights without a uniform procedure that is fair to all parties. Further, the attention of the Debtors' management and operational personnel would be diverted from more important operational issues if the Reclamation Procedures are not approved and the Debtors instead are required to respond to and resolve each Reclamation Claim on an ad hoc basis, as numerous, individual adversary proceedings or contested matters are filed or as other actions are taken by the Sellers seeking to enforce their reclamation rights. Instead, the Reclamation Procedures effectively and efficiently will streamline the process of resolving the Reclamation Claims for the Debtors and the Sellers alike, without impacting the parties' substantive rights to pursue or contest the Reclamation Claims.

17.    Therefore, the Debtors submit that establishing and implementing the Reclamation Procedures is necessary and appropriate pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019(b), and that the Reclamation Procedures are

A00148

A0148

consistent with the provisions of section 546(c) of the Bankruptcy Code. The Debtors believe that their ability to resolve Reclamation Claims in this uniform manner will assist in the consensual resolution of such claims and, ultimately, the maximization of value for the Debtors, their estates and their creditors. Therefore, it is in the best interests of the Debtors and their respective estates and creditors to implement the Reclamation Procedures.

18.    Relief similar to that requested in this Motion relating to reclamation procedures has been granted in other chapter 11 cases in this District and elsewhere, including in a case filed since the recent amendments to the Bankruptcy Code's reclamation provisions. See, e.g., In re FLYi, Inc., No. 05-20011 (MFW) (Bankr. D. Del. Dec. 5, 2005); In re Delta Air Lines, Inc., No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005); In re Levitz Home Furnishings, Inc., No. 05-45189 (BRL) (Bankr. S.D.N.Y. Oct. 12, 2005); In re Ames Dep't Stores, Inc., No. 01-42217 (REG) (Bankr. S.D.N.Y. Jan. 24, 2002); accord In re UAL Corp., No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 30, 2002); In re Kmart Corp., No. 02-02474 (SPS) (Bankr. N.D. Ill. Feb. 22, 2002).[2]

### Memorandum of Law

19.    This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted.

---

[2]    Because of the voluminous nature of these unreported orders, they are not attached to this Motion. Copies of these orders will be made available to the Court at or prior to the hearing on this Motion and are available to other parties upon request from the Debtors' counsel.

A00149

A0149

**Notice**

20.     No trustee or examiner has been appointed in these chapter 11 cases.

Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Agent for the

Debtors' prepetition secured bank lenders and the DIP Lenders; (c) the creditors holding the

50 largest unsecured claims against the Debtors' estates, as identified in the Debtors' chapter 11

petitions; (d) Wilmington Trust Company, as indenture trustee for the Debtors' noteholders; and

(e) counsel for the program agent for the Debtors' prepetition accounts receivable securitization

facility.  As noted above, the Debtors also will serve copies of this Motion or any order granting

this Motion on any Seller that makes a reclamation demand.  The Debtors submit that no other or

further notice need be provided.

**No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this

or any other Court.

WHEREFORE, the Debtors respectfully request that this Court: (a) enter an

order substantially in the form attached hereto as Exhibit A, granting the relief sought herein; and

(b) grant to the Debtors such other and further relief as the Court may deem proper.

A00150

A0150

Dated: March 3, 2006
   New York, New York

Respectfully submitted,

<u>  s/Corinne Ball    </u>
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

 - and -

Heather Lennox (HL 3046)
Jeffrey B. Ellman (JE 5638)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

A00151

A0151

## EXHIBIT A

ATI-2211178v8

A00152

A0152

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Dana Corporation, et al.,                 :    Case No. 06-_____ (___)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-------------------------------------------------------x
```

### ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b): (A) ESTABLISHING PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105(a), 362 and 546(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), for an Order: (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief (the "Motion"),[1] filed by the debtors and debtors in possession in the above--captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the Affidavit of Michael J. Burns filed in support of the Debtors' first day papers (the "Affidavit") and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) in light of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is waived; and the Court having

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

ATI-2211178v8

determined that the legal and factual bases set forth in the Motion and the Affidavit and at the

Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors hereby are authorized to resolve all Reclamation Claims in

accordance with the exclusive Reclamation Procedures set forth below, which are hereby

approved and authorized in their entirety:

    (a)    Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

    (b)    Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand to the Debtors, at 4500 Dorr Street, Toledo, Ohio 43615, to the attention of Mr. Jeffrey Wawrzyniak.  Upon receipt of any written reclamation demand, the Debtors shall serve a copy of this Order upon the Seller at the address indicated in its reclamation demand;

    (c)    After receipt of all timely reclamation demands and an opportunity to review such demands — including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof — but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file a Notice (the "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"):  (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Greg M. Zipes, Esq.); (ii) counsel to any official committee of unsecured creditors (the "Committee") appointed in these cases; (iii) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand; and (iv) counsel to the administrative agent (the "Agent") for the Debtors' proposed postpetition lenders;

    (d)    If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

A00154
A0154

(e)     All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein;

(f)     Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(g)     Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim. If the Debtors and a Seller are able to agree on the validity, amount and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on counsel to the Agent, counsel to the Committee, the U.S. Trustee and the Seller subject to the settlement at the addresses set forth in subsection (c) above. The Agent, the Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel, the applicable Seller, counsel to the Agent, counsel to the Committee and the U.S. Trustee at the addresses set forth in subsection (c) above within the ten-day objection period;

(h)     If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

(i)     Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant

ATI-2211178v8                                  -3-

A00155

A0155

to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim. Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Sellers shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

3.    The foregoing Reclamation Procedures are the sole and exclusive method for the resolution and payment of reclamation claims asserted against the Debtors. All Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims; (b) seeking to obtain possession of any Goods; or (c) interfering with the delivery of any Goods to the Debtors.

4.    All adversary proceedings and contested matters in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein, unless otherwise ordered by the Court.

5.    Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims.

Dated: New York, New York
_____, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

A00156
A0156