**Greg Cowan (TTAI)**

| | |
|---|---|
| **From:** | Greg Cowan (TTAI) |
| **Sent:** | Friday, May 12, 2006 4:18 PM |
| **To:** | 'rrobbins@alixpartners.com' |
| **Subject:** | Toyotetsu - Response for Information Supporting Reclamation Claims (DANA Corp. Bankruptcy) |

Mr. Robbins,

Per the April 24, 2006 request letter from Thomas A. Wilson of Jones Day, please find attached the Information Supporting Reclamation Claims for the following companies:

- Toyotetsu America, Inc. (TTAI) - Somerset, KY
- Toyotetsu Mid America, LLC (TTMA) - Owensboro, KY

Each Toyotetsu company ships to DANA Corporation at both the Owensboro, KY location and the Stockton, CA location. The the reclamation receivable balances have been broken down by separate Toyotetsu company, by DANA shipping location.

All of our shipping terms with DANA are "FOB Shipping Point", so we're not exactly sure how to provide the DANA receipt date in item (i) from the request letter. We have made a best guess of the receiving date at DANA Corporation. All other items have been downloaded directly from our accounting and shipping records.

Please feel free to contact me personally with any questions, concerns, or requests for clarification.

Best regards,

Greg Cowan
Manager - Accounting & Finance
Toyotetsu America, Inc. (TTAI)
Voice: (606) 274-2807
Fax: (606) 274-2854
Email: gcowan@ttna.com

7/18/2006

A00629

A0629

McDERMOTT WILL & EMERY LLP
James Sullivan (JS-2189)
340 Madison Avenue
New York, NY 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------- x

**In re**                                    : **Chapter 11**
                                             :
**DANA CORPORATION, et al.,**                : **Case No. 06-10354 (BRL)**
                                             :
**Debtors.**                                 : **(Jointly Administered)**
                                             :
---------------------------------------------- x

**OBJECTION OF THE TIMKEN COMPANY TO DEBTORS' NOTICE OF
RECONCILED RECLAMATION CLAIMS UNDER AMENDED FINAL ORDER,
PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019(b): (A) ESTABLISHING PROCEDURES FOR
RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE
DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF**

        The Timken Company ("Timken"), a creditor of debtor Dana Corporation and its debtor

affiliates (the "Debtors"), by and through its undersigned counsel, hereby files this Objection

(the "Objection") to the *Debtors' Notice of Reconciled Reclamation Claims Under Amended*

*Final Order, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and*

*Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving Reclamation Claims*

*Asserted Against the Debtors and (B) granting Certain Related Relief* (the "Debtors'

Reclamation Notice").

        In support of its Objection, Timken respectfully states as follows:

        1.        For the period from January 17, 2006 to March 3, 2006, the Debtors received

products from Timken with a value of no less than $9,029,409.

NYK 1052193-1.064980.0025

2.      On March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      On March 10, 2006, Timken notified the Debtors in writing of Timken's desire to reclaim the goods received by the Debtors from Timken pursuant to section 546 of the Bankruptcy Code (the "Reclamation Demand").

4.      On March 10, 2006, Timken filed a *Notice of Demand for Reclamation* (the "Notice of Reclamation Demand"). (Docket Entry 248.) Attached as Exhibit A to the Notice of Reclamation Demand is a true and correct copy of the Reclamation Demand.

5.      On or about April 24, 2006, the Debtors requested that Timken provide the Debtors with information in an electronic format in order to assist the Debtors in analyzing the reclamation claims. Timken responded to the Debtors' request and provided additional information to the Debtors in support of the Reclamation Demand.

6.      On June 30, 2006, the Debtors filed their Reclamation Notice, establishing an objection deadline of July 31, 2006. On July 12, 2006, the Debtors filed their Notice of Supplemental Service of the Reclamation Notice with respect to certain claimants omitted from the Reclamation Notice, establishing an Omitted Claimants Objection Deadline[1] of August 12, 2006. Thereafter, Timken's counsel verified with Debtors' counsel that Timken's deadline to respond to the Reclamation Notice was August 11, 2006.

7.      In the Reclamation Notice, the Debtors allege that the value of each of Timken's reclamation claims is "$0.00." Timken disputes the Debtors' position for the following reasons.

---

[1] As that term is defined in the Notice of Supplemental Service.

2

NYK 1052193-1.064980.0025

A00631

A0631

## FACTUAL DISPUTES

8.     Timken acknowledges that certain of the invoices identified in the Reclamation

Demand have been paid but the chart attached to the Reclamation Notice does not accurately

reflect the amount of those payments.

9.     In addition, Timken disputes each of the other grounds on which the Debtors seek

to diminish Timken's reclamation claims and hereby requests an opportunity to conduct

discovery so that it can fully and properly respond to the alleged factual basis for the Debtors'

complete denial of Timken's reclamation claims.

10.     According to Timken's records, Timken's remaining reclamation claim is not less

than $3,337,721.[2]

## LEGAL DISPUTES

11.     Timken also disputes the validity of the legal defenses asserted by the Debtors in

denying Timken's reclamation claims, including issues relating to the recent amendments to 11

U.S.C. §546.  The supporting information Timken has provided to the Debtors satisfies the *prima*

*facie* elements of a valid reclamation claim under section 546(c).

### Security Interest Defense

12.     The Reclamation Notice fails to establish that the reclamation claims are invalid

due to the superior rights of the holder of a security interest in the reclaimed goods.  The mere

existence of prepetition liens on the Debtors' inventory does not mean that the reclamation

claims of trade creditors with respect to such inventory are invalid.  In fact, it is very likely that

the Debtors' secured creditors will be paid in full prior to, or in connection with, the

consummation of the Debtors' chapter 11 plan.  Accordingly, it is very likely that the

---

[2] Timken reserves the right to amend this amount following further internal analysis and/or discovery.

3

A00632

A0632

reclamation claims of trade creditors will have value. Thus, the Debtors' allegation that the reclamation claims have no value is frivolous.

Consumption Defense

13.     Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress has created a new federal reclamation right. Former section 546(c) specifically made a trustee's avoidance rights subject to "any statutory or common law right of a seller" that sold goods to the debtor in the ordinary course of business while the debtor was insolvent. Congress has removed the reference to statutory or common law rights. By striking the reference to statutory or common law rights and expressly including a right to reclaim, Congress created a new federal reclamation right that preempts state law reclamation rights with respect to debtors in bankruptcy.

14.     Unlike the old law, which merely incorporated by reference the reclamation rights available under state law, new section 546(c) specifically identifies the defenses available to a debtor, namely that reclamation rights are subject to (i) section 507(c); and (ii) the rights of a holder of a security interest in such goods or the proceeds thereof. As noted above, by striking the reference to statutory or common law rights, new section 546(c) does not recognize defenses that may exist under state law, such as a defense based on the debtors' consumption of the goods prior to issuance of the reclamation demand. Because Congress did not include an explicit recognition of state law rights or defenses, such defenses should not be recognized under new section 546(c).

