**SUMMARY OF DISCOVERY REQUESTS SERVED BY RECLAMATION CLAIMANTS IN
RESPONSE TO DEBTORS' INITIAL BRIEF IN SUPPORT OF LEGAL DEFENSES TO RECLAMATION CLAIMS**

Identification Key:    AH = Air Hydro Power, Inc.; ALL = Allegheny Ludlum Corp.; BM = Berlin Metals, LLC;
BT = Bronson Precision Products & Tri-Star Engineering, Inc. (identical requests); DD = Daido Metal
Bellefontaine LLC; DM = Dell Marketing, L.P.; EH = Emhart Teknologies, Inc. & Hydro Aluminum
Precision Tubing North America, LLC (identical requests); NU = Nucor Tuscaloosa; OS = Osram
Sylvania Products, Inc.; SH = Shaw Industries, Inc.; TK = The Timken Corporation; TT = Toyota
Tsusho America, Inc.; TA = Toyotetsu America, Inc. & Toyotetsu Mid America, Inc. (same request).

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| **1. BACKGROUND QUESTIONS / QUESTIONS ABOUT RECLAMATION PROCESS** | | |
| • Requests seeking agreements or documents or information regarding the relationship between Debtors and specific Reclamation Claimants.<br><br>• For example, were goods still in Debtors' possession when served with Reclamation Claim? | • AH 1<br>• BT 7<br>• BT 8<br>• DM 7, DM RFP 2/3<br>• TA 1<br>• TK 1<br>• TK RFP 2<br>• TK RFP 4<br>• TK RFP 8<br>• OS 11<br>• OS 12<br>• OS 15-19<br>• OS 21-23<br>• OS 26-27<br>• BM 1 | Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and violation of the stay of litigation of Fact-Specific Defenses. |

DOCS_NY:11426.1

A00745

A0745

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Background information regarding the legal status of the Debtors<br>  • Date of formation of the Debtor corporations<br>  • States of formation<br>  • Any changes to formation | • AH 3<br>• EH 4<br>• TT RFP 3<br>• TA 3<br>• TK 2<br>• BM 3 | • Subject to objections, responsive information has been or will be produced. |
| • All Reclamation Claimants with whom the Debtors have settled (often requesting information on terms of settlements). | • AH 8<br>• TA 8<br>• TK 7<br>• SH 24<br>• SH 25 | • Subject to objections, responsive information has been or will be produced. |
| • Number / amount / identity of all Reclamation Claimants and information about those Reclamation Claims. | • BT 6<br>• TK RFP 3<br>• TK RFP 5<br>  • Requests that the reclaimed goods be individually valued with respect to each Reclamation Claimant<br>• BM 8/9 | • Subject to objections, information responsive to BT 6 and BM 8 will be produced.<br>• Debtors object to TK RFP 3, TK RFP 5, and BM 9 on grounds of overbreadth, burden, relevance to Prior Lien Defense, and violation of stay of litigation of Fact-Intensive Defenses. |

- 2 -

DOCS_NY:114261.1

A00746

A0746

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • All motions and orders related to Reclamation Claims. | • OS 24-25 | • Subject to objections, responsive information will be produced. |
| • General requests for production of documents, including documents:<br>  (a) related to issues in Initial Brief;<br>  (b) reviewed in preparation of Initial Brief;<br>  (c) reviewed in answering discovery;<br>  (d) given to third parties in connection with the subject matter of Initial Brief; or<br>  (e) related to Prepetition Credit Facility, the Security Agreement or the Prepetition Collateral. | • ALL RFA 5; (a)<br>• ALL RFP 1-3; (b), (c), (d)<br>• DM RFP 1; (a)<br>• DM RFP 8-11; (e)<br>• EH RFP 11; (a)<br>• TT RFP 3, 4; (e)<br>• TK RFP 1; (a)<br>• TK RFP 12; (c)<br>• SH RFP 2, 3; (e) | • (a) Debtors object on grounds of overbreadth, burden, relevance, attorney-client privilege and work product doctrine.<br><br>• (b) Debtors object on grounds of overbreadth, burden, relevance, attorney-client privilege and work product doctrine.<br><br>• (c) Debtors object on grounds of overbreadth, burden, relevance, attorney-client privilege and work product doctrine.<br><br>• (d) Subject to objections, Debtors will produce all discovery exchanged relating to the subject matter of the Initial Brief.<br><br>• (e) Subject to objections, responsive information will be produced. |

- 3 -

DOCS_NY:11426.1

A00747<br>A0747

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| **2. VALUATION ISSUES** | | |
| • Discovery Requests Relating to the Valuation of Prepetition Collateral | • AH 11 | • Debtors object on grounds of overbreadth, burden, and relevance to Prior Lien Defense. Goes to issues Reclamation Claimants are not entitled to litigate pursuant to terms of the Interim DIP Order and the Final DIP Order. |
| | • ALL RFA | |
| | • ALL RFA 10 | |
| • What is the value of the collateral at various points in time (45 day reclamation period; Petition Date; Payoff Date, etc.)? | • BT 5 (valuation as of the Petition Date) | |
| | • BT 10 (valuation immediately prior to payment) | |
| • How was the value of the collateral calculated? | • BT 14 (any claimed diminution of prepetition collateral) | |
| • What documents did the Debtors use to perform the valuation (i.e., turnover copies of appraisals, internal analyses, etc.)? | • BT RFP 7 (valuation of all inventory) | |
| | • DM RFP 4, 5, 18, 20 (valuation on every day during the 45 days period preceding the Petition Date) | |
| • What witnesses will the Debtors call to support valuation? | • DM RFP 12, 19, 21 (valuation on all days upon which the Prepetition Lenders were oversecured) | |
| | • DM RFP 13 | |
| | • DM RFP 15 (all financial statements as of the petition date and the date upon which the reclamation claim was served) | |
| | • EH 8 | |
| | • TT RFP 7 | |
| | • TA 11 | |
| | • TK 10 | |
| | • DD RFP 1 (valuation as of the Petition Date) | |
| | • DD RFP 3 (valuation as of the date upon which the reclamation claim was served) | |
| | • DD RFP 5 (valuation immediately prior to payment) | |

- 4 -

A00748
A0748

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
|  | • NU 1<br>• NU 2<br>• NU 3<br>• NU 19<br>• OS 8<br>• SH RFA 9, 10<br>• SH 14/15 (identify and value prepetition collateral on an asset-by-asset basis)<br>• SH RFP 7 (appraisals) |  |
| • Valuation of Debtors' assets after repayment of Prepetition Lenders. | • AH 12<br>• BT 16<br>• BT RFP 8, 9 (Asset to Liability Ratio before and after DIP Closing)<br>• TT RFP 5<br>• TA 12<br>• TK 11 | • Debtors object on grounds of overbreadth, burden, and relevance to Prior Lien Defense. Goes to issues, Reclamation Claimants are not entitled to litigate pursuant to terms of the Interim DIP Order and the Final DIP Order. |
|  |  |  |
| • Were the Debtors insolvent on a balance sheet basis during the 45-day period prior to Petition Date? | • OS 13, 14 | • Debtors object on grounds of overbreadth, burden and relevance to Prior Lien Defense. |
|  |  |  |

- 5 -

DOCS_NY:1142.6.1

A00749

A0749

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| **3. PAYOFF / AMOUNT OF DEBT-RELATED QUESTIONS** | | |
| • The ultimate disposition of the Reclamation Claimant's particular goods or the disposition or use of the proceeds therefrom<br><br>and/or<br><br>• Whether the reclaimed goods or proceeds therefrom were in the Debtors' possession after March 30, 2006. | • AH 10<br>• ACC RFA 6<br>• BT 7(d)<br>• BT 9<br>• TT RFP 1<br>• TT RFP 2<br>• TA 10<br>• TK 9<br>• DD RFP 7 (disposition of goods as of 3/13/2006)<br>• DD RFP 8 (extent of proceeds as of 3/13/2006)<br>• DD RFP 9 (disposition of proceeds as of 3/13/2006) | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and violation of the stay of litigation of the Fact-Intensive Defenses. |
| • Method in which retained goods were used to repay Prepetition Indebtedness & whether the Prior Liens were released thereby. | • AH 13<br>• BT 12(b)<br>• TA 13<br>• TK 12 | • Subject to objections, responsive information has been or will be provided. |
| • Source of money to repay Prepetition Indebtedness/Prior Liens. | • AH 14<br>• ALL RFA 7<br>• EH 5 | • Subject to objections, responsive information has been or will be provided. |