15.     Timken has asserted its reclamation claims without prejudice to any other rights and remedies that are available to it under the Bankruptcy Code or applicable law—all of which

4

A00633

A0633

are expressly reserved.  Timken further reserves the right to supplement or amend this objection as circumstances avail themselves.

Dated: August 11, 2006                    McDERMOTT WILL & EMERY LLP

                                         By: /s/ James Sullivan
                                             James Sullivan (JS-2189)
                                             340 Madison Avenue
                                             New York, New York  10017
                                             Telephone: (212) 547-5400
                                             Facsimile (212) 547-5444

                                         *Counsel for The Timken Company*

5

A00634

A0634

**EXHIBIT A**

**[Reclamation Order]**

CLI-1425716v8

A00669

A0669

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                             :
In re                        :   Chapter 11
                             :
Dana Corporation, *et al.*,      :   Case No. 06-10354 (BRL)
                             :
              Debtors.     :   (Jointly Administered)
                             :
-----------------------------------------------------x

### AMENDED FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b): (A) ESTABLISHING PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF

        This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105(a), 362 and 546(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), for an Order: (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the Affidavit of Michael J. Burns filed in support of the Debtors' first day papers (the "Affidavit") and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court on March 6, 2006 (collectively, the "Hearing"); the Court having entered its Order granting the Motion on March 6, 2006 (Docket No. 82) (the "Prior Order"), which was subject to the right of the subsequently-appointed Official Committee of Unsecured Creditors (the "Committee") to review and interpose objections; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2),

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

ATI-2217391v3

(c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) in light

of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate

memorandum of law be filed in support of the Motion is waived; and the Committee having

reviewed the Motion and the Prior Order and having agreed with the Debtors on the

modifications set forth in this Order; and the Court having determined that the legal and factual

bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the

relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on the terms set forth herein.  The Prior Order

is amended and superseded in its entirety by this Order.

2.      The Debtors hereby are authorized to resolve all Reclamation Claims in

accordance with the exclusive Reclamation Procedures set forth below, which are hereby

approved and authorized in their entirety:

(a)      Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

(b)      Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand to the Debtors, at 4500 Dorr Street, Toledo, Ohio 43615, to the attention of Donald W. Commons, Esq..  Upon receipt of any written reclamation demand, the Debtors shall serve a copy of this Order upon the Seller at the address indicated in its reclamation demand.  Those parties previously served with a copy of the Prior Order shall be served with a copy of this Order by the Debtors as soon as practicable after the entry of this Order;

(c)      After receipt of all timely reclamation demands and an opportunity to review such demands — including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof — but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors, after consultation with the Committee, shall file a Notice (the "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors believe to be

ATI-2217391v3                                                 -2-

A00671

A0671

valid for each such Reclamation Claim. The Debtors shall provide a draft of the Reclamation Notice that is as complete as is practicable to the Committee ten days prior to filing it with the Bankruptcy Court. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Greg M. Zipes, Esq.); (ii) counsel to the Committee; (iii) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand; and (iv) counsel to the administrative agent (the "Agent") for the Debtors' proposed postpetition lenders;

(d)    If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

(e)    All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein;

(f)    Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection within 30 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(g)    Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate in their sole discretion with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim and the treatment thereof. If the Debtors and a Seller are able to agree on the validity, amount and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on counsel to the Agent, counsel to the Committee, the U.S. Trustee and the Seller subject to the settlement at the addresses set forth in subsection (c) above. The Agent,  the Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection").  Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel, the applicable Seller, counsel to the Agent, counsel to the Committee and the U.S. Trustee within the ten-day objection period;

(h)    If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and

A00672
A0672

treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

(i)    Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim. Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Sellers shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

3.    The foregoing Reclamation Procedures are the sole and exclusive method for the resolution and payment of reclamation claims asserted against the Debtors. All Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims; (b) seeking to obtain possession of any Goods; or (c) interfering with the delivery of any Goods to the Debtors, subject to further order of this Court.

4.    All adversary proceedings and contested matters in these cases asserting Reclamation Claims, whether currently pending or initiated in the future and whether or not

A00673

A0673

joined with other relief, except those proceedings initiated by the Debtors, the Committee or any other party in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein.

     5.    Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims.

Dated: New York, New York
      March 29, 2006

                               /s/Burton R. Lifland
                               UNITED STATES BANKRUPTCY JUDGE

A00674
A0674

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on August 11, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of the accompanying Objection of the Timken Company to Debtors' Notice of Reconciled Reclamation Claims Under Amended Final Order, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief or Service of Pleadings by electronic mail and by first class mail.  The Office of the United States Trustee was served only by first class mail.

Dated: New York, New York
       August 11, 2006

Bonnie S. Schwab

A00635
A0635

## <u>SPECIAL SERVICE LIST</u>

*<u>Debtors:</u>*
Mark S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, OH 43615
corporate.lawdepartment@dana.com

*<u>Counsel to the Debtors:</u>*
Corrine Ball, Esq.
Richard H. Engman, Esq.
JONES DAY
222 East 41st Street
New York, NY 10017
cball@jonesday.com
rengman@jonesday.com

Heather Lennox, Esq.
Carl E. Black, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
hlennox@jonesday.com
ceblack@konesday.com

Jeffrey B. Ellman, Esq.
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jbellman@jonesday.com

*<u>Office of the Unted States Trustee:</u>*
Greg M. Zipes
Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

*<u>Counsel to the Official Committee of Unsecured Creditors:</u>*
Kenneth H. Eckstein, Esq.
Thomas Moers Mayer, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP

1177 Avenue of the Americas
New York, NY 10036
keckstein@kramerlevin.com
tmayer@kramerlevin.com

*Noticing Agent:*
The BMC Group, Inc.
Attn:  Dana Corporation Noticing
P.O. Box 952
El Segundo, CA 90245-0952
dana@bmcgroup.com

*Counsel to Citicorp:*
Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
dbartner@shearman.com

A00637

A0637

**Hearing Date and Time:  October 11, 2006 at 10:00 a.m.**
**Objection Deadline:  October 3, 2006 at 4:00 p.m.**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
Dana Corporation, *et al.,*                                :    Case No. 06-10354 (BRL)
                                                           :
                              Debtors.                     :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION,**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULES 7042 AND 9014, FOR AN ORDER:  (I) BIFURCATING**
**CONSIDERATION OF ISSUES RELATING TO RECLAMATION CLAIMS;**
**(II) ESTABLISHING A BRIEFING SCHEDULE FOR CONSIDERATION OF**
**CERTAIN COMMON ISSUES; AND (III) GRANTING CERTAIN RELATED RELIEF**

CLI-1444658v8

A00638
A0638

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Dana Corporation ("Dana") and 40 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

## General Background

1.     On March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By an order entered on the Petition Date, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On March 10, 2006, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code. On June 27, 2006, the U.S. Trustee appointed an official committee of equity security holders, pursuant to section 1102 of the Bankruptcy Code. On August 31, 2006, the U.S. Trustee appointed an official committee of non-union retired employees, pursuant to section 1114(d) of the Bankruptcy Code and as directed by an order of the Court entered on August 9, 2006 (Docket No. 2773).