- 6 -

DOCS_NY:11426.1

A00750

A0750

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| | • TT RFP 5<br>• TA 14<br>• TK 13 | |
| • Documents evidencing the amount of the Prepetition Indebtedness:<br>  • (a) on the Petition Date;<br>  • (b) at the time of payment; or<br>  • (c) during the 45-day period preceding the Petition Date. | • BT 12<br>• DM RFP 17<br>• TT RFP 8<br>• DD 2<br>• DD 4<br>• DD 6<br>• OS 8, 9,10<br>• SH RFA 9<br>• SH INT 11 | • (a) Subject to objections, responsive information has been or will be produced.<br>• (b) Subject to objections, responsive information has been or will be produced.<br>• (c) Debtors object on the grounds of overbreadth, burden and relevance to Prior Lien Defense. |
| • Documents evidencing the payoff of Prior Lien and the Replacement Lien. | • BT RFP 3 | • Subject to objections, responsive information will be produced. |
| • Documents evidencing the release of the Prior Lien and the Replacement Lien. | • BT RFP 4<br>• EH RFP 6 | • Subject to objections, Debtors state that the Prior Lien and the Replacement Lien have not been released as of yet, and that, accordingly, no responsive documents are in existence. |

DOCS_NY:114261

A00751

A0751

| Content of Request | Identification of Request | Debtors' Position With Respect to Request |
|---|---|---|
| **4. OTHER LIEN ISSUES, INCLUDING PROVING VALIDITY OF LIENS** | | |
| • Identify / produce all UCC financing statements (and other perfection documents) filed in connection with the Prior Liens/Prepetition Credit Facility. | • AH 5<br>• EH 3<br>• TT RFP 6<br>• TA 5<br>• TM 4<br>• TK RFP 6/7<br>• NU 16<br>• BM 5 | • Subject to objections, responsive documents will be produced. |
| • Identify / produce all UCC financing statements (and other perfection documents) filed in connection with the DIP Facility. | • BT RFP 5 | • Subject to objections, responsive documents will be produced. |
| • Consideration provided by the Debtors' prepetition lenders in return for<br>   • the execution of each prepetition amendment to the Prepetition Credit Facility; and<br>   • the execution or filing of each UCC financing statement filed after 12/1/2005. | • AH 6/7<br>• TA 6/7<br>• TM 5/6<br>• BM 6/7 | • Debtors object to these requests on grounds of overbreadth, burden and relevance to the Prior Lien Defense. Goes to issues Reclamation Claimants are not entitled to litigate pursuant to terms of the Interim DIP Order and Final DIP Order. |

- 8 -

A00752

A0752

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Any agreements wherein the Debtors' prepetition secured lenders agree to be subordinated to reclamation claimants (specifically or generally). | • AH 2<br>• TA 2<br>• TK RFP 6/7<br>• BM 2 | • Subject to objections, Debtors state that no such agreements exist. |
| • Identification of all "Prior Liens" being relied upon in assertion of "Prior Lien Defense." | • AH 9<br>• TA 9<br>• TK 8 | • Subject to objections responsive information has been provided. |
| • Evidence of any assignment of the Prior Liens from the Prepetition Lenders to the DIP Lenders. | • ALL RFA 3, 4<br>• EH 7 | • Subject to objections, responsive information has been or will be provided. |
| • Amount of cash collateral used in accordance with the Interim DIP Order. | • BT 11 | • Debtors object on grounds of overbreadth, burden, and relevance to the Prior Lien Defense. |
| • Why did Debtors give the Prepetition Lenders adequate protection? | • BT 13 | • Subject to objections, responsive information provided. |
| • Did the Prepetition Lenders loan against the reclaimed goods? | • BT 15 | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and violation of the stay of litigation of the Fact-Intensive Defenses. |

- 9 -

DOCS_NY:11426.1

A00753

A0753

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Documents evidencing the closing of the DIP Facility. | • BT RFP 6 | • Debtors object on the grounds of overbreadth, burden, relevance to the Prior Lien Defense, and on the grounds that request seeks information that is a matter of public record. |
| • Are specific Reclamation Claimants' goods prepetition collateral? | • DM 4 | • Subject to objections, Debtors have provided response. |
| • Requests for accountings, lists of collateral or statements of account related to Prepetition Collateral or Reclaimed Goods. | • NU RFP 4 | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and violation of the stay of litigation of the Fact-Intensive Defenses. |
| • What assets are not covered by the Prepetition Lenders' security interests (and valuation thereof)? | • NU RFP 7<br>• NU 19 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • Request to produce documents giving notice of default under Prepetition Credit Facility. | • NU RFP 10 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • Request to produce Copies of Deposit Account Control Agreements. | • NU RFP 11 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |

- 10 -

DOCS_NY:11426.1

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Why are Prepetition Lenders considered "Good Faith Purchasers"? | • NU 15 | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and to extent interrogatory calls for a legal conclusion. |
| | | |
| **5. TRIAL / HEARING – RELATED QUESTIONS AND QUESTIONS RELATING TO PREPARATION OF DISCOVERY RESPONSES** | | |
| • Questions relating to trial on Prior Lien Defense, including: <br>• (a) Fact witnesses to be called in support of legal defense and the substance of their testimony <br>• (b) Expert witnesses to be called in support of legal defense and the substance of their testimony <br>• (c) Expert reports <br>• (d) Documentary evidence to be introduced at trial. | • AH 15-17; (a), (b), (c) <br>• ALL RFA 8; (a), (b), (c), (d) <br>• ALL RFP 4-6; (c), (d) <br>• BT 4; (a), (b) <br>• DM RFP 22; (d) <br>• EH RFP 12; (d) <br>• TA 15-17; (a), (b), (c) <br>• TK 14-16; (a), (b), (c) <br>• TK RFP 14; (d) <br>• NU RFP 12; (d) <br>• NU RFP 13; (a), (b) <br>• NU RFP 14; (a), (b) <br>• OS 2; (b) <br>• OS 3, 4; (a) <br>• OS 5; (d) <br>• OS 6; (c) | • (a) Debtors object on grounds that requests are premature and seek information protected by the attorney client privilege and the work product doctrine. <br>• (b) Subject to objections, Debtors state that they do not currently intend to rely on any expert witnesses in support of the Prior Lien Defense. <br>• (c) Subject to objections, Debtors state that they do not currently intend to rely on any expert witnesses in support of the Prior Lien Defense. <br>• (d) Debtors object on grounds that requests are premature and seek information protected by the attorney client privilege and the work product doctrine. |

DOCS_NY:11426.1

A00755

A0755

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • (a) How and when did you receive these interrogatories; and <br><br> • (b) Who answered or supplied information regarding them? | • BT 1, 2, 3 <br> • DM 1 <br> • NU 20 <br> • OS 1 | • (a) Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. <br><br> • (b) Subject to objections, responsive information provided. |
| | | |

- 12 -

A00756

A0756

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| **6. QUESTIONS ABOUT COMMUNICATIONS** | | |
| • Communications with Prepetition Lenders. | • EH RFP 1 (all documents evidencing communications related to the reclaimed goods, reclamation claims, the reclamation scheduling order, the reclamation notice and the Prior Lien Defense)<br><br>• EH RFP 9 (all documents evidencing communications related to valuations of the Prepetition Collateral)<br><br>• NU RFP 5 (all documents evidencing communications related to debts and payments to the Debtors' vendors and suppliers in the six months prior to the Petition Date)<br><br>• NU RFP 6 (all documents evidencing communications related to the Security Agreement)<br><br>• NU RFP 8 (all documents evidencing communications related to the timing of the bankruptcy filing)<br><br>• NU RFP 9 (all documents evidencing communications related to the DIP Facility)<br><br>• SH 21 (communications regarding Reclamation Claims)<br><br>• SH 22 (communications regarding the Prior Lien Defense) | • Debtors object to EH RFP 1, EH RFP 9, NU RFP 5, NU RFP 8, NU, RFP 9, SH 21, and SH 22 on grounds of overbreadth, burden, and relevance to the Prior Lien Defense.<br><br>• Subject to objections, Debtors will provide information responsive to NU RFP 6. |
| • Communications with DIP Lenders. | • EH RFP 2 (all documents evidencing | • Debtors object on grounds of overbreadth, |