3.     Debtor Dakota New York Corp. ("Dakota") is a New York corporation. Debtor Dana is the direct or indirect parent of Dakota and each of the other Debtors. Dana maintains its corporate headquarters in Toledo, Ohio. The Debtors and their nondebtor affiliates (collectively, the "Dana Companies") have over 100 leased and owned domestic business

A00639

A0639

locations and have operations in approximately 25 states, as well as in Mexico, Canada, 11 countries in Europe and 14 countries elsewhere in the world.

4.    The Dana Companies are leading suppliers of modules, systems and components for original equipment manufacturers and service customers in the light, commercial and off-highway vehicle markets.  The products manufactured and supplied by the Dana Companies are used in cars; vans; sport-utility vehicles; light, medium and heavy trucks; and a wide range of off highway vehicles.

5.    As disclosed in Dana's Form 10-K filed on April 27, 2006, for the year ended December 31, 2005, the Dana Companies recorded revenue of approximately $8.7 billion and had assets of approximately $7.4 billion and liabilities totaling $6.8 billion.  As of the Petition Date, the Dana Companies had approximately 44,000 employees.

### Specific Background

6.    On or prior to June 30, 2006, over 450 parties (collectively, the "Reclamation Claimants") sent letters to the Debtors demanding the return of certain previously-shipped goods (collectively, the "Reclaimed Goods") and asserting reclamation claims (each, a "Reclamation Claim") against the Debtors in an aggregate amount of more than $297 million, pursuant to section 546(c) of the Bankruptcy Code.

7.    On March 29, 2006, the Court entered the Amended Final Order, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief (Docket No. 724) (the "Reclamation Order"),[1]

---

[1]    A copy of the Reclamation Order is attached hereto as Exhibit A and incorporated herein by reference.

A00640
A0640

establishing certain procedures (the "Reclamation Procedures") as the sole and exclusive method

for the resolution of Reclamation Claims.

        8.     Pursuant to the Reclamation Procedures, the Debtors were required, on or

before the 120th day after the Petition Date, to file a notice listing the Reclamation Claims and

the Debtors' reconciliation of each such Reclamation Claim (the "Reclamation Notice").

Reclamation Order, ¶ 2(c). The Debtors filed the Reclamation Notice with the Court on

June 30, 2006 (Docket No. 1650).[2]

        9.     The reconciliation of Reclamation Claims described in the Reclamation

Notice involved the assertion of various factual and legal defenses thereto. The Debtors asserted

that various fact-intensive defenses to the Reclamation Claims (collectively, the "Fact-Intensive

Defenses")[3] reduced the aggregate amount of Reclamation Claims acknowledged by the Debtors

as valid (prior to the application of any available legal defenses) from the approximately

$300 million worth of goods initially sought to be reclaimed to approximately $3 million.

        10.    The Debtors also asserted that certain legal defenses to the Reclamation

Claims based upon the existence of prior liens on the goods to be reclaimed (collectively,

the "Prior Lien Defense") rendered all of the Reclamation Claims valueless. Specifically,

---

[2]     A copy of the Reclamation Notice is attached hereto as Exhibit B and incorporated herein by reference.

[3]    . The Fact-Intensive Defenses, explained in detail at paragraph 15 of the Reclamation Notice, include (without limitation) reductions to Reclamation Claims attributable to: (a) agreements between the Debtors and a Reclamation Claimant providing for the withdrawal or reduction of the Reclamation Claim; (b) the untimeliness of a Reclamation Claimant's demand letter; (c) a Reclamation Claimant's failure to adequately identify invoices corresponding to the goods reclaimed; (d) the Debtors' payment of the invoices underlying a Reclamation Claim; (e) the Debtors' consumption, alteration or modification of the goods reclaimed; (f) the Debtors' receipt of the reclaimed goods outside the 45-day period within which reclaimed goods must have been delivered to the Debtors pursuant to section 546(c) of the Bankruptcy Code; (g) reclaimed goods having been shipped to a non-Debtor party; (h) the Reclamation Claim having asserted amounts unrelated to goods delivered to the Debtors; and (i) any variance between the amount of a Reclamation Claim asserted in a Reclamation Claimant's initial demand letter and the amount asserted in later submissions of certain information in electronic spreadsheet format in support of the Reclamation Claim. The Debtors reserve the right, with respect to any litigation concerning the validity of any individual Reclamation Claim, to require the Reclamation Claimant to prove its *prima facie* case, all of which is encompassed within the definition of Fact-Intensive Defenses as used herein.

A00641
A00641

the Debtors explained in the Reclamation Notice that courts in this District have ruled, consistent

with the provisions of the Bankruptcy Code, that reclamation claims are rendered valueless

where such claims are subject to the superior rights of a holder of a security interest in the

reclaimed goods. See, e.g., In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128, 134-36

(Bankr. S.D.N.Y. 2003) (holding that reclamation claims were without value in light of a secured

lender's prior floating lien on the debtor's inventory); see also 11 U.S.C. § 546(c) (expressly

subjecting a seller's right to reclaim goods to "the prior rights of a holder of a security interest in

such goods or the proceeds thereof . . . ."). As described in further detail below, the Reclamation

Claims in the Debtors' chapter 11 cases similarly are subject to prior security interests that render

them valueless. Accordingly, after application of both the Fact-Intensive Defenses and the Prior

Lien Defense, the reconciled total of each Reclamation Claim is identified in the Reclamation

Notice as $0.00.[4]

    11.  The Reclamation Notice informed the Reclamation Claimants of their

right and opportunity to object to the proposed treatment of their respective Reclamation Claims

within 30 days of service of the Reclamation Notice.[5] To date, approximately 132 Reclamation

---

[4] Because the Prior Lien Defense serves as a threshold defense — rendering the Reclamation Claims valueless regardless of their potential *prima facie* validity — the Debtors did not evaluate all of their available Fact-Intensive Defenses in detail unless a Reclamation Claimant provided the Debtors with information supporting its Reclamation Claim in a requested electronic format to assist in the review process. Without access to this information in an electronic format, a manual review of each Reclamation Claim would have be exceptionally time-consuming and wasteful of the Debtors' limited resources. The devotion of such resources is not appropriate, in the Debtors' view, unless and until the threshold Prior Lien Defense is determined not to apply. In all cases, the Debtors reserve their rights to assert any and all defenses to a Reclamation Claim in any litigation of such claim, including any defenses based on information obtained though discovery.