- 13 -

DOCS_NY:11426.1

A00757

A0757

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| | communications related to the reclaimed goods, reclamation claims, the reclamation scheduling order, the reclamation notice and the Prior Lien Defense)<br>• EH RFP 10 (all documents evidencing communications related to valuations of the Prepetition Collateral) | burden, relevance to the Prior Lien Defenses, and violation of the stay of litigation of the Fact-Intensive Defenses. |
| • Communications with third parties related to assets. | • TK RFP 8, 9, 10 (all documents evidencing communications related to the valuation, disposition, proceeds, security interests and liens)<br>• SH 23 (communications with reclamation claimants) | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense and violation of the stay of litigation of the Fact-Intensive Defenses. |
| **7. Miscellaneous Requests** | | |
| • How much over or short were the Bilateral Obligations (as defined in the Security Agreement) as of the Petition Date with respect to the stated cap of $250MM, including, without limitation, the lines of credit and letters of credit? | • NU 17 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • When were letters of credit cash collateralized prior to the Petition Date? | • NU 18 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • What is the proposed distribution to unsecured creditors? | • OS 7 | • Debtors object on the grounds of relevance and on the grounds that the |

- 14 -

DOCS_NY:11426.1

A00758

A0758

| Content of Request | Identification of Request | Debtors' Position With respect to Request |
|---|---|---|
| | | • request is premature. |
| • Documents preserving the right to assert the Prior Lien Defense. | • OS 20 | • Subject to objections, responsive documents will be produced. |
| • Any bulk sales transactions entered into by the Debtors. | • AH 4<br>• TA 4<br>• TM 3<br>• BM 4 | • Debtors object on the grounds of overbreadth, burden, vagueness, relevance to the Prior Lien Defense, and to the extent requests call for legal opinion. |
| • Admit that, on the Petition Date, the Debtors or Debtors' counsel knew, suspected or had reason to believe or suspect that the Debtors' assets were encumbered by a valid lien. | • SH RFA 1 | • Subject to objections, response provided. |
| • Admit that, on the Petition Date, the Debtors or Debtors' counsel knew, suspected or had reason to believe or suspect that the Debtors had the Prior Lien Defense. | • SH RFA 2 | • Debtors object on grounds of overbreadth, burden, relevance to Prior Lien Defense, attorney client privilege, and work product doctrine. |
| • Admit that the Prior Lien Defense was intentionally concealed from the Reclamation Claimants. | • SH RFA 3 | • Subject to objections, response provided. |

- 15 -

DOCS_NY:11426.1

A00759

A0759

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Admit that the Debtors or Debtors' counsel discussed the reclamation claims with the Prepetition Lenders. | • SH RFA 4 | • Debtors object on grounds of overbreadth, burden, relevance to Prior Lien Defense, attorney client privilege, and work product doctrine. |
| • Admit that the Debtors or Debtors' counsel discussed the Prior Lien Defense with the Prepetition Lenders. | • SH RFA 5 | • Debtors object on grounds of overbreadth, burden, relevance to Prior Lien Defense, attorney client privilege, and work product doctrine. |
| • Admit that the Debtors or Debtors' counsel formulated a strategy to disenfranchise reclamation claimants through the Reclamation Procedures prior to asserting the Prior Lien Defense. | • SH RFA 6 | • Subject to objections, response provided. |
| • Admit that the Debtors or Debtors' counsel concealed the Prior Lien Defense from the reclamation claimants to induce them to enter into supplier agreements. | • SH RFA 7 | • Subject to objections, response provided. |
| • Admit that the Debtors or Debtors' counsel acted in a manner designed to reduce the reclamation claims before asserting the Prior Lien Defense. | • SH RFA 8 | • Subject to objections, response provided. |

DOCS_NY:11426.1

A00760

A0760

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| • Identify the plan adopted by the Debtors or Debtors' counsel regarding the handling of the Reclamation Claims. | • SH 17 | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, attorney client privilege, and the work product doctrine. |
| • Identify the date upon which Debtors or Debtors' counsel had knowledge that the Debtors had a Prior Lien Defense and the facts relied on in making that determination. | • SH 18 | • Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, attorney client privilege, and the work product doctrine. |
| • Identify borrowings and payments under Prepetition Credit Facility from 90 days prior to Petition through payoff. | • SH 12/13<br>• SH RFP 4/5 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • Identify reclamation claimants that have supplied goods to the Debtors postpetition. | • BM 10 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • Identify reclamation claimants that have supplied goods to the Debtors postpetition and have shortened their payment terms relative to the prepetition period. | • BM 11 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| • Identify general observations and conclusions drawn by the Debtors and senior management regarding those | • BM 12 | • Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |

- 17 -

DOCS_NY:11426.1

A00761

A0761

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| reclamation claimants that have supplied goods to the Debtors postpetition and have shortened their payment terms relative to the prepetition period. | | |
| Identify general observations and conclusions drawn by the Debtors and senior management regarding the shortened payment terms offered by reclamation claimants postpetition as compared to the postpetition terms offered generally. | BM 13 | Debtors object on grounds of overbreadth, burden and relevance to the Prior Lien Defense. |
| Identify communications between Steve Palmquist and Debtors' counsel. | SH 19, 20 | Debtors object on grounds of attorney client privilege and work product doctrine. |
| All SEC Filings filed during the 180 day period prior to the Petition Date. | SH RFP 6 | Debtors object on grounds of overbreadth, burden, relevance to the Prior Lien Defense, and that the information requested is publicly available. |
| Loans made (and loan applications received) by the Debtors within one year of the Petition Date. | SH RFP 8, 9 | Debtors object on grounds of overbreadth, burden, and relevance to the Prior Lien Defense. |
| Identify the most recent schedules filed by | BM 14 | Subject to objections, information provided. |

- 18 -

DOCS_NY:11426.1

A00762

A0762

| CONTENT OF REQUEST | IDENTIFICATION OF REQUEST | DEBTORS' POSITION WITH RESPECT TO REQUEST |
|---|---|---|
| the Debtors. | | |
| | | |
| • Information related to all secured creditors of Reinz Wisconsin Gasket. | • BM 15 | • Subject to objections, information provided. |

- 19 -

DOCS_NY:114261.1

A00763

A0763

PACHULSKI STANG ZIEHL YOUNG
     JONES & WEINTRAUB LLP
Dean A. Ziehl (DZ-6154)
Robert J. Feinstein (RF-2836)
Debra I. Grassgreen (CA Bar No. 169978)
Beth E. Levine (BL-6715)
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777

Conflicts Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                             :
In re                                        :    Chapter 11
                                             :
Dana Corporation, *et al.*,                  :    Case No. 06-10354 (BRL)
                                             :
                         Debtors.            :    (Jointly Administered)
                                             :
-----------------------------------------------------------x

**RESPONSES AND OBJECTIONS OF DEBTORS DANA CORPORATION, ET AL. TO
ALLEGHENY LUDLUM CORPORATION'S FIRST SET
OF REQUESTS FOR ADMISSIONS, INTERROGATORIES,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26, made applicable here by Federal Rule of

Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 33, made applicable here by

Federal Rule of Bankruptcy Procedure 7033, Federal Rule of Civil Procedure 34, made

applicable here by Federal Rule of Bankruptcy Procedure 7034, Federal Rule of Civil Procedure,

made applicable here by Federal Rule of Bankruptcy Procedure 7036, and this Court's Order,

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7042 and 9014: (I)

Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing

Schedule for Consideration of Certain Common Issues; and (III) Granting Certain Related Relief

17290-001\DOCS_NY:11305.2

A00764
A0764

(Docket No. 3865) (the "Reclamation Scheduling Order"), the above-captioned debtors and

debtors in possession (collectively, the "Debtors") hereby object and respond as follows to the

Interrogatories and Requests for Productions of Documents (collectively, the "Discovery

Requests") of Allegheny Ludlum Corporation ("Allegheny") On Issues Presented by Debtors'

Initial Brief Opposing Reclamation Claims.