[5] On July 12, 2006, the Debtors filed a Notice of Supplemental Service of Debtors' Notice of Reconciled Reclamation Claims Under Amended Final Order, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief (Docket No. 1808) (the "Notice of Supplemental Service"), correcting a clerical error that led to certain Reclamation Claimants being inadvertently omitted from the Debtors' initial service of the Reclamation Notice (collectively, the "Omitted Claimants"). Consistent with paragraph 2(e) of the Reclamation Order, the Omitted

A00642
A0642

Claimants (collectively, the "Objecting Claimants") have filed objections to the Reclamation

Notice (collectively, the "Reclamation Objections").[6] Approximately 320 Reclamation

Claimants did not object to the Debtors' reconciliation of their Reclamation Claims and, pursuant

to paragraph 2(f) of the Reclamation Order, each such claim is deemed finally allowed in the

amount of $0.00. The Reclamation Claims of the Objecting Claimants are referred to herein

collectively as the "Remaining Reclamation Claims."

## Jurisdiction

12.    This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

13.    Pursuant to section 105(a) of the Bankruptcy Code and Rules 7042 and

9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors

seek the entry of an order: (a) bifurcating the Court's consideration of (i) the Prior Lien Defense

and (ii) the other aspects of the Remaining Reclamation Claims, including each claimant's *prima*

*facie* case in support of its Remaining Reclamation Claim, the application of other Fact-Intensive

Defenses and any other issues raised in the Reclamation Objections; (b) establishing a briefing

schedule (the "Briefing Schedule") governing the consolidated litigation of the Prior Lien

---

(continued...)

Claimants were allowed until August 12, 2006 — 30 days from the date of service of the Notice of Supplemental Service — to object to the Reclamation Notice.

[6]    The Debtors have agreed with two Reclamation Claimants to extend the deadline for such claimants to object to the Reclamation Notice to a date that has not yet passed. No extension to the objection deadline has been, or will be, granted beyond October 2, 2006. Accordingly, the aggregate number of objections to the Reclamation Notice may increase slightly after the filing of this Motion. All additional parties filing timely objections to the Reclamation Notice will be considered to be Objecting Claimants and the objections of these parties will be considered Reclamation Objections, as those terms are used herein.

A00643
A0643

Defense with respect to all of the Remaining Reclamation Claims; and (c) only if necessary after the Court's determination of the Prior Lien Defense (i.e., if the Debtors do not prevail in whole on the Prior Lien Defense and the applicable claims are not otherwise resolved consensually), setting a date or dates for one or more conferences (each, a "Scheduling Conference") regarding the litigation of the Remaining Reclamation Claims, including establishing discovery guidelines, pretrial hearing dates, necessary briefing schedules and the scheduling of evidentiary hearings on each of the Remaining Reclamation Claims.

### Basis for Relief Requested

14.    By this Motion, the Debtors propose that the Court utilize its powers under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules to establish an orderly process for the litigation of the Remaining Reclamation Claims of the Objecting Claimants. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.  Bankruptcy Rule 7042(b), made applicable to contested matters by Bankruptcy Rule 9014(c), provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of ... any separate issue...."

***Bifurcation of the Fact-Intensive Defenses and the Prior Lien Defense***

15.    To promote the expeditious and efficient resolution of disputes related to the Debtors' reconciliation of the Remaining Reclamation Claims, the Debtors submit that it is appropriate to bifurcate issues relating to the Prior Lien Defense (which is a common legal defense to all of the Remaining Reclamation Claims) and the Fact-Intensive Defenses and other issues (which are unique to each Remaining Reclamation Claim).  As such, the Debtors further

A00644
A0644

submit that the Prior Lien Defense should be determined by the Court prior to any litigation of

the Fact-Intensive Defenses or any other issues relating to the Remaining Reclamation Claims.

16.    As described in the Reclamation Notice, the Debtors believe that the Prior

Lien Defense presents a generally applicable, threshold defense to the validity of each

Reclamation Claim. Specifically, the Debtors have determined that approximately $377 million

of their outstanding prepetition indebtedness was secured by liens on substantially all of their

assets, including liens on the Reclaimed Goods. This prepetition indebtedness was satisfied by

the proceeds of a debtor in possession financing facility, which itself was secured by

substantially identical liens. In the Debtors' view, following the analysis in In re Dairy Mart

Convenience Stores, Inc. and the express terms of section 546(c) of the Bankruptcy Code, the

existence and satisfaction of these prior liens on the Reclaimed Goods renders otherwise valid

Reclamation Claims valueless and entitled to only general unsecured claim status. Many of the

Objecting Claimants have expressed a contrary view of the law of this District in the

Reclamation Objections.

17.    If the Court agrees with the Dairy Mart court's analysis and determines

that the Prior Lien Defense is applicable here, further litigation of the Fact-Intensive Defenses

and any other issues relating to the Remaining Reclamation Claims would be rendered

unnecessary since a ruling in favor of the Debtors would render all of the Remaining

Reclamation Claims valueless. Moreover, the Prior Lien Defense does not depend upon facts

specific to each Objecting Claimant, but instead depends upon a set of common facts relating to

the Debtors' prepetition and postpetition financing arrangements.[7] Thus, litigation of the

---

[7]    In addition, the relevant facts relating to these issues already have been determined in prior rulings of this Court. Specifically, in the Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e) and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 and (B) Utilize Cash Collateral Pursuant to 11 U.S.C.

A00645

A0645

generally applicable Prior Lien Defense prior to any litigation of the Fact-Intensive Defenses or other issues would preserve the resources of the Debtors, the Objecting Claimants and the Court, while potentially obviating the need for the piecemeal and heavily fact-intensive litigation of the more than 130 individual Remaining Reclamation Claims (requiring discovery, briefing and evidentiary hearings).

      18.    Accordingly, the litigation of the Prior Lien Defense in advance of the litigation of the Fact-Intensive Defenses and any other issues (if necessary) promotes the goals of convenience, expedition and economy referenced by Bankruptcy Rule 7042(b), and the Court should bifurcate their adjudication as requested herein. To this end, the Debtors further request that any and all litigation (including discovery) related to the Fact-Intensive Defenses shall be stayed and postponed until after the Court (a) has ruled on the applicability of the Debtors' Prior Lien Defense to the Remaining Reclamation Claims and (b) has conducted the Scheduling Conferences described below.