## GENERAL OBJECTIONS AND RESPONSES

1.     The Debtors object to the Discovery Requests to the extent that they call for

information protected from discovery by the attorney-client privilege, the work product doctrine

and/or any other applicable privilege.  All references in these objections and responses to the

Debtors' agreement to produce documents shall be construed to mean non-privileged documents.

The inadvertent disclosure of any privileged information shall not operate as a waiver of any

applicable privilege.

2.     The Debtors object to the Discovery Requests to the extent they seek to expand on

or conflict with Federal Rules of Civil Procedure, the Local Rules of the United States District

Courts for the Southern and Eastern Districts of New York and/or the Local Rules of the

Bankruptcy Court for the Southern District of New York.

3.     The Debtors object to the Discovery Requests to the extent they request

information that is not reasonably or readily available to them, in their possession, or is more

readily available to Allegheny.

4.     The Debtors object to the Discovery Requests to the extent that they seek

17290-001\DOCS_NY:11305.2                                    2

A0765

discovery that is beyond the scope of the Prior Lien Defense[1] and therefore in violation of the stay of litigation of the Fact-Intensive Defenses, as set forth in the Reclamation Scheduling Order.

5.    All specific responses to the Discovery Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in the above-captioned chapter 11 cases; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

6.    The Debtors' agreement to produce documents with respect to a specific Discovery Request shall not be construed as a representation that such documents actually exist or are within the Debtors' possession, custody or control.

7.    The Debtors' discovery and investigation in this matter are continuing.  The Debtors reserve the right to amend or further supplement the following responses based on any further investigation or discovery in this case, and to introduce at trial any and all evidence.

8.    These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Objections and Responses set forth below.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion of Debtors and Debtors in Possession, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7042 and 9014: (I) Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing Schedule for Consideration of Certain Common Issues; and (III) Granting Certain Related Relief.

A00766
A0766

## SPECIFIC OBJECTIONS AND RESPONSES TO
## REQUESTS FOR ADMISSIONS, INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Admit that the value of the Prepetition Collateral exceeded the aggregate amount of the pre-petition secured indebtedness under the Prepetition Credit Facility.

### RESPONSE TO REQUEST NO. 1

Without waiving and subject to the General Objections and Responses, the Debtors admit

that the value of the Prepetition Collateral exceeded the aggregate amount of the pre-petition

secured indebtedness under the Prepetition Credit Facility.

### REQUEST NO. 2

If your response to foregoing request for admission is anything other than an unqualified "admitted," then with respect to such request for admission:

    (a)    State all facts that support, contradict, or relate to in any way your denial of the request;

    (b)    Identify all persons who may have knowledge of any facts that support, contradict, or relate in any way to your denial of the request; and

    (c)    Identify all documents that relate or refer in any way to, or that reflect your denial of the request.

### RESPONSE TO REQUEST NO. 2

Without waiving and subject to the General Objections and Responses, the Debtors state

that no answer is required to Request No. 2 as their response to the foregoing request for

admission was an admission.

### REQUEST NO. 3

Admit that there was no assignment of the liens under the Prepetition Credit Facility to the DIP Facility lenders.

17290-001\DOCS_NY:11305.2               4

A00767

A0767

## RESPONSE TO REQUEST NO. 3

Without waiving and subject to the General Objections and Responses, the Debtors admit

that there was no assignment of the liens under the Prepetition Credit Facility to the DIP Facility

lenders.

## REQUEST NO. 4

If your response to the foregoing request for admission is anything other than an
unqualified "admitted," then with respect to such request for admission:

> (a)    State all facts that support, contradict, or relate to in any way your denial
> of the request;

> (b)    Identify all persons who may have knowledge of any facts that support,
> contradict, or relate in any way to your denial of the request; and

> (c)    Identify all documents that relate or refer in any way to, or that reflect
> your denial of the request.

## RESPONSE TO REQUEST NO. 4

Without waiving and subject to the General Objections and Responses, the Debtors state

that no answer is required to Request No. 3 as their response to the foregoing request for

admission was an admission.

## REQUEST NO. 5

Identify all documents in Debtors' possession, custody or control relating to the issues
raised in the Brief.

## RESPONSE TO REQUEST NO. 5

The Debtors object to Request No. 5 on the grounds that it is overly broad and

burdensome, seeks information protected by the attorney-client privilege and the work product

doctrine and is duplicative of other Discovery Requests.

A00768

A0768

**REQUEST NO. 6**

Identify any Reclamation Goods or any proceeds traceable from the goods that are in your possession or that were in your possession at any time after the debt under the Prepetition Credit Facility was satisfied.

**RESPONSE TO REQUEST NO. 6**

The Debtors object to Request No. 6 on the grounds that it is overly broad and

burdensome, not reasonably calculated to lead to discoverable evidence relating to the Prior Lien

Defense, and in violation of the stay of litigation of the Fact-Intensive Defenses.

**REQUEST NO. 7**

Identify exactly what funds were used to satisfy the debt under the Prepetition Credit Facility and the derivation of such funds.

**RESPONSE TO REQUEST NO. 7**

The Debtors object to Request No. 7 on the grounds that is overly broad and burdensome

and vague and ambiguous. Without waiving and subject to the foregoing objections and the

General Objections and Responses, the Debtors state that the proceeds of the DIP Credit Facility,

as that term is defined in the Debtors' Initial Brief, were used to satisfy the debt under the

PrePetition Credit Facility.

**REQUEST NO. 8**

Identify all witnesses which you will or may use at the hearing or trial relating to the reclamation claims, and for each such witness state the subject matter on which the witness is expected to testify; the substance of the facts to which the witness is expected to testify; and, identify all documents upon which you and each witness will rely or otherwise utilize for purposes of trial.

**RESPONSE TO REQUEST NO. 8**

The Debtors object to Request No. 8 to the extent that it seeks information that is not

reasonably related to the Prior Lien Defense and on the grounds that it is premature and on the

A00769

A0769

grounds that it seeks information that is protected by the attorney client privilege and the work

product doctrine.

### REQUEST NO. 9

Identify each person you expect to call as an expert witness at the trial or hearing relating to the reclamation claims. As to each person named in, state:

(a)    The substance of each fact to which he or she is expected to testify;

(b)    The substance of each opinion to which he or she is expected to testify;

(c)    A summary of the grounds for each opinion;

(d)    The background training, experience and other qualifications of such person. In the alternative, attach to your answers to these Interrogatories a report signed by each such expert incorporating the information contained in subparagraphs A through D above.

### RESPONSE TO REQUEST NO. 9

The Debtors object to Request No. 9 to the extent it seeks information that is not

reasonably related to the Prior Lien Defense.  Without waiving and subject to the foregoing

objections and the General Objections and Responses, the Debtors state that they do not

currently intend to rely on any expert witnesses in connection with the Prior Lien Defense.


### REQUEST NO. 10

Describe the amount by which the Prepetition Collateral exceeded the amount owed under the Prepetition Credit Facility.

### RESPONSE TO REQUEST NO. 10

The Debtors object to Request No. 10 on the grounds that it is overly broad and

burdensome in that the Debtors have already acknowledged in the Interim DIP Order and Final

DIP Order entered in these chapter 11 cases that the aggregate value of all collateral pledged to

the prepetition lenders under the prepetition security agreement, dated November 18, 2005,

exceeded the Debtors' indebtedness as of the date these chapter 11 cases were filed.

A00770

A0770

## DOCUMENT REQUEST NO. 1

All documents reviewed by Debtors in preparation of the Brief.

## RESPONSE TO DOCUMENT REQUEST NO. 1

The Debtors object to Request No. 1 on the grounds that it is overly broad and

burdensome and on the grounds that it seeks information that is protected by the attorney client

privilege and the work product doctrine.

## DOCUMENT REQUEST NO. 2

All documents reviewed by Debtors in preparation of responses to these requests for
admissions, interrogatories, and requests for production of documents.

## RESPONSE TO DOCUMENT REQUEST NO. 2

The Debtors object to Request No. 2 on the grounds that it is overly broad and

burdensome and on the grounds that it seeks information that is protected by the attorney client

privilege and the work product doctrine.

## DOCUMENT REQUEST NO. 3

All documents exchanged by Debtors and any third party relating to the subject matter of
the Brief, including all discovery.