### *The Briefing Schedule*

      19.    The Debtors further request that the following Briefing Schedule be established for the litigation of the Prior Lien Defense:

- The Debtors' initial brief (the "Initial Brief") in support of the Prior Lien Defense to the Remaining Reclamation Claims will be filed with the Court and served on all necessary parties no later than Monday, October 23, 2006 at 4:00 p.m., Eastern Time.

- All briefs in response to the Initial Brief (collectively, the "Responsive Briefs") must be filed with the Court by Objecting Claimants that wish to

---

(continued...)

§ 363, and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (Docket No. 721), the Court determined that the Debtors' prepetition lenders held a valid and enforceable lien upon personal property of the Debtors, including, but not limited to, the goods received from each Objecting Claimant. These findings are binding on the Debtors and the Objecting Claimants.

A00646

A0646

file further papers in response to the Initial Brief[8] and served on all necessary parties no later than Tuesday, November 7, 2006 at 4:00 p.m., Eastern Time.

- The Debtors' reply to the Responsive Briefs (the "<u>Reply Brief</u>") must be filed with the Court and served on all necessary parties no later than Wednesday, November 22, 2006 at 4:00 p.m., Eastern Time.

20.    The Debtors further request that a hearing at which all interested parties may be heard with respect to the Debtors' asserted Prior Lien Defense be scheduled to be conducted before the Court on November 29, 2006 at 10:00 a.m., Eastern Time — the date of a previously scheduled omnibus hearing in these chapter 11 cases — or at such other later date as may be established by the Court.

***Scheduling Conferences***

21.    If and to the extent that the Debtors do not prevail with respect to the Prior Lien Defense, the Debtors and the Objecting Claimants likely will have to litigate the merits of the Remaining Reclamation Claims, including the *prima facie* case for each such claim and the other relevant Fact-Intensive Defenses.  If and when such litigation becomes necessary, the Debtors further request that the Court establish one or more scheduling conferences (collectively, the "<u>Scheduling Conferences</u>"), at which the Court would establish the parameters for the separate litigation of each of the Remaining Reclamation Claims, including by establishing discovery guidelines, pretrial hearing dates, necessary briefing schedules and evidentiary hearing dates for each of the Remaining Reclamation Claims.  If the Court determines that the Prior Lien Defense asserted by the Debtors *are* applicable to the Remaining Reclamation Claims and render such claims valueless, the Scheduling Conferences would not be necessary.

---

8       Regardless of whether a particular Objecting Claimant files a Responsive Brief, the Court's ruling on the Prior Lien Defense will apply to all of the Objecting Claimants.

A00647

A0647

## Memorandum of Law

22.     This Motion includes citations to the applicable authorities and does not raise any novel issues of law.  Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted.

## Notice

23.     Pursuant to the Amended Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 574) (the "Case Management Order"), entered on March 23, 2006, notice of this Motion has been given to (a) the parties identified on the Special Service List and the General Service List (as such terms are defined in the Case Management Order) and (b) counsel to the Objecting Claimants.  The Debtors submit that no other or further notice need be provided.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any other Court.

A00648

A0648

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order substantially in the form attached hereto as Exhibit C, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  September 20, 2006
        New York, New York

Respectfully submitted,

___s/Corinne Ball_____
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Jeffrey B. Ellman (JE 5638)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

A00649
A0649

**EXHIBIT A**

A00650
A0650

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------x----------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
Dana Corporation, *et al.*,                         :    Case No. 06-10354 (BRL)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
----------------------------------------------------x

### AMENDED FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b): (A) ESTABLISHING PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion of Debtors and Debtors in

Possession, Pursuant to Sections 105(a), 362 and 546(a) of the Bankruptcy Code and Bankruptcy

Rule 9019(b), for an Order: (A) Establishing Procedures for Resolving Reclamation Claims

Asserted Against the Debtors and (B) Granting Certain Related Relief (the "Motion"),[1] filed by

the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors");

the Court having reviewed the Motion and the Affidavit of Michael J. Burns filed in support of

the Debtors' first day papers (the "Affidavit") and having considered the statements of counsel

and evidence adduced with respect to the Motion at a hearing before the Court on March 6, 2006

(collectively, the "Hearing"); the Court having entered its Order granting the Motion on March 6,

2006 (Docket No. 82) (the "Prior Order"), which was subject to the right of the subsequently-

appointed Official Committee of Unsecured Creditors (the "Committee") to review and interpose

objections; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2),

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

ATI-2217391v3

(c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) in light

of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate

memorandum of law be filed in support of the Motion is waived; and the Committee having

reviewed the Motion and the Prior Order and having agreed with the Debtors on the

modifications set forth in this Order; and the Court having determined that the legal and factual

bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the

relief granted herein;

            IT IS HEREBY ORDERED THAT:

            1.      The Motion is GRANTED on the terms set forth herein.  The Prior Order

is amended and superseded in its entirety by this Order.

            2.      The Debtors hereby are authorized to resolve all Reclamation Claims in

accordance with the exclusive Reclamation Procedures set forth below, which are hereby

approved and authorized in their entirety:

            (a)      Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

            (b)      Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand to the Debtors, at 4500 Dorr Street, Toledo, Ohio  43615, to the attention of Donald W. Commons, Esq..  Upon receipt of any written reclamation demand, the Debtors shall serve a copy of this Order upon the Seller at the address indicated in its reclamation demand. Those parties previously served with a copy of the Prior Order shall be served with a copy of this Order by the Debtors as soon as practicable after the entry of this Order;

            (c)      After receipt of all timely reclamation demands and an opportunity to review such demands — including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof — but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors, after consultation with the Committee, shall file a Notice (the "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors believe to be

A00652

A0652

valid for each such Reclamation Claim. The Debtors shall provide a draft of the Reclamation Notice that is as complete as is practicable to the Committee ten days prior to filing it with the Bankruptcy Court. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Greg M. Zipes, Esq.); (ii) counsel to the Committee; (iii) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand; and (iv) counsel to the administrative agent (the "Agent") for the Debtors' proposed postpetition lenders;

(d) If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

(e) All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein;

(f) Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection within 30 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(g) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate in their sole discretion with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim and the treatment thereof. If the Debtors and a Seller are able to agree on the validity, amount and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on counsel to the Agent, counsel to the Committee, the U.S. Trustee and the Seller subject to the settlement at the addresses set forth in subsection (c) above. The Agent, the Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel, the applicable Seller, counsel to the Agent, counsel to the Committee and the U.S. Trustee within the ten-day objection period;

(h) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and

A00653

A0653

treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

(i)     Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim. Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Sellers shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

3.     The foregoing Reclamation Procedures are the sole and exclusive method for the resolution and payment of reclamation claims asserted against the Debtors. All Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims; (b) seeking to obtain possession of any Goods; or (c) interfering with the delivery of any Goods to the Debtors, subject to further order of this Court.