## RESPONSE TO DOCUMENT REQUEST NO. 3

The Debtors object to Request No. 3 on the grounds that it is overly broad and

burdensome and on the grounds that it seeks information that is protected by the attorney client

privilege and the work product doctrine.  Without waiving and subject to the foregoing

objections and the General Objections and Responses, the Debtors will produce all discovery

exchanged relating to the subject matter of the Brief.

17290-001\DOCS_NY:11305.2                 8

A00771

A0771

## DOCUMENT REQUEST NO. 4

All documents referring to or related to reports of witnesses whom Debtors intend to call to testify in this Bankruptcy Case relating to reclamation claims.

## RESPONSE TO DOCUMENT REQUEST NO. 4

The Debtors object to Request No. 4 on the grounds that it is premature and on the grounds that it seeks information that is protected by the attorney client privilege and the work product doctrine.

## DOCUMENT REQUEST NO. 5

All documents prepared, reviewed, relied upon or which may be reviewed or relied upon, by any expert whom you expect to call to testify in this Bankruptcy Case relating to reclamation claims.

## RESPONSE TO DOCUMENT REQUEST NO. 5

The Debtors object to Request No. 5 to the extent it seeks information that is not reasonably related to the Prior Lien Defense. Without waiving and subject to the foregoing objections and the General Objections and Responses, the Debtors state that they do not currently intend to rely on any expert witnesses in connection with the Prior Lien Defense and that, consequently, there are no documents responsive to this request in the Debtors' possession.

## DOCUMENT REQUEST NO. 6

All documents which you intend to introduce into evidence or mark as an exhibit at trial in this Bankruptcy Case relating to reclamation claims.

## RESPONSE TO DOCUMENT REQUEST NO. 6

The Debtors object to Request No. 6 on the grounds that it is premature and on the grounds that it seeks information that is protected by the attorney client privilege and the work product doctrine.

A00772

A0772

Dated:  December 1, 2006
        New York, New York

_Beth Levine_

Dean A. Ziehl (DZ-6154)
Robert J. Feinstein (RF-2836)
Debra I. Grassgreen (CA Bar No. 169978)
Beth E. Levine (BL-6715)
Pachulski Stang Ziehl Young Jones
        & Weintraub LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777


Conflicts Counsel for
Debtors and Debtors in Possession

17290-001\DOCS_NY:11305.2                    10

A00773

A0773

McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
In re                                            : Chapter 11
                                                 :
DANA CORPORATION, et al.,                        : Case No. 06-10354 (BRL)
                                                 :
            Debtors.                             : (Jointly Administered)
                                                 :
------------------------------------------------ x

### REPLY OF THE TIMKEN CORPORATION TO RESPONSES AND OBJECTIONS OF DEBTORS DANA CORPORATION, ET AL. TO TIMKEN CORPORATION'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR DISCOVERY FROM THE DEBTORS

The Timken Corporation, on behalf of itself and certain of its affiliates

(collectively "Timken"), by and through its undersigned counsel, hereby replies to the responses

and objections (the "Objections") of Dana Corporation, *et al.* (the "Debtors") to Timken's first

set of interrogatories (the "Interrogatories") and first request for discovery (the "Document

Requests," and collectively with the Interrogatories, the "First Discovery Requests")[1] from the

Debtors, and respectfully represents as follows:

### PRELIMINARY STATEMENT

The Debtors are seeking to extinguish all reclamation claims filed in these cases

on the basis of a single legal issue, i.e., whether the existence of prepetition liens on the

---

[1] Timken Corporation's First Set of Interrogatories and First Request for Discovery is attached as Exhibit A to the Declaration of James M. Sullivan filed herewith.

NYK 1071964-2.064980.0025

inventory sought to be reclaimed renders all of the reclamation claims valueless. The Debtors have referred to this issue as the "Prior Lien Defense."

Pursuant to a scheduling order in these cases, reclamation creditors such as Timken were permitted to request written discovery from the Debtors. A number of reclamation creditors have requested discovery from the Debtors, seeking discovery bearing on the Debtors' "Prior Lien Defense." Among other things, the reclamation creditors have sought discovery relevant to the following issues: (a) value of the prepetition liens, (b) value of collateral securing the prepetition liens, (c) disposition of the goods sought to be reclaimed, (d) source of the repayment of the debt secured by prepetition liens, (e) the prepetition creditors' good faith, (f) release or assignment of prepetition liens, and (g) evidence that the Debtors intend to rely upon at time of trial.

The Debtors have objected to virtually all of the discovery requests and, to date, have produced no documents in response to the requests. In large part, the Debtors have objected to the requests on the basis of relevance, overbreadth, and burden. As set forth below, the Debtors arguments are without merit.[2]

## ARGUMENT

The Debtors' objections to the Interrogatories and Requests are without merit. In addition, to the extent that the Debtors have responded, their responses are grossly deficient.

**A.    The Debtors Have Improperly Objected to Discovery that Is Clearly Relevant to their Prior Lien Defense**

On the basis of their reading of In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128 (Bankr. S.D.N.Y. 2003), the Debtors have unjustifiably taken the position that no factual discovery is necessary to litigate the Prior Lien Defense issue. Numerous cases cited in

---

[2]  Although Timken has attempted to resolve the discovery disputes, except as set forth herein, its efforts have been unsuccessful.

NYK 1071964-2.064980.0025

A00775
A0775

the Debtors' initial brief make clear that there are numerous factual issues that are relevant to their Prior Lien Defense. The relevant factual issues include the value of the inventory and other collateral subject to the floating lien, the source of the repayment of the prepetition lender, the timing of the disposition of the reclamation inventory, the use of the proceeds of such disposition, and whether or not the floating lien holder acted in good faith. *See, e.g., In re Pester Refining Co.*, 964 F.2d 842, 847-848 (8th Cir. 1992) (holding that a factual inquiry is required to see if reclamation inventory was liquidated to pay down prior lien); *In re Georgetown Steel Co.*, 318 B.R. 340, 348 (Bankr. D. S.C. 2004) (same). The reason why these fact issues are relevant is because it is the actions of the secured creditor, not the debtor or the reclaiming creditor, that determines the rights of the reclaiming sellers:

> In priority terms, the reclaiming seller stands behind the insolvent buyer's secured creditors who have security interests in the goods subject to reclamation demands. Accordingly, if the buyer's secured creditor releases its security interest in the goods to be reclaimed, the seller may enforce its right to reclaim. In the bankruptcy context, the secured creditor's decision determines the value of the seller's right to reclaim.

*In re Phar-Mor, Inc.*, 301 B.R. 482, 496-97 (Bankr. N.D. Ohio 2003) (holding that rights of reclaiming creditors not affected by debtor's prepetition secured lender because such lender was paid in full through a post-petition debtor-in-possession facility); *Georgetown Steel*, 318 B.R. at 347-48 (quoting *Phar-Mor*) (granting reclamation creditors administrative expense claim because senior secured creditors did not choose to satisfy their liens from the reclaimed goods); *see also Pester Refining*, 964 F.2d at 848 (granting reclamation creditors priority claims because secured creditors released claims in goods subject to reclamation via debtor's plan of reorganization and satisfied their claims from unrelated assets and income sources).

-3-

A00776
A0776

1.    **Facts Bearing on Prepetition Lenders' Good Faith are Discoverable**

The cases relied upon by the Debtors in support of their Prior Lien Defense recognize that the rights of a reclamation creditor will not be subject to a prior existing lien where the holder of such lien did not acquire its lien in good faith. *See e.g.*, *In re Phar-Mor, Inc.*, 301 B.R. 482, 497 (holding DIP lender did not qualify as good faith purchaser because it took liens on inventory with notice of reclamation demands); *see also Graniteville Co. v. Bleckley Lumber Co.*, 687 F. Supp. 589, 593 (M.D. Ga. 1988) (holding "good faith of a secured party is obviously a material fact.") (internal quotes omitted) (citing *Shell Oil Co. v. Mills Oil Co., Inc.*, 717 F.2d 208, 213 (5th Cir.1983)); *Allegiance Healthcare Corp. v. Primary Health Sys., Inc. (In re Primary Health Sys., Inc.)*, 258 B.R. 111, 114 (Bankr. D. Del. 2003) (holding that it is "well-established that, *absent a showing of bad faith*, a creditor with a prior perfected security interest in inventory which contains an after-acquired property clause is a good faith purchaser under the UCC.") (emphasis added); *Isaly Klondike co. v. Sunstate Diary & Food Products Co. (In re Sunstate Dairy & Food Products Co.)*, 145 B.R. 341, 344 (Bankr. M.D. Fla. 1992) (holding reclamation claim was limited by rights of secured creditor that qualified as good faith purchaser).