4.     All adversary proceedings and contested matters in these cases asserting Reclamation Claims, whether currently pending or initiated in the future and whether or not

A00654

A0654

joined with other relief, except those proceedings initiated by the Debtors, the Committee or any other party in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein.

      5.    Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims.

Dated: New York, New York
      March 29, 2006

                                   /s/Burton R. Lifland
                                   UNITED STATES BANKRUPTCY JUDGE

A00655

A0655

**EXHIBIT B**

CLI-1444658v8

A00656

A0656

**Hearing Date: N/A**
**Objection Deadline: July 31, 2006 at 4:00 p.m**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
 and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Dana Corporation, *et al.*,               :    Case No. 06-10354 (BRL)
                                          :
            Debtors.                      :    (Jointly Administered)
                                          :
-------------------------------------------------------------x

**DEBTORS' NOTICE OF RECONCILED RECLAMATION**
**CLAIMS UNDER AMENDED FINAL ORDER, PURSUANT**
**TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019(b): (A) ESTABLISHING**
**PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED**
**AGAINST THE DEBTORS AND (B) GRANTING CERTAIN RELATED RELIEF**

CLI-1425716v8

16~50

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Dana Corporation ("Dana") and 40 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Background

1.     On March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By an order entered on the Petition Date, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On March 10, 2006, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code.  On June 27, 2006, the U.S. Trustee appointed an official committee of equity holders, pursuant to section 1102 of the Bankruptcy Code.

3.     Debtor Dakota New York Corp. ("Dakota") is a New York corporation. Debtor Dana is the direct or indirect parent of Dakota and each of the other Debtors.  Dana maintains its corporate headquarters in Toledo, Ohio.  The Debtors and their nondebtor affiliates (collectively, the "Dana Companies") have over 100 leased and owned domestic business locations and have operations in approximately 25 states, as well as in Mexico, Canada, 11 countries in Europe and 14 countries elsewhere in the world.

A00658
A0658

4.    The Dana Companies are leading suppliers of modules, systems and components for original equipment manufacturers and service customers in the light, commercial and off-highway vehicle markets.  The products manufactured and supplied by the Dana Companies are used in cars; vans; sport-utility vehicles; light, medium and heavy trucks; and a wide range of off highway vehicles.

5.    As disclosed in Dana's Form 10-K filed on April 27, 2006, for the year ended December 31, 2005, the Dana Companies recorded revenue of approximately $8.7 billion and had assets of approximately $7.4 billion and liabilities totaling $6.8 billion.  As of the Petition Date, the Dana Companies had approximately 44,000 employees.

### The Reclamation Order and the Report Requirement

6.    On March 29, 2006, the Court entered the Amended Final Order, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief (Docket No. 724) (the "Reclamation Order"), establishing certain procedures (the "Reclamation Procedures") as the sole and exclusive method for the resolution of reclamation claims (each, a "Reclamation Claim") against the Debtors.[1]

7.    Pursuant to the Reclamation Procedures, the Debtors are required, on or before the 120th day after the Petition Date (i.e., by July 3, 2006), to file a notice listing the Reclamation Claims and the amount, if any, that the Debtors believe to be valid for each such Reclamation Claim (the "Reclamation Notice").  Reclamation Order, ¶ 2(c).  This pleading constitutes the Reclamation Notice required under the Reclamation Order.

---

[1]    A copy of the Reclamation Order is attached hereto as Exhibit A and incorporated herein by reference.

A00659
A0659

**Report**

8.      On or prior to the date of this Reclamation Notice, over 450 parties

(collectively, the "<u>Reclamation Claimants</u>") sent reclamation letters (collectively, the "<u>Demand</u>

<u>Letters</u>") to the Debtors demanding the return of certain goods previously shipped to the Debtors

pursuant to section 546(c) of the Bankruptcy Code and/or section 2-702 of the Uniform

Commercial Code.  Following receipt of the Demand Letters, the Debtors organized these

demands and initiated a comprehensive review of the Reclamation Claims.  Because the Demand

Letters seek reclamation of goods covered by literally tens of thousands (if not hundreds of

thousands) of invoices totaling in excess of $275 million, the review and analysis of the

Reclamation Claims constituted a significant and time-consuming project.

9.      On April 24, 2006, to assist in the Debtors' review of the thousands of

reclamation invoices, the Debtors' counsel sent a letter (the "<u>First Request</u>") to each of the

Reclamation Claimants requesting that the Reclamation Claimants provide the Debtors with

certain information in electronic spreadsheet format in support of their Reclamation Claims

(the "<u>Supporting Information</u>").  Although some of the Supporting Information may have been

contained in the Demand Letters, the Debtors believed that the reconciliation of all of the

Reclamation Claims without the cooperation of the Reclamation Claimants by providing this

information in electronic format was not practical in the time periods established by the

Reclamation Order.  On June 2, 2006, counsel to the Debtors sent a second letter to those

Reclamation Claimants who either had not responded to the First Request or had not provided

the Supporting Information in the requested format.  The Debtors requested the Supporting

Information to assist them in (a) evaluating the thousands of invoices comprising the

Reclamation Claims, (b) preparing this Reclamation Notice and (c) developing potential

proposals to resolve the Reclamation Claims.

A00660

A0660

10.    Based on the Debtors' review of the Demand Letters, the Supporting Information provided and their books and records, and an analysis of applicable law, the Debtors prepared a chart (the "Claim Summary Chart") identifying all asserted Reclamation Claims and the amount, if any, that the Debtors believe to be valid for each such Reclamation Claim (as required by paragraph 2(c) of the Reclamation Order). The Claim Summary Chart is attached hereto as Exhibit B and incorporated herein by reference.

**_The Reclamation Claims Are Invalid to the Extent That_**
**_They Do Not Establish the Prima Facie Elements of a_**
**_Valid Reclamation Claim or Are Subject to a Valid Legal Defense_**

11.    The Reclamation Order requires that "any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation." Reclamation Order, ¶ 2(a). Each Reclamation Claimant bears the burden of establishing, by a preponderance of the evidence and as a threshold matter, each element of a reclamation claim under section 546(c) of the Bankruptcy Code.[2] See, e.g., In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128, 133 (Bankr. S.D.N.Y. 2003) (stating that "[t]he reclaiming seller has the burden of establishing each element of § 546(c) by a preponderance of the evidence."); Galey & Lord, Inc. v. Arley Corp. (In re Arleo, Inc.), 239 B.R. 261, 266 (Bankr. S.D.N.Y. 1999) (same).

---

[2]    Section 546(c) of the Bankruptcy Code provides that, subject to certain exceptions:

> the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods ... not later than 45 days after the date of receipt of such goods by the debtor; or ... not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c).