Further, the cases make clear that the fact issue relating to a lender's good faith is distinct from the fact issue relating to the validity of the lender's lien. *See e.g.*, *In re Primary Health Sys., Inc.*, 258 B.R. 111, 114 (treating good faith of secured creditor as a separate issue from validity of lien); *In re American Purveyors, Inc.*, 17 U.C.C. Rept. Serv. 436, 441 (N.D. Ga. 1974) (same). Therefore, discovery on the issue of the prepetition lenders' good faith would not be foreclosed, even if the liens of the prepetition lenders were not avoidable.[3] Accordingly, the

---

[3] Although no challenge to the prepetition lenders' liens has yet been filed, the deadline for challenging such liens has not expired. If the liens of the prepetition lenders are ultimately avoided, then the Debtors' Prior Lien Defense

NYK 1071964-2.064980.0025

A00777
A0777

Debtors should be ordered to provide reclamation creditors with all requested discovery bearing on the lender's good faith or lack thereof.[4] (*See, e.g.,* Interrogs. 5-6.)

> **2.    Facts Bearing on Tracing Issues, though Discoverable, Need Not Be Produced at this Time in Light of Debtors' Admission that Prepetition Lenders Were Repaid from Proceeds of Postpetition Loan and Not Proceeds of Reclaimed Goods**

The cases relied upon by the Debtors in support of their Prior Lien Defense make clear that the value of the reclamation claims depends upon whether or not their goods were used to satisfy the claim of the prepetition lenders. *In re Phar-Mor, Inc.*, 301 B.R. 482, 496-97; *Georgetown Steel*, 318 B.R. at 347-48 (quoting *Phar-Mor*); *Pester Refining*, 964 F.2d at 848. Accordingly, reclamation claimants such as Timken have requested discovery bearing on a number of tracing related issues, including: (i) the value of the reclaimed goods, (ii) the value of other assets that served as collateral for the secured lenders' claims, (iii) the disposition of the reclaimed goods and the proceeds thereof, (iv) the disposition of other assets that served as collateral for the secured lenders' claims and the proceeds thereof, and (v) the source of the satisfaction of the prepetition lenders' liens (collectively, the "Tracing Issues").

The Debtors have objected to such discovery on the basis that it is not relevant to their Prior Lien Defense. In furtherance of its objection and in an effort to foreclose discovery on these issues, the Debtors have admitted that the prepetition lenders' claims were satisfied from the proceeds of their postpetition debtor-in-possession loan and not from the proceeds of any of the reclaimed goods. (*See* Decl. of James Sullivan, Ex. B: Email from Beth Levine dated 12-15-06.) Accordingly, it appears that discovery on this issue will not be required at this time. Timken reserves its right to obtain discovery bearing on the Tracing Issues should such issues become relevant in the future.

---

would be rendered impotent as a matter of law. Timken takes no position at this time as to whether the prepetition lenders' liens are valid, but reserves all of its rights as to that issue.

[4] Timken reserves its right to seek such discovery from the prepetition lenders directly.

NYK 1071964-2.064980.0025

A00778
A0778

### 3.    The Debtors Should Be Required to Identify Witnesses and Documents that They Intend to Rely on at Trial

Timken has requested that the Debtors identify all fact and expert witnesses and documents that they intend to rely on in support of their asserted Prior Lien Defense and a description of the substance of all testimony to be provided by such fact witnesses. (*See* Interrogs. 14-16; Doc. Req. 14.)  The Debtors claim that they do not intend to rely upon any expert witnesses.  (*See* Resp. to Interrogs. 15-16.)  Further, the Debtors have refused to provide the requested information regarding fact witnesses on the basis that production of such information is premature.  (Resp. to Interrog. 14; Resp. to Doc. Req. 14.)  Such information is needed to enable Timken to adequately respond to the Debtors' initial brief and, if necessary, take any necessary follow-up discovery.  Alternatively, even if the Debtors are not required to produce such information and documents, the Debtors should at least be required to identify persons with knowledge of facts bearing on the Prior Lien Defense and the substance of their knowledge, as well as any documents bearing on the Prior Lien Defense, so that Timken can obtain any necessary follow-up discovery and to prepare its response.

### B.    The Debtors Have Not Produced Any Documents

The Debtors filed their Objections almost two weeks ago.  In only six of their responses did the Debtors indicate that documents "will be produced." (*See* Resp. to Interrogs. 2, 4; Resp. to Doc. Reqs. 1, 6, 7, and 13.)  Yet, as of the date hereof, the Debtors have not produced a single document responsive to the First Discovery Requests.  The Debtors have given no indication when such documents will be produced.  Timken needs these documents to oppose the Prior Lien Defense and any delay in Timken's receipt of such documents will likely delay a resolution of this matter.

-6-

NYK 1071964-2.064980.0025

A00779

A0779

Timken reserves the right to serve follow-up Interrogatories and Document Requests once it has received all information and documents responsive to the First Discovery Requests. In addition, Timken reserves the right to seek depositions of the Debtors or discovery from third parties following its review of the discovery produced by the Debtors.[5] Further, Timken reserves the right to seek one or more extensions (as appropriate) of its time to file responsive papers in this matter based on the timing of the Debtors' discovery and whether any follow-up discovery will be required.

**C.   The Debtors Must Indicate the Basis Upon Which They are Withholding Discovery**

The Debtors should be required discovery they are withholding and the basis upon which they are withholding them. Among the Debtors' "General Objections and Responses" are objections to production on the basis of (i) privilege, (ii) attorney work product, (iii) not readily available or more readily available to Timken, and (iv) beyond the scope of the Prior Lien Defense. In each instance where the Debtors have indicated that they would provide discovery, they have also indicated that such production was subject to the General Objections and/or some other specific objections. However, the Debtors have not provided a log of documents or other discovery being withheld and the basis for such non-production. Timken requests that the Debtors be ordered to produce such a log with an explanation of their refusal to produce such documents or other discovery. Further, Timken reserves the right to challenge the Debtors' basis for withholding any documents identified on such log and, if necessary, to seek an extension of its deadline to file responsive papers in this matter.

---

[5] For example, discovery may be required from the prepetition lenders related to the good faith issue.

NYK 1071964-2.064980.0025

A00780
A0780

**D.    The Debtors' Failure to Give Sufficient Responses Delays These Proceedings and Compromises Timken's Rights to Take Discovery From Third Parties and Defend its Reclamation Claim**

Timken needs adequate responses to each of the First Discovery Requests to determine if it will need to conduct any follow-up or third-party discovery, including depositions. Timken reserves the right to commence such discovery once it has received and evaluated the responses to the First Discovery Requests. Timken may not be able to develop an adequate record before this Court, which record will be necessary in the event there is an appeal, absent responses to the First Discovery Requests.

## RESERVATION OF RIGHTS

Timken unconditionally reserves all rights to seek to compel the Debtors to commence a separate adversary proceeding to obtain a declaratory judgment to resolve the validity, scope, and extent of Timken's rights in its reclamation inventory. Nothing contained herein should be deemed as an admission or waiver of any of Timken's rights, nor should it impair Timken's right to seek additional discovery, including depositions, from any party, including third-parties to this matter.

## CONCLUSION

For the foregoing reasons, the Debtors' Objections to the First Discovery Requests should be overruled and the Debtors should be directed to produce all discovery responsive the First Discovery Requests, produce a log identifying each and every document or other discovery the Debtors are withholding and the basis each document or other discovery is being withheld, and provide clear and responsive answers as requested herein and in the First Discovery Requests.