A00661
A0661

12.    The *prima facie* elements of a valid reclamation claim under

section 546(c) of the Bankruptcy Code, at a minimum, are as follows:  (a) the reclaimed goods

were shipped in the ordinary course of the seller's business; (b) the buyer of the reclaimed goods

was insolvent at the time it received such goods; (c) the buyer received the reclaimed goods

within the 45 day period prior to the commencement of the bankruptcy case; and (d) the seller

made an adequate written reclamation demand within 45 days of the buyer's receipt of the

reclaimed goods (or within 20 days of the commencement of the case if the 45-day period

expired after the commencement of the buyer's bankruptcy case).  11 U.S.C. § 546(c); <u>see</u> <u>also</u>,

<u>e.g.</u>, <u>Dairy Mart</u>, 302 B.R. at 133; <u>Arlco</u>, 239 B.R. at 266; <u>In re Child World, Inc.</u>, 145 B.R. 5, 7

(Bankr. S.D.N.Y. 1992).[3]

13.    Courts have further acknowledged the debtor's possession of the reclaimed

goods at the time the demand is received as "an implicit requirement of a § 546(c) reclamation

claim . . . ."  <u>Arlco</u>, 239 B.R. at 266 (quoting <u>Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re</u>

<u>Rawson Food Serv., Inc.)</u>, 846 F.2d 1343, 1344 (11th Cir. 1988)); <u>see also</u> <u>In re Adventist Living</u>

<u>Ctrs., Inc.</u>, 52 F.3d 159, 162 (7th Cir. 1995) (noting that the *prima facie* elements of valid

reclamation claims are "fairly stringent" and include the debtor's possession of the goods at the

time the demand is received).  Reclaimed goods must be identifiable at the time the seller's

reclamation demand is received by the debtor.  <u>See</u>, <u>e.g.</u>, <u>Arlco</u>, 239 B.R. at 266-67 (stating that

"to be subject to reclamation, goods must be identifiable and cannot have been processed into

other products....  if the goods are not identifiable, the debtor could not identify or extract the

goods to return them to the reclaiming seller.").

---

[3]    The Debtors reserve the right to argue that additional elements must be proven to establish a *prima facie*
case under the current formulation of section 546(c) of the Bankruptcy Code.

A00662

A0662

14.    Finally, courts in this District have ruled, consistent with the provisions of

the Bankruptcy Code, that reclamation claims may be invalid where such claims are subject to

the superior rights of a holder of a security interest in the reclaimed goods. <u>See, e.g., Dairy Mart</u>,

302 B.R. at 134-36 (holding that reclamation claims were without value in light of a secured

lender's prior floating lien on the debtor's inventory); <u>see also</u> 11 U.S.C. § 546(c) (expressly

subjecting a seller's right to reclaim goods to "the prior rights of a holder of a security interest in

such goods or the proceeds thereof....").

***The Debtors' Reconciliation and Analysis of the***
***Reclamation Claims Is Set Forth in the Claim Summary Chart***

15.    The Claim Summary Chart includes information related to the foregoing

elements of a *prima facie* reclamation claim and other factual and legal bases for the reduction or

disallowance of the Reclamation Claims. Each column of the Claim Summary Chart either:

(a) provides basic or summary information about the Reclamation Claims and the Debtors'

reconciliation of those claims or (b) explains the bases for the Debtors' reduction in the amount

of the Reclamation Claims. The following is a short description of each column of the Claim

Summary Chart:

- The column labeled "Claimant" sets forth the name of the Reclamation Claimant.

- The column labeled "Letter Assertion Amount" sets forth the amount of the claim asserted in the Reclamation Claimant's Demand Letter.

- The column labeled "Electronic Demand Amount" sets forth the amount of the claim identified in the Supporting Information provided by the Reclamation Claimant, if any.

- Where the Supporting Information submitted by a Reclamation Claimant asserted an amount for the Reclamation Claim that differed from the amount asserted in the Demand Letter, the Debtors relied on the Supporting Information as the amount validated by the Reclamation Claimants. To the extent that a Reclamation Claimant did not provide the Debtors with the requested Supporting Information in time for the Debtors to review a Reclamation Claim, the Debtors were unable to complete an invoice-by-invoice review of the Reclamation Claim and treated the Reclamation

A00663

A0663

Claimant as having failed to meet its burden to establish a *prima facie* case for the validity of the claim. The extent to which a Reclamation Claim was reduced for these reasons is set forth in the column labeled "Variance: Letter vs. Electronic"

- For certain Reclamation Claims, the Debtors and the Reclamation Claimant have reached an agreement providing for the withdrawal or reduction of the Reclamation Claim[4] prior to the date of this Reclamation Notice. The extent to which a Reclamation Claim has been withdrawn or reduced by agreement is set forth in the column labeled "Agreement Reached Adjustment."

- In some cases, the Demand Letter was untimely. The extent to which a Reclamation Claim has been reduced for this reason is set forth in the column labeled "Untimely Claim Adjustment."

- In some cases, Reclamation Claimants have failed to identify invoices corresponding to the reclaimed goods at issue. Accordingly, the Debtors were unable to determine if the amounts sought were valid and outstanding or if they were paid or otherwise objectionable. Likewise, without invoice data, the Debtors were unable to determine if the goods were in the Debtors' possession when the applicable Reclamation Demand was received or, instead, whether the goods at issue were consumed, altered or modified. The extent to which a Reclamation Claim has been reduced for this reason is set forth in the column labeled "Invoice Not Identified."

- In some cases, the Debtors have paid certain of the invoices included in a Reclamation Demand. These amounts are identified in the column labeled "Invoice Paid."

- In some cases, the reclaimed goods at issue (a) had been consumed, altered or modified by the Debtors in the course of their operations prior to the Debtors' receipt of the Demand Letter and (b) therefore were no longer identifiable and available for reclamation.[5] The extent to which a Reclamation Claim has been reduced for this reason is set forth in the column labeled "Inventory Consumed."

- Certain Reclamation Claims are invalid to the extent that the reclaimed goods were not received by the Debtors within the 45-day period prior to the Petition Date. The extent to which a Reclamation Claim has been reduced for this reason is set forth in the column labeled "Not Received in Reclam. Period."

---

[4]    See Reclamation Order, at ¶ 2(g) ("[T]he Debtors are authorized, but not required, to negotiate in their sole discretion with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim and the treatment thereof.").

[5]    In those cases where a Reclamation Claimant's Demand Letter or Supporting Information did not specify a part number corresponding to a part on hand during the relevant period of time based on the Debtors' books and records, the Debtors have assumed that such goods were consumed in the course of the Debtors' operations.