-8-

A00781

A0781

Dated: New York, New York
     December 15, 2006

                                 Respectfully submitted,

                                 McDERMOTT WILL & EMERY LLP

                                 By:/s/ James M. Sullivan
                                    James M. Sullivan (JS-2189)
                                    Gary O. Ravert (GR-3091)
                                    340 Madison Avenue
                                    New York, New York 10173-1922
                                    Telephone: (212) 547-5400
                                    Facsimile: (212) 547-5444

                                 *Counsel for The Timken Corporation*

NYK 1071964-2.064980.0025

A00782

A0782

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on December 15, 2006 I caused to be served upon the parties listed on the annexed service list a true and correct copy of (1) Reply of the Timken Corporation to Responses and Objections of Debtors Dana Corporation, et al. to Timken Corporation's First Set of Interrogatories and First Request for Discovery from the Debtors and (2) Declaration of James M. Sullivan by electronic mail and by Federal Express Ovenight Delivery.  The Office of the United States Trustee was served by hand delivery.

Dated: New York, New York
  · December 15, 2006

                 Bonnie S. Schwab

NYK 1059906-1.064980.0025

A00783
A0783

## SERVICE LIST

*Debtors:*
Mark S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, OH 43615
corporate.lawdepartment@dana.com

*Counsel to the Debtors:*
Corrine Ball, Esq.
Richard H. Engman, Esq.
JONES DAY
222 East 41st Street
New York, NY 10017
cball@jonesday.com
rengman@jonesday.com

Heather Lennox, Esq.
Carl E. Black, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
hlennox@jonesday.com
ceblack@konesday.com

Jeffrey B. Ellman, Esq.
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jbellman@jonesday.com

*Office of the Unted States Trustee:*
Greg M. Zipes
Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

NYK 1059905-1.064980.0025

A00784
A0784

*Counsel to the Official Committee of Unsecured Creditors:*
Alan D. Halperin
Halperin Battaglia Raicht LLP
555 Madison Avenue
9th Floor
New York, NY 10022
Email: ahalperin@halperinlaw.net

Thomas Moers Mayer, Esq.
Matthew Williams, Esq.
Paul B. O'Neill, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
tmayer@kramerlevin.com
mjwilliams@kramerlevin.com
boneill@kramerlevin.com

*Counsel for Equity Holders*
Gary L. Kaplan
Brian Pfeiffer
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
kaplaga@friedfrank.com
pfeifbr@friedfrank.com

*Counsel for Retiree Committee*
Jon D. Cohen
Trent P. Cornell
Scott N. Schreiber
Stahl Cowen Crowley LLC
55 W. Monroe Street
Suite 1200
Chicago, IL 60603
jcohen@stahlcowen.com
tcornell@stahlcowen.com
sschreiber@stahlcowen.com

*Noticing Agent:*
The BMC Group, Inc.
Attn: Dana Corporation Noticing
P.O. Box 952
El Segundo, CA 90245-0952
dana@bmcgroup.com

NYK 1059905-1.064980.0025

A00785

A0785

*Counsel to Citicorp:*
Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
dbartner@shearman.com

*Conflicts Counsel to Debtors and Debtors in Possession*
Dean A. Ziehl
Pachulski Stang Ziehl Young Jones & Weintraub LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
dziehl@pszyjw.com

NYK 1059905-1.064980.0025

A00786

A0786

McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for The Timken Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------- x
**In re**                                     : **Chapter 11**
                                              :
**DANA CORPORATION, et al.,**                 : **Case No. 06-10354 (BRL)**
                                              :
          **Debtors.**                        : **(Jointly Administered)**
                                              :
                                              :
-------------------------------------------- x

## DECLARATION OF JAMES M. SULLIVAN

JAMES M. SULLIVAN declares as follows pursuant to 28 U.S.C. § 1746:

1.     I am a member of the bar of this Court and of the law firm of McDermott
Will & Emery LLP, counsel for The Timken Corporation and certain of its affiliates (collectively
"Timken"), in the above-captioned matter. As such, I am fully familiar with the facts alleged
herein. This Declaration is being submitted in support of the Reply of The Timken Corporation
to Responses and Objections of Debtors Dana Corporation, et al. to Timken Corporation's First
Set of Interrogatories and First Request for Discovery from the Debtors dated December 15,
2006, which was filed herewith.

2.     Attached hereto as Exhibit A is a true and correct copy of Timken
Corporation's First Set of Interrogatories and First Request for Discovery from Debtors dated
November 13, 2006.

NYK 1072513-1.064980.0025

A00787

3.     Attached hereto as Exhibit B is a true and correct copy of an email sent to me by Beth Levine of Pachulski Stang Ziehl Young Jones & Weintraub LLP, counsel for the Debtors, dated December 15, 2006.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on December 15, 2006

/s/ James M. Sullivan
James M. Sullivan

NYK 1072513-1.064980.0025

A00788
A0788

McDERMOTT WILL & EMERY LLP
James M. Sullivan (JS-2189)
Gary O. Ravert (GR-3091)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

*Attorneys for The Timken Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DANA CORPORATION, *et al.*, | Case No. 06-10354 (BRL) |
| Debtors. | (Jointly Administered) |

**TIMKEN CORPORATION'S FIRST SET OF INTERROGATORIES
AND FIRST REQUEST FOR DISCOVERY FROM DEBTORS**

The Timken Corporation, by and through its undersigned attorneys, McDermott Will &

Emery LLP, respectfully requests that the above-captioned debtors (the "Debtors") respond,

pursuant to the applicable rules and pursuant to this Court's order, dated October 13, 2006, to the

following interrogatories ("Interrogatories") and documents requests ("Requests") by serving

written objections, if any, by December 1, 2006 at 4:00 p.m. and by producing written responses

to the Interrogatories and documents responsive to the Interrogatories and Requests by January 7,

2007 at 4:00 p.m. at 340 Madison Avenue, New York, New York 10017.

**INSTRUCTIONS**

The following instructions shall apply to these document requests:

A.    If the attorney-client privilege and/or work-product exemption is claimed with

respect to any document, thing or communication requested herein, a separate list of all such

documents, things, or communications shall be served with the responses to these requests.  Such

separate list shall identify each document, thing, or communication by author, date, recipient,

NYK 1066556-2.064980.0025

A00789
A0789

recipients of copies (including the titles of all such recipients and whether or not they are attorneys), privilege claimed, and a brief summary of the subject matter of the document, thing or communication.

B.    Pursuant to FRCP 26(e), each document request shall be deemed continuing, and the Debtors' are required to change, supplement, and correct their response to the document request promptly to conform it to all information which may become available to them after their responses hereto are served.

C.    If any document requested was formerly in Debtors' possession, custody or control and has been transferred, lost, altered, or destroyed, submit in lieu of each document a written statement which: (a) describes in detail the nature of the document and its contents; (b) identifies the person(s) who prepared or authored the document, and if applicable, the person(s) to whom the document was sent or transferred; (c) specifies the date on which the document was prepared, transmitted, or both; and (d) specifies, if possible, the date on which the document was lost, altered, or destroyed and, if altered or destroyed, the conditions or reasons for such alteration or destruction and the persons requesting and performing such destruction.

## DEFINITIONS

The following definitions shall apply to these document requests:

1.    The term "document" as used herein shall have the same scope and meaning as the definition given in FRCP 34(a), including, but not limited to, electronic mail and other forms of computer-based information and all other written, printed, recorded or photographic matter or sound reproductions, however recorded, produced or reproduced. This definition covers both external and internal communications. A draft or non-identical copy is a separate document with the meaning of this term.

A00790
A0790

2.     The term "concerning" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: relating to, containing, regarding, recording, discussing, mentioning, noting, evidencing, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

3.     The terms "and," "or," and "and/or" are used herein in their general conjunctive sense and are not intended to limit the scope of any requests. The terms shall be construed as broadly as possible to encompass all matters set forth.

4.     The terms "all" and "each" shall be construed as all and each.

5.     The term "person" refers to any individual, natural person, business entity, including, but not limited to a sole proprietorship, partnership, association, corporation, organization, joint venture, company, or any other legal, business, formal, or informal entity, including governmental bodies and/or agencies, and any department, affiliate, joint enterprise, or representative thereof.

6.     The term "communication" shall include, but not be limited to, any document (as defined herein), correspondence, memoranda, notes, letters, conference, or other oral conversation by which one person has communicated with another, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by telephone, by computer (including e-mail) or otherwise.