A00664

A0664

- Some Reclamation Claims identify goods that have been shipped to a non-debtor party and, therefore, are not subject to reclamation from the Debtors. The extent to which a Reclamation Claim has been reduced for this reason is set forth in the column labeled "Shipped to Non-Debtor."

- Some Reclamation Claims have asserted amounts unrelated to goods delivered to the Debtors. For example, some Reclamation Claims asserted amounts for services (rather than goods) provided to the Debtors or shipping charges and/or surcharges. Because only goods may be reclaimed, amounts of services performed are not valid Reclamation Claims. See, e.g., In re Diversified Food Serv. Distribs., Inc., 130 B.R. 427, 430 (Bankr. S.D.N.Y. 1991) (noting that section 546(c) of the Bankruptcy Code and section 2-702 of the Uniform Commercial Code "speak[ ] only of reclaiming goods....") (emphasis in original). In addition, in some cases, Reclamation Claimants have failed to identify the goods proposed to be reclaimed (by part number or otherwise) (collectively, the "Unidentified Goods"). The Debtors have assumed that the portion of any Reclamation Claim relating to such Unidentified Goods is not valid because no reclaimable goods have been identified. See, e.g., Conoco, Inc. v. Braniff, Inc. (In re Braniff, Inc.), 113 B.R. 745, 752 (Bankr. M.D. Fla. 1990) (holding that, to be sufficient as a matter of law, a reclamation demand "must identify the goods as to which reclamation is sought...."). The extent to which a Reclamation Claim has been reduced for these reasons is set forth in the column labeled "Not Reclaimable Good."

- The column labeled "Amount Disallowed" sets forth the aggregate amount by which the Debtors believe the Reclamation Claim should be reduced based upon the various defenses to a Reclamation Claim described above and before accounting for other legal defenses.

- The column labeled "Validated Claim Before Legal Adjust." sets forth the amount of the Reclamation Claim that the Debtors believe may be valid before applying certain available legal defenses.

- After arriving at the amounts for each Reclamation Claim set forth in the column labeled "Validated Claim Before Legal Adjust.," the Debtors reviewed their available legal defenses to the Reclamation Claims. In doing so, the Debtors determined that approximately $377 million of the Debtors' outstanding prepetition indebtedness was secured by a prepetition floating lien on the Debtors' inventory (which indebtedness was satisfied by the proceeds of a debtor in possession financing facility secured by a floating lien on the same inventory). This inventory included the goods subject to the Reclamation Claims. Accordingly, the Debtors, following the analysis in Dairy Mart and the terms of section 546(c) of the Bankruptcy Code, concluded that the existence and satisfaction of this prior lien rendered any otherwise valid portion of the Reclamation Claims valueless. In addition to this defense, the Debtors determined that other legal defenses may be applicable. The extent to which a Reclamation Claim has been reduced in light of this or other legal defenses is set forth in the column labeled "Legal Defense Adjustment."

A00665

A0665

- The column labeled "Valid Reclamation Claim" sets forth the amount of the Reclamation Claim that the Debtors believe is valid based on all of the analyses described above. As a result of various legal defenses, the valid claim amount identified for each Reclamation Claim is $0.00.

***Debtors' Reservation of Rights and Defenses***

16.    The various reductions of, and adjustments to, the Reclamation Claims set forth on the Claim Summary Chart (and as described in detail above) represent the Debtors' preliminary analysis of the Supporting Information received by Reclamation Claimants and the tens of thousands of invoices underlying such claims. The Debtors hereby reserve all rights to supplement or amend the Claim Summary Chart based upon their further (a) review of information already received from, or additional information supplied by, the Reclamation Claimants or (b) discussions and/or negotiations with the Reclamation Claimants with respect to the possible amendment, resolution or withdrawal of their Reclamation Claims. Moreover, the Debtors reserve the right to assert all available legal and factual defenses of any nature to each Reclamation Claim at any time (including, but not limited to, the eventual litigation of any Reclamation Claim), regardless of whether information relating to any such defense is set forth on the Claim Summary Chart.

***Procedures for Objecting to This Reclamation Notice
and the Proposed Treatment of Reclamation Claims***

17.    All Reclamation Claimants have the right and opportunity to object to the treatment of their respective Reclamation Claims proposed on the Claim Summary Chart and herein. Reclamation Order, ¶ 2(e). Objections, if any, must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court Southern District of New York and be filed with the Bankruptcy Court and served in accordance with the Amended Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures in

CLI-1425716v8                              -10-

A00666

A0666

these cases (Docket No. 574) (the "Case Management Order") so as to be actually received by the Debtors and the other parties entitled to service not later than July 31, 2006 at 4:00 p.m., New York City Time (the "Objection Deadline"). Any Reclamation Claim included in this Reclamation Notice that is not the subject of an objection timely filed and served prior to the Objection Deadline shall be deemed finally established in the amount identified on the Claim Summary Chart. Reclamation Order, ¶ 2(f).

18.    If a Reclamation Claimant timely and properly objects to the Debtors' proposed treatment of its Reclamation Claim, the Debtors are authorized to negotiate with the Reclamation Claimant to seek an agreement resolving its Reclamation Claim, as described in the Reclamation Order. If no such settlement is reached, the Debtors may file a motion requesting that the Court to resolve the objection.

**Notice**

19.    Pursuant to the Reclamation Order and the Case Management Order, this Reclamation Notice has been served on (a) the parties identified on the Special Service List and

A00667

A0667

the General Service List (as such terms are defined in the Case Management Order) and (b) the

Reclamation Claimants.  The Debtors submit that no other or further notice need be provided.

Dated:  June 30, 2006                               Respectfully submitted,
        New York, New York


                                                    s/Corinne Ball
                                                    Corinne Ball (CB 8203)
                                                    Richard H. Engman (RE 7861)
                                                    JONES DAY
                                                    222 East 41st Street
                                                    New York, New York  10017
                                                    Telephone:  (212) 326-3939
                                                    Facsimile:  (212) 755-7306

                                                    Heather Lennox (HL 3046)
                                                    Carl E. Black (CB 4803)
                                                    Ryan T. Routh (RR 1994)
                                                    JONES DAY
                                                    North Point
                                                    901 Lakeside Avenue
                                                    Cleveland, Ohio  44114
                                                    Telephone:  (216) 586-3939
                                                    Facsimile:  (216) 579-0212

                                                    Jeffrey B. Ellman (JE 5638)
                                                    JONES DAY
                                                    1420 Peachtree Street, N.E.
                                                    Suite 800
                                                    Atlanta, Georgia  30309-3053
                                                    Telephone:  (404) 521-3939
                                                    Facsimile:  (404) 581-8330

                                                    ATTORNEYS FOR DEBTORS
                                                    AND DEBTORS IN POSSESSION

CLI-1425716v8                        -12-

A00668
A0668