7.     The term "Initial Brief" refers to the Initial Brief of Debtors and Debtors in Possession in Support of Prior Lien Defense to Reclamation Claims filed with this Court on October 23, 2006. All capitalized terms used herein, but not defined herein, shall have the meaning ascribed to them in the Initial Brief.

NYK 1066556-2.064980.0025                     - 3 -

A00791

A0791

8.     The term "Timken" refers to The Timken Corporation and all (i) its present and former agents, employees, officers, directors, representatives, accountants, investigators, consultants, and attorneys; (ii) any other person or entity acting on its behalf or on whose behalf it acted; or (iii) any other person or entity otherwise subject to its control or which controls it, or with which it is under common control.

9.     The term "Timken Products" refers all the products, goods, inventory, and related items referred to in the reclamation letter, and exhibits thereto, from James M. Sullivan to Jeffrey Wawrzyniak of Dana Corporation, dated March 10, 2006, and in the Notice of Demand for Reclamation and exhibits thereto [Docket No. 238] filed with this Court on March 10, 2006..

10.     The term "Other Reclamation Products" refers all products, goods, inventory, and related items upon which any party did, or could have made, a reclamation demand at any point from January 13, 2006 to present.

11.     Unless otherwise specified, all requests herein refer to the period from January 13, 2006 to present.

## INTERROGATORIES

1.     List each and every agreement and purchase order entered into between any of the Debtors and Timken that in any way relates to the Timken Products.

2. .    List the name of each Debtor entity that has any assets which are subject to a lien that the Debtors allege to have priority over the reclamation claims of Timken, and as to each such Debtor, set forth its date of formation and state of formation (e.g., Delaware).  In the event any such Debtor's state of formation was transferred to a different state of formation or authorization, or was otherwise changed after its inception, identify all such transfers and changes by entity, date, state of origination and state of transfer or other change, and furnish a description of such transfer or change.

A00792

A0792

3.      As to each Debtor identified in response to Interrogatory No. 2, identify all bulk

sale transactions by which a substantial portion of the assets of the selling party were transferred

by or to such Debtor entity, subsequent to January 1, 2005, by furnishing the date thereof, the

parties thereto, a description of the assets involved therein, and a list identifying the transactional

documents relating thereto by date, parties, document type, and content summary and produce

copies thereof.

4.      List each and every UCC financing statement filed by or against each of the

Debtors in a UCC filing office, concerning the "Prior Liens" or other security interests referred

to in the Initial Brief as pre-petition liens, including all pre-petition security interests upon which

the Debtors are relying in opposing the reclamation claims.

5.      Separately for each Debtor, summarize or otherwise describe all consideration

which was furnished by the secured party contemporaneously with the execution of each

prepetition amendment to the security agreement annexed as Exhibit "A" to the Initial Brief,

each Debtor who signed such amendment and as part of such summary state the date or dates as

of which such additional consideration was furnished to such Debtor, and identify and attach

copies of all documents describing or otherwise relating to such transaction or such

consideration, and the date as of which such consideration was furnished.

6.      Separately for each Debtor, summarize or otherwise describe all consideration

which was furnished by the secured party contemporaneously with the execution and/or filing of

each UCC financing statement filed subsequent to December 1, 2005 (and described in response

to request No. 5), each Debtor against whom such UCC financing statement was filed, and as

part of such summary state the date or dates as of which such additional consideration was

furnished to such Debtor, and identify and attach copies of all documents describing or otherwise

A00793

A0793

relating to such transaction or such consideration, or the date as of which such consideration was furnished.

7.     List all reclamation claimants with whom the Debtors have entered into settlement agreements following the commencement of this bankruptcy case, listing the name of each reclamation claimant, the total amount of each reclamation claimant's reclamation claim, and the total amount of all settlement payments that have been made or are to be made to each reclamation claimant.

8.     List and identify all "Prior Liens" or other security interests referred to in the Initial Brief as pre-petition liens having priority over Timken's reclamation claims and produce a copy of any and all documentation evidencing such pre-petition liens.

9.     List and describe the disposition of the goods subject to Timken's reclamation claims following the Debtors' receipt of such goods and produce copies of any and all documentation evidencing the disposition of such goods, including any documentation showing how the Debtors used the goods and/or applied any proceeds from the sale or use of such goods.

10.     List and provide documentation concerning the value of the "Prepetition Equipment", the "Prepetition Inventory", and all other assets comprising the "Prepetition Collateral" as defined in the Initial Brief.

11.     List and provide documentation evidencing the Debtor's remaining pre-petition assets and the value of such assets following the satisfaction of any and all "Prior Liens" or other security interests referred to in the Initial Brief.

12.     List and provide documentation evidencing how the Debtors' pre-petition secured lenders were paid from the sale of the Timken Products, and whether or not such payments released the secured lenders' pre-petition liens.

A00794
A0794

13.     If the Debtors' pre-petition secured lenders were not paid from the sale of the Timken Products, list, identify and provide documentation evidencing how the Debtors' pre-petition lenders have been paid post-petition and whether or not such payments released the secured lenders' pre-petition liens.

14.     List and identify (by providing name and contact information) all fact witnesses the Debtors intend to rely on in support of their asserted Prior Lien Defense and provide a description of the substance of all testimony to be provided by any such fact witnesses.

15.     List and identify (by providing name and contact information) all expert witnesses the Debtors intend to rely on in support of their asserted Prior Lien Defense and provide a description of the substance of all testimony to be provided by any such expert witnesses.

16.     Provide copies of any and all expert witness reports prepared by any expert witness identified in response to Interrogatory No. 15.

## REQUESTS FOR PRODUCTION

1.     All documents supporting, refuting, or concerning any of the allegations in the Initial Brief.

2.     All documents concerning the existence of the Timken Products in the Debtors' possession, custody, or control, including, but not limited to, every agreement and purchase order entered into between any of the Debtors and Timken.

3.     All documents concerning the existence of Other Reclamation Products in the Debtors' possession, custody, or control, including, but not limited to, every agreement and purchase order entered into between any of the Debtors and any other entity.

4.     All documents concerning the value of the Timken Products, including, but not limited to any allocation of value the Debtors may have assigned to such product with respect to any lien the Debtors believe existed with respect to such product.

NYK 1066556-2.064980.0025                         - 7 -

A00795

A0795

5.      All documents concerning the value of the Other Reclamation Products, including, but not limited to any allocation of value the Debtors may have assigned to such product with respect to any lien the Debtors believe existed with respect to such product.

6.      All documents concerning any security interest of any entity that the Debtors allege were possessed by any entity with respect to Timken Products, including, but not limited to any UCC financing statements, subordination agreements, and financing statements.

7.      All documents concerning any security interest of any entity that the Debtors allege were possessed by any entity with respect to Other Reclamation Products, including, but not limited to any UCC financing statements, subordination agreements, and financing statements.

8.      All documents concerning communications between the Debtors and any entity concerning the Timken Products, including, but not limited to the valuation, disposition, proceeds resulting from the disposition, security interests, and liens relating to such product.

9.      All documents concerning communications between the Debtors and any entity concerning the Other Reclamation Products, including, but not limited to the valuation, disposition, proceeds resulting from the disposition, security interests, and liens relating to such product.

10.     All documents concerning communications between the Debtors and any entity concerning any other property of the Debtors in which the Prepetition Lenders held or allegedly held a security interest including all property whether, real, personal, tangible, intangible, choate, and inchoate.

A00796

A0796

11.     All documents concerning the property described in Request No. 10, including, but limited to documents concerning valuation, disposition, proceeds resulting from the disposition, security interests, and liens relating to such property.

12.     All documents concerning communications between the Debtors and any entity concerning any of the Interrogatories or Requests set forth herein.

13.     All documents relied upon or referenced in each and every one of the Interrogatories above.

14.     All documents that you may rely upon at the time of trial.

Dated: New York, New York
       November 13, 2006

                              McDERMOTT, WILL & EMERY LLP

                          By:  /s/ Gary O. Ravert
                                  James M. Sullivan (JS-2189)
                                  Gay O. Ravert (GR-3091)
                                  340 Madison Avenue
                                  New York, New York  10173-1922
                                  Telephone:  (212) 547-5400
                                  Facsimile:  (212) 547-5444

                            *Attorneys for The Timken Corporation*

A00797

A0797