

"Beth Levine "
&lt;BLevine @PSZYJW.com&gt;
12/15/2006 12:13 PM

To &lt;jmsullivan@mwe.com&gt;
cc
bcc
Subject  RE: Dana - reclamation issues

History:        📑 This message has been forwarded.

Jim,

     None of the inventory sought to be reclaimed was liquidated for
the purposes of paying the prepetition creditors.  The inventory was
pledged as collateral to the Debtors' prepetition lenders and thereafter
pledged as collateral to the Debtors' postpetition lender.

-----Original Message-----
From: jmsullivan@mwe.com [mailto:jmsullivan@mwe.com]
Sent: Friday, December 15, 2006 11:45 AM
To: Beth Levine
Cc: gravert@mwe.com
Subject: RE: Dana - reclamation issues


I know it may be obvious, but can you also please confirm that the
prepetition secured creditors were not repaid from the proceeds of any
of the inventory sought to be reclaimed.  Thanks.

****Please note new zip code below*****

James M. Sullivan
Partner
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
Direct Tel. (212) 547-5477
Main Tel. (212) 547-5400
Fax (212) 547-5444
JMSullivan@mwe.com
jms92@bc.edu

McDermott Will & Emery LLP
www.mwe.com
Boston - Brussels - Chicago - Dusseldorf - London
Los Angeles - Miami - Munich - New York - Orange County
Rome - San Diego - Silicon Valley - Washington, D.C.

******************************************************************
*************

This message is a PRIVILEGED AND CONFIDENTIAL communication.  If you are
not the intended recipient, please do not read, copy, or use it, and do
not disclose it to others.  Please notify the sender of the delivery
error by replying to this message, and then delete it from your system.
Thank you.
******************************************************************
*************

A00798
A00798

|  | "Beth Levine" |
|---|---|
|  | <BLevine@PSZYJW.com> |
| To | <jmsullivan@mwe.com> |
| cc | 12/15/2006 11:39 AM |
| Subject | RE: Dana - reclamation issues |

Jim:
   Following up on our conversations, it is the Debtors' position that the prepetition secured claims were paid out of the proceeds of the Debtors' postpetition secured financing.
   Let me know if you have any further questions.
Beth
-----Original Message-----
From: jmsullivan@mwe.com [mailto:jmsullivan@mwe.com]
Sent: Thursday, December 14, 2006 11:53 PM
To: Beth Levine
Cc: gravert@mwe.com
Subject: Dana - reclamation issues

Per our prior discussion, please confirm that it is the Debtors' position in connection with the prior lien defense litigation that the prepetition secured creditors were not repaid from the proceeds of the reclamation inventory but rather from the proceeds of the post-petition debtor-in-possession loan.  If such is the case, I may be able to limit my client's discovery requests bearing on the tracing questions. Thanks.

****Please note new zip code below*****

James M. Sullivan

A00799

A0799

Partner
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
Direct Tel. (212) 547-5477
Main Tel. (212) 547-5400
Fax (212) 547-5444
JMSullivan@mwe.com
jms92@bc.edu

McDermott Will & Emery LLP
www.mwe.com
Boston - Brussels - Chicago - Dusseldorf - London
Los Angeles - Miami - Munich - New York - Orange County
Rome - San Diego - Silicon Valley - Washington, D.C.

*********************************************************************
*************

This message is a PRIVILEGED AND CONFIDENTIAL communication.  If you are
not the intended recipient, please do not read, copy, or use it, and do
not disclose it to others.  Please notify the sender of the delivery
error by replying to this message, and then delete it from your system.
Thank you.
*********************************************************************
*************


*********************************************************************
******************************************

IRS Circular 230 Disclosure:  To comply with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained herein
(including any attachments), unless specifically stated otherwise, is
not intended or written to be used, and cannot be used, for the purposes
of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or
matter herein.
_____

_____


This message is a PRIVATE communication. This message and all
attachments are a private communication sent by a law firm and may be
confidential or protected by privilege. If you are not the intended
recipient, you are hereby notified that any disclosure, copying,
distribution or use of the information contained in or attached to this
message is strictly prohibited.  Please notify the sender of the
delivery error by replying to this message, and then delete it from your
system.  Thank you.
*********************************************************************
******************************************

Please visit http://www.mwe.com/ for more information about our Firm.

A0800

```
***********************************************************************
*********************************************
```

IRS Circular 230 Disclosure:  To comply with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained herein
(including any attachments), unless specifically stated otherwise, is
not intended or written to be used, and cannot be used, for the purposes
of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or
matter herein.

_____

_____

This message is a PRIVATE communication. This message and all
attachments are a private communication sent by a law firm and may be
confidential or protected by privilege. If you are not the intended
recipient, you are hereby notified that any disclosure, copying,
distribution or use of the information contained in or attached to this
message is strictly prohibited.  Please notify the sender of the
delivery error by replying to this message, and then delete it from your
system.  Thank you.
```
***********************************************************************
*********************************************
```

Please visit http://www.mwe.com/ for more information about our Firm.

A00801

A0801

W. Timothy Miller (OH 0059952)
Paige Leigh Ellerman (OH 0071561)
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838

James M. Sullivan
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
(212) 547-5400

Attorneys for Toyotetsu America, Inc. and
Toyotetsu Mid America, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| DANA CORPORATION, et al., | : | Case No. 06-10354 (BRL) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

### RESPONSE OF CREDITORS TOYOTETSU AMERICA, INC. AND TOYOTETSU MID AMERICA, LLC TO OBJECTIONS OF DEBTORS DANA CORPORATION, ET AL. TO DISCOVERY REQUESTS RELATED TO DEBTORS' PRIOR LIEN DEFENSE TO RECLAMATION CLAIMS

Toyotetsu America, Inc. and Toyotetsu Mid America, LLC (collectively, "Toyotetsu"),

creditors of Dana Corporation or its affiliates (the "Debtors" or "Dana"), by and through their

undersigned counsel and pursuant to Federal Rule of Civil Procedure 26, made applicable hereto

by Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 33, made

applicable hereto by Federal Rule of Bankruptcy Procedure 7033, and Federal Rule of Civil

Procedure 34, made applicable hereto by Federal Rule of Bankruptcy Procedure 7034, hereby

file their Response (the "Response") to the Objections of Debtors Dana Corporation, *et al.* to

{W0851708.1}

Discovery Requests Related to Debtors' Prior Lien Defense to Reclamation Claims (the "Objections"). In support of this Response, Toyotetsu states as follows:

1.    On November 13, 2006, Toyotetsu served the Debtors with the Interrogatories and Requests for Production of Documents of Toyotetsu America, Inc. and Toyotetsu Mid America, LLC on Limited Issues Presented By Debtors' Initial Brief Opposing Reclamation Claims (the "Discovery Requests"), seeking discovery allowed under the Court's Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7042 and 9014: (I) Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing Schedule for Consideration of Certain Common Issues; and (III) Granting Certain Related Relief (Doc. No. 3865) (the "Scheduling Order") relevant to the Debtors' Prior Lien Defense (as defined in the Scheduling Order). A true and accurate copy of Toyotetsu's Discovery Requests are attached hereto as **Exhibit A.**

2.    On December 1, 2006, the Debtors filed their Objections, which include objections to each of Toyotetsu's Discovery Requests.

3.    In this Response, Toyotetsu addresses each of the Debtors' Objections to the Discovery Requests and requests that the Court require the Debtors to provide Toyotetsu with discovery on all matters relevant to the Prior Lien Defense as requested by Toyotetsu in the Discovery Requests.

A.    **Objections By The Debtors On the Grounds That Certain Discovery Requests Are "Overly Broad and Unduly Burdensome and Not Reasonably Calculated to Lead to Discoverable Evidence Relating to the Prior Lien Defense" Are Inconsistent With the Scope of F.R.C.P. 26.**

4.    Federal Rule of Civil Procedure 26 provides that "the court may order discovery of any matter relevant to the subject matter involved in the action." At the present time in this

A00803
A0803

action, discovery is allowable on any matter relevant to the Prior Lien Defense asserted by the Debtors.

5.    Moreover, Federal Rule of Civil Procedure 26 also provides that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

6.    On the basis that the Discovery Requests are "overly broad and unduly burdensome and not reasonably calculated to lead to discoverable evidence relating to the Prior Lien Defense," the Debtors have objected to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 12. Although, subject to these Objections, the Debtors have agreed to provide documentation in response to Requests Nos. 3 and 5 and have provided limited responses to Requests Nos. 2, 8, and 9, Toyoytetsu is entitled to complete responses to each of Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 12, including any requested documents.

7.    These Discovery Requests address the following subject matter: (i) goods Toyotetsu provided to the Debtors that the Debtors claim are subject to the Prior Lien Defense, (ii) subordination agreements signed by the Debtors' secured creditors in favor of Toyotetsu, (iii) the state of formation of any of the Debtor entities whose assets are alleged to be subject to liens having priority over Toyotetsu, (iv) the identity of transactions in which portions of the selling party's assets were transferred by or to each Debtor; (v) the UCC statements concerning the asserted "Prior Liens", (vi) consideration furnished by any secured party under the prepetition amendment to the security agreement attached as Exhibit "A" to the Debtors' Initial Brief on the Prior Lien Defense; (vii) consideration furnished by any secured party regarding any UCC statement filed after December 1, 2005; (viii) a list of all reclamation claimants with whom the Debtors have settled and the amount of the claims and settlement payments; (ix) the

A00804
A0804

identification of all Prior Liens referenced in the Debtors' Initial Brief on the Prior Lien Defense; (x) a list of the disposition of all goods subject to Toyotetsu's reclamation claims after the Debtors received such goods, and (xi) a list of the Debtors remaining prepetition assets and the value of such assets following the satisfaction of any Prior Liens. Toyotetsu also requested any and all documents related to any of these requests.

8.     These Discovery Requests seek only information directly related to the Debtors' Prior Lien Defense and Toyotetsu's potential responses thereto. Each of these Discovery Requests is reasonably calculated to lead to discovery of admissible evidence concerning the Prior Lien Defense litigation because of the very nature of what is being asked for by Toyotetsu. For this reason, the debtors' Objections should be overruled.

**B.    Objections By The Debtors To Request Nos. 11, 13, and 14 Are Similarly Inconsistent With F.R.C.P. 26 and Should Be Overruled.**

9.     The Debtors object to Request No. 11, by asserting that it is "overly broad and burdensome in that the Debtors have already acknowledged in the Interim DIP Order and Final DIP Order . . . that the aggregate value of all collateral pledged . . . exceeded the Debtors' indebtedness." However, the Debtors ignore the specific request at issue. Requests No. 11 seeks the information and documentation concerning the value of all prepetition collateral, which is directly related to the Debtors' Prior Lien Defense and is being relied upon by the Debtors in the Prior Lien Defense litigation. Therefore, under Federal Rule of Civil Procedure 26, Toyotetsu is certainly entitled to the requested information.

10.     The Debtors have objected to Request Nos. 13 and 14, which seek information and documentation related to how the Debtors' prepetition lenders were paid and whether or not they were paid from the sale of goods subject to Toyotetsu's reclamation claims. This requested information is discoverable from the Debtors because it directly relates to the tracing issues

{W0851708.1}                                    4

A00805
A0805

concerning the Prior Lien Defense. In an e-mail sent by the Debtors on December 15, 2006, they acknowledged and admitted that "none of the inventory sought to be reclaimed was liquidated for the purposes of paying the prepetition creditors. The inventory was pledged as collateral to the Debtors' prepetition lenders and thereafter pledged as collateral to the Debtors' postpetition lender." In light of the Debtors' admission, this requested information need not be produced at this time. However, Toyotetsu reserves its right to obtain this discoverable information in the future should it become relevant.

11.     Each of Request Nos. 11, 13 and 14 seeks relevant information and/or information reasonably calculated to lead to the discovery of evidence admissible in the Prior Lien Defense litigation. For these reasons, under Federal Rule of Civil Procedure 26, the Debtors' Objections to these requests should be overruled.

**C.     Objections By The Debtors To Request Nos. 15, 16 and 17, Which Seek Discoverable Fact and Expert Witness Information From the Debtors, Should Be Answered By Debtors In Advance of the Hearing on the Prior Lien Defense.**

12.     Although the Debtors have failed to respond to Request Nos. 15, 16 and 17, which seek fact and expert witness information from the Debtors concerning their Prior Lien Defense, the Debtors should be required, consistent with Federal Rule of Civil Procedure 26 and/or any order of this Court, to provide Toyotetsu with the requested fact and expert witness information well in advance of the hearing on the Prior Lien Defense.

A00806
A0806

For each of the foregoing reasons, Toyotetsu respectfully requests that the Court (i) overrule the Debtors' Objections to Toyotetsu's Discovery Requests; (ii) require the Debtors to promptly provide all information and documents responsive to the Discovery Requests to Toyotetsu consistent with the Scheduling Order; and, (iii) grant to Toyotetsu such further relief as the Court deems just.

Dated: December 15, 2006

Respectfully submitted,

/s/ Paige Leigh Ellerman
W. Timothy Miller (OH 0059952)
Paige Leigh Ellerman (OH 0071561)
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
miller@taftlaw.com;  ellerman@taftlaw.com

-and-

James M. Sullivan
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
(212) 547-5400
jmsullivan@mwe.com

Attorneys for Toyotetsu America, Inc. and
Toyotetsu Mid America, LLC

{W0851708.1}

A00807
A0807

## AFFIDAVIT OF SERVICE

State of Ohio          )
                       )
County of Hamilton     )

Paige Leigh Ellerman, being duly sworn, deposes and says:

1.      I am over 18 years of age and am not a party to the above-captioned proceedings. I am employed by Taft, Stettinius & Hollister LLP, having offices at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

2.      On December 15, 2006, I caused a true and correct copy of the foregoing, Response of Creditors Toyotetsu America, Inc. and Toyotetsu Mid America, LLC to Objections of Debtors Dana Corporation, *et al.* to Discovery Requests Related to Debtors' Prior Lien Defense, to be served electronically upon all parties served through the U.S. Bankruptcy Court for the Southern District of New York's Official Court Electronic Document Filing System and upon those persons identified on the service list attached hereto by first class mail, postage prepaid.

Sworn to before me this
15th of December, 2006

*/s/ Paige Leigh Ellerman*_____
Paige Leigh Ellerman

*/s/ Patricia A. McCormack*_____
Notary Public, State of Ohio

My commission expires: July 22, 2008

[SEAL]

{W0851708.1}

A00808
A0808

## SERVICE LIST

Marc S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, Ohio 43615
Debtors

Corrine Ball, Esq.
Richard Engman, Esq.
Jones Day
222 East 41st Street
New York, New York 10017
Counsel for the Debtors

Heather Lennox, Esq.
Carl E. Black, Esq.
Ryan T. Routh, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Counsel for the Debtors

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Counsel for the Debtors

Greg M. Zipes, Esq.
Office of the United States Trustee,
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

The BMC Group, Inc.
Attn: Dana Corporation Noticing
P.O. Box 952
El Segundo, California 90245-0952
Noticing Agent

Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
Counsel to Citicorp North America, Inc.

{W0851708.1}                                          8

A00809

A0809

Thomas Mayer, Esq.
Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

The BMC Group, Inc.
Attn: Dana Corporation Noticing
1330 E. Franklin Ave.
El Segundo, CA 90245

{W0851708.1}                               9

A00810

A0810

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                          :

In re                                     :    Chapter 11
                                          :

Dana Corporation, *et al.*,            :    Case No. 06-10354 (BRL)
                                          :

                   Debtors.       :    (Jointly Administered)
                                          :
------------------------------------------------------x

**ORDER RELATING TO DISCOVERY OBJECTIONS**
**AND SCHEDULE WITH RESPECT TO THE HEARING ON**
**THE PRIOR LIEN DEFENSE TO RECLAMATION CLAIMS**

This matter coming before the Court on the Objection of Debtors Dana Corporation, et al. to Discovery Requests Related to Debtors' Prior Lien Defense to Reclamation Claims (the "Objection"), filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); replies (the "Replies") to the Objections having been filed by certain parties who tendered discovery requests; the Court having reviewed the Objection and the Replies and having considered the statements of Counsel before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157 (c), notice of the Objections and the Hearing was sufficient under the circumstances and (d) in light of the circumstances, the requirements of Local Bankruptcy Rule 9013-(b) that a separate memorandum of law be filed in support of the Objections is waived; and the Court having determined that the legal and factual bases set forth in the Objections and at the Hearing establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

1.    Any party who intends to introduce the testimony of witnesses at the hearing on

A00829
A0829

the Debtors' prior lien defense to reclamation claims (the "Prior Lien Defense"), scheduled to be conducted by this Court on February 28, 2007 (the "Prior Lien Defense Hearing"), shall serve and file a witness list on or before February 5, 2007.  Parties shall serve and file lists of rebuttal witnesses on or before February 12, 2007.  The parties shall make their witnesses available for deposition prior to the Prior Lien Defense Hearing on dates to be agreed upon or as determined by the Court.

2.       With respect to the objections requesting valuation information ("Valuation Discovery"), in connection with the Prior Lien Defense Hearing, the Debtors shall only be required, within two (2) business days of entry of this Order, to respond to the following interrogatory:

*State whether or not the Debtors' pre-petition lenders were oversecured as of the petition date by more than the total amount of the currently outstanding reclamation claims.*

To the extent that the Debtors answer this interrogatory in the negative, the reclamation claimants shall have the right to renew their requests for Valuation Discovery from the Debtors, and the Debtors reserve their rights to object to such requests.

3.       The Debtors shall not be required to respond to discovery regarding the good faith of the pre or post petition lenders (the "Lender Good Faith Issue") at this time. The parties shall brief the issue of whether the Lender Good Faith Issue is relevant to the allowance of the reclamation claims in the briefs to be submitted in accordance with the schedule set out in the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7042 and 9014:  (I) Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing Schedule for Consideration of Certain Common Issues; and (III)

DOCS_NY:11608.4

Granting Certain Related Relief (Docket No. 3865). Unless mooted by the Court's decision on

the Prior Lien Defense (the "Prior Lien Defense Decision"), discovery with respect to the Lender

Good Faith Issue shall be conducted pursuant to a separate scheduling order to be submitted to

the Court on consent, or, if the parties cannot consent, according to a scheduling order entered by

the Court at which time the reclamation claimants shall have the right to renew their requests for

discovery with respect to the Lender Good Faith Issue, and the Debtors shall have the right to

object to such requests on any grounds not determined by the Prior Lien Defense Decision.

    4.    With respect to the objections requesting information about the disposition of the

inventory ("Disposition Discovery"), in connection with the Prior Lien Defense Hearing, the

Debtors stipulate that (i) none of the inventory sought to be reclaimed was liquidated for the

purposes of paying the prepetition creditors and (ii) the prepetition creditors were not paid from

the proceeds of the inventory sought to be reclaimed, but rather from the proceeds of the

Debtors' postpetition secured financing.

    5.    Except as to the issues addressed above (the Lender Good Faith Issue, witness

lists, Valuation Discovery, and Disposition Discovery), all rights are reserved with respect to the

other individual discovery requests, the Debtors' objections to those requests, and any replies

thereto. To the extent that discovery disputes remain, the parties shall meet and confer and

attempt in good faith to resolve such disputes.

Dated:  New York, New York
        January 18, 2007                    /s/Burton R. Lifland
                                            UNITED STATES BANKRUPTCY JUDGE

A00831
A0831

Objections Due: December 1, 2006, at 4:00 PM
Responses Due: January 10, 2007, at 4:00 PM

W. Timothy Miller (OH 0059952)
Paige Leigh Ellerman (OH 0071561)
TAFT, STETTINIUS & HOLLISTER, LLP
Attorney for Toyotetsu America, Inc. and
Toyotetsu Mid America, LLC
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| In re: | : | Chapter 11 |
| | : | |
| DANA CORPORATION, et al., | : | Case No. 06-10354 (BRL) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ———————————————— x | | |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS OF TOYOTETSU AMERICA, INC. AND TOYOTETSU MID AMERICA, LLC ON LIMITED ISSUES PRESENTED BY DEBTORS' INITIAL BRIEF OPPOSING RECLAMATION CLAIMS

Creditors and reclamation claimants Toyotetsu America, Inc. and Toyotetsu Mid America, LLC (collectively, "Toyotetsu"), by their undersigned counsel, demand responses from the Debtors, by January 10, 2007, at 4:00 PM, to the following interrogatories and requests for production of documents which are hereby served pursuant to 11 U.S.C. §105(a), Bankruptcy Rules 7033, 7034, 7042, 9013, 9014, and 9029, Local Bankruptcy Rules 7005-1, 7026-1, 7033-1, 7034-1and 9014-1, and the Order of this Court dated October 13, 2006 (Document 3865), as to which if any objections by such Debtors must be filed with the Court no later than December 1, 2006, at 4:00 PM:

A00811

A0811

1.     List, identify and produce a copy of each and every agreement and purchase order entered into between any of the Debtors and Toyotetsu that in any way relates to any of the goods described in or concerning the proofs of claim filed by Toyotetsu, the reclamation demand(s) of Toyotetsu, and/or the Debtors' schedules of assets and liabilities which have been filed with the Bankruptcy Court.

2.     List, identify and produce a copy of each and every subordination agreement and other contract signed by any of the Debtors' secured creditors in favor of Toyotetsu which in any way concerns the subordination of any right or interest of such creditor to any right or interest of Toyotetsu relating to any of the goods described in or concerning the proofs of claim filed by Toyotetsu, the reclamation demand(s) of Toyotetsu, and/or the Debtors' schedules of assets and liabilities which have been filed with the Bankruptcy Court.

3.     Furnish the name of each Debtor entity that has any assets which are subject to a lien alleged by Debtors to have priority over the reclamation claims of Toyotetsu, and as to each such Debtor, set forth its date of formation and State of formation (e.g., Delaware). In the event any such Debtor's State of formation was transferred to a different State of formation or authorization, or was otherwise changed after its inception, identify all such transfers and changes by entity, date, State of origination and State of transfer or other change, and furnish a description of such transfer or change.

4.     As to each Debtor identified in response to request No. 3, identify all bulk sale transactions by which a substantial portion of the assets of the selling party were transferred by or to such Debtor entity, subsequent to January 1, 2005, by furnishing the date thereof, the parties thereto, a description of the assets involved therein, and a list identifying the transactional

documents relating thereto by date, parties, document type, and content summary and produce copies thereof.

     5.      List, identify and produce a copy of each and every UCC financing statement filed by or against each of the Debtors in a UCC filing office, concerning the "Prior Liens" or other security interests referred to in the Initial Brief of Debtors and Debtors in Possession in Support of Prior Lien Defense to Reclamation Claims (the "Debtors' Initial Brief") as pre-petition liens, including all pre-petition security interests upon which the Debtors are relying in opposing the reclamation claims.

     6.      Separately as regarding each Debtor, summarize or otherwise describe all consideration which was furnished by the secured party contemporaneously with the execution of each prepetition amendment to the security agreement annexed as Exhibit "A" to the Debtors' Initial Brief, each Debtor who signed such amendment and as part of such summary state the date or dates as of which such additional consideration was furnished to such Debtor, and identify and attach copies of all documents describing or otherwise relating to such transaction or such consideration, and the date as of which such consideration was furnished.

     7.      Separately as regarding each Debtor, summarize or otherwise describe all consideration which was furnished by the secured party contemporaneously with the execution and/or filing of each UCC financing statement filed subsequent to December 1, 2005 (and described in response to request No. 5), each Debtor against whom such UCC financing statement was filed, and as part of such summary state the date or dates as of which such additional consideration was furnished to such Debtor, and identify and attach copies of all documents describing or otherwise relating to such transaction or such consideration, or the date as of which such consideration was furnished.

8.    List all reclamation claimants with whom the Debtors have entered into settlement agreements following the commencement of this bankruptcy case, listing the name of each reclamation claimant, the total amount of each reclamation claimant's reclamation claim, and the total amount of all settlement payments that have been made or are to be made to each reclamation claimant.

9.    List and identify all "Prior Liens" or other security interests referred to in the Debtors' Initial Brief as pre-petition liens having priority over Toyotetsu's reclamation claims and produce a copy of any and all documentation evidencing such pre-petition liens.

10.    List and identify the disposition of the goods subject to Toyotetsu's reclamation claims following the Debtors' receipt of such goods and produce copies of any and all documentation evidencing the disposition of such goods, including any documentation showing how the Debtors used the goods and/or applied any proceeds from the sale or use of such goods.

11.    List, identify and provide documentation concerning the value of the "Prepetition Equipment", the "Prepetition Inventory", and all other assets comprising the "Prepetition Collateral" as defined in the Debtors' Initial Brief.

12.    List, identify and provide documentation evidencing the Debtor's remaining pre-petition assets and the value of such assets following the satisfaction of any and all "Prior Liens" or other security interests referred to in the Debtors' Initial Brief.

13.    List, identify and provide documentation evidencing how the Debtors' pre-petition secured lenders were paid from the sale of the goods subject to Toyotetsu's reclamation claims, and whether or not such payments released the secured lenders' pre-petition liens.

14.    If the Debtors' pre-petition secured lenders were not paid from the sale of the goods subject to Toyotetsu's reclamation claims, list, identify and provide documentation

evidencing how the Debtors' pre-petition lenders have been paid post-petition and whether or not such payments released the secured lenders' pre-petition liens.

15.    List and identify (by providing name and contact information) all fact witnesses the Debtors intend to rely on in support of their asserted Prior Lien Defense and provide a description of the substance of all testimony to be provided by any such fact witnesses.

16.    List and identify (by providing name and contact information) all expert witnesses the Debtors intend to rely on in support of their asserted Prior Lien Defense and provide a description of the substance of all testimony to be provided by any such expert witnesses.

17.    Provide copies of any and all expert witness resports prepared by any expert witness identified in response to request No. 16.

Dated: November 13, 2006

Respectfully submitted,

**TAFT, STETTINIUS & HOLLISTER, LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838

*/s/ Paige Leigh Ellerman*
W. Timothy Miller (OH 0059952)
Paige Leigh Ellerman (OH 0071561)
(*pro hac vice* admission pending)
miller@taftlaw.com; ellerman@taftlaw.com
Attorneys for Toyotetsu America, Inc. and
Toyotetsu Mid America, LLC

## AFFIDAVIT OF SERVICE

State of Ohio      )
               )
County of Hamilton  )

Paige Leigh Ellerman, being duly sworn, deposes and says:

1.     I am over 18 years of age and am not a party to the above-captioned proceedings. I am employed by Taft, Stettinius & Hollister LLP, having offices at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

2.     On November 13, 2006, I caused a true and correct copy of the foregoing, Interrogatories And Requests For Production of Documents Of Toyotetsu America, Inc. and Toyotetsu Mid America, LLC on Limited Issues Presented By Debtors' Initial Brief Opposing Reclamation Claims, to be served electronically upon all parties served through the U.S. Bankruptcy Court for the Southern District of New York's Official Court Electronic Document Filing System and upon those persons identified on the service list attached hereto by first class mail, postage prepaid.

Sworn to before me this
13th day of November, 2006

/s/ Paige Leigh Ellerman
Paige Leigh Ellerman

/s/ Patricia A. McCormack
Notary Public, State of Ohio

My commission expires: July 22, 2008

[SEAL]

{W0823050.1}

A00816

A0816

## SERVICE LIST

Marc S. Levin, Esq.
Deputy General Counsel
Dana Corporation
4500 Dorr Street
Toledo, Ohio 43615
Debtors

Corrine Ball, Esq.
Richard Engman, Esq.
Jones Day
222 East 41st Street
New York, New York 10017
Counsel for the Debtors

Heather Lennox, Esq.
Carl E. Black, Esq.
Ryan T. Routh, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Counsel for the Debtors

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Counsel for the Debtors

Greg M. Zipes, Esq.
Office of the United States Trustee,
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

The BMC Group, Inc.
Attn: Dana Corporation Noticing
P.O. Box 952
El Segundo, California 90245-0952
Noticing Agent

Douglas B. Bartner, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
Counsel to Citicorp North America, Inc.

{W0823050.1}                      7

Thomas Mayer, Esq.
Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

The BMC Group, Inc.
Attn: Dana Corporation Noticing
1330 E. Franklin Ave.
El Segundo, CA 90245

{W0823050.1}                      8

A00818

A0818

64

```
 1   scheduling.  I'll take it under advisement.
 2                    MR. TAMBE:  Thank you, your Honor.
 3                    MS. BALL:  Thank you, your Honor.
 4                    MR. TAMBE:  Your Honor, we will submit an
 5   updated draft order which reflects these changes.
 6                    THE COURT:  I take it the one you handed up
 7   is not the --
 8                    MR. TAMBE:  There were three new items
 9   added this morning.
10                    THE COURT:  Very well.
11                    MR. TAMBE:  Thank you, your Honor.
12                    MS. BALL:  Your Honor, that concludes our
13   part of the of this morning's hearing, but there yet
14   remains the one clearly contested matter to be heard, which
15   is the reclamation matter.
16                    I turn the podium over to our co-counsel,
17   your Honor.
18                    MS. LEVINE:  Good morning, your Honor.
19   Beth Levine of Pachulski, Stang, Ziehl, Young, Jones and
20   Weintraub.
21                    THE COURT:  Off the record.
22                    (Discussion off the record.)
23                    MS. LEVINE:  Your Honor, we're here on the
24   hearing on the debtors' objections with the discovery
25   requests, really to the prior lien defense.  And as
```

A00819
A0819

65

1    mentioned before, we have, I believe, resolved all of the

2    discovery disputes that brought to issue today.

3                    Just by way the background, in an order

4    dated October 13, 2006, your Honor set a schedule with

5    respect to the hearing in the prior lien defense, that the

6    liens and claims discovery requests would be propounded by

7    November 13, 2006, and written responses were served by the

8    debtors on December 1.  And the deadline to produce

9    documents is on January 10th of next year.

10                    The debtors received 16 responses from 15

11    different claimants -- I'm sorry, 16 requests for discovery

12    from 15 different claimants, and filed responses to all of

13    them.  We've received six written replies to our objections

14    that I believe were filed with your Honor as well.  And I

15    believe we've reached resolution with respect to all of

16    those replies today.

17                    There were a few global issues that were

18    raised by various of the respondents.  And those included

19    when witness lists would be exchanged, the propriety of

20    certain questions, and requests relating to prepetition --

21    the value of prepetition collateral, and also some requests

22    going to the issue of good faith.

23                    What we've agreed on at this point is that

24    the parties will exchange witness lists on February 4 of

25    2007, and rebuttal lists the week after on February 11.

A00820

A0820

66

1    The parties have agreed to make their witnesses available

2    for deposition as necessary.

3              With respect to the issue of prepetition

4    collateral, we've agreed to resolve the issue by

5    responding -- by the debtors' responding to an

6    interrogatory as to whether or not the prepetition lenders

7    were over secured by more than the remaining -- than the

8    total remaining amount of outstanding reclamation claims.

9              And then with respect to the good faith

10   issue, the parties have agreed to reserve their rights with

11   respect to whether good faith is applicable or is not until

12   after the hearing on February 28th, at which point the

13   court will make a determination as to the applicable of the

14   Dairy Mart decision.

15             And them finally, various of the claimants

16   who filed responses --

17             THE COURT:  Off the record.

18             (Discussion off the record.)

19             MS. LEVINE:  With respect to the final

20   issue, certain of the reclamation claimants have raised

21   responses or questions as to the completion of certain of

22   the responses to individual requests that they have

23   propounded.

24             What we've agree to do with respect to

25   those is for each parties to reserve their rights.  The

A00821

A0821

67

1  debtors will produce their documents on January 10, 2007 in

2  accordance with your Honor's order.  And to the extent

3  there are remaining disputes, we will try to meet and

4  confer and work them out, and seek the guidance of chambers

5  should it prove to be necessary.

6              And with that, I believe all of the issues

7  have been resolved.  I don't know if any of the claimants

8  have anything to add to that.

9              MR. SULLIVAN:  Just a couple of

10 clarifications, your Honor.  Do I need to speak from here,

11 or can I just stand?

12             THE COURT:  If she can hear you, you're

13 okay.

14             MR. SULLIVAN:  Okay.  In previous telephone

15 conversations, I know we didn't necessarily discuss that,

16 debtor's counsel had indicated that they would try to

17 produce documents on a rolling basis as they were made

18 available, and I would hope that they would continue to do

19 so, to the extent that they are available prior to the

20 January 10, 2007 deadline.

21             And also I think the debtor's counsel had

22 agreed that to the extent that they had objected to

23 documents and indicated that notwithstanding such objection

24 certain documents would be produced anyway, that they would

25 indicate for us whether or not any documents or

68

1    classifications of documents, notwithstanding their

2    agreement to produce documents, were being withheld on the

3    basis of their objections, or whether or not they were just

4    preserving their rights with respect to the documents that

5    were actually producing.

6              And finally, I just wanted to clarify that

7    with respect to the good faith issue, although we are

8    deferring that issue until after the other issues are

9    resolved, to the extent that, you know, the debtors'

10   objection is sustained on the Dairy Mart issues, we do --

11   we will have the right to conduct discovery and have a

12   hearing on the good faith issues, should it get that far.

13             MS. LEVINE:  Just with respect to point

14   number 2 made by Mr. Sullivan.

15             I believe what he is saying is that we will

16   identify which requests we are not producing documents to

17   on the grounds that we've objected on, on the grounds of

18   burden, vagueness and the like.

19             I don't believe that was our agreement.  I

20   think what we agreed is that to the extent that we say in

21   the response notwithstanding the sort of boilerplate

22   objections documents will be produced, documents will in

23   fact be produced, which I believe is slightly different

24   from what Mr. Sullivan said.

25             MR. SULLIVAN:  I thought you had said, and

A00823

A0823

69

1    basically what I want to know is if they are withholding

2    document on the basis of some vague objection, I want to

3    know they are withholding documents, this way, if there is

4    an issue about it we can bring it to your Honor's

5    attention, to the extent that we can't work it out.

6                    That's all I want to know.  If they are not

7    holding documents on the basis of any objection, just say

8    so.

9                    MS. LEVINE:  Well, in our responses where

10   we say the documents will be produced, the documents will

11   in fact be produced subject to the objections.  We are not

12   agreeing, as was requested, that we provide a catalog of

13   any documents not are not being produced.  That obviates

14   the need to not produce them, essentially.  But --

15                   MR. SULLIVAN:  I know.  But you had said

16   before that --

17                   MS LEVINE:  -- any --

18                   THE COURT:  Lady and gentleman, you are

19   basically on the same page, but are not articulating

20   properly.  And this is not the time and place for that.

21                   MR. SULLIVAN:  Okay, thank you.

22                   MS. LEVINE:  Thank you, your Honor.

23                   MR. SULLIVAN:  Do you want to state your

24   response?

25                   THE COURT:  Can I hear the next matter?

A00824
A0824

70

1          MR. SULLIVAN:  Sorry, your Honor.

2          MS. GRANFIELD:  Yes.  Lindsee Granfield of

3    Cleary Gottlieb Steen & Hamilton LLP on behalf of by Diado

4    Metal Bellfontaine, one of the reclamation claimants.

5          I actually spoke to Ms. Levine yesterday.

6    We didn't file a response because our -- or we obviously

7    sought discovery, and we didn't file formal response to the

8    objection because our issue are very, very circumspect.

9    Our discovery requests have were very, very circumspect,

10   but one of them did relate to evaluation of the collateral.

11         And I spoke to Ms. Levine yesterday and

12   said that's really our only remaining issue from what we

13   were understood the other resolutions were going to be,

14   will the debtor, because essentially the debtor doesn't

15   want to produce valuation information, indicate that the

16   collateral is not only the banks are over secured, but

17   there's enough collateral value essentially to cover the

18   reclamation claimants.

19         I'm hearing today for the first time that

20   the resolution, because I think other people had raised

21   this issue in their written replies, that the resolution

22   today is that the debtor will answer an interrogatory about

23   the issue.  And I guess that's fine with me as a first

24   step.

25         But if the answer is no, there's not enough

71

1    collateral value over the bank debt, I think that

2    claimants, including my claimant, should reserve the right

3    or have the right to come back then and say well you've got

4    to produce the documents then, because we are going to have

5    to be able to look behind that answer.

6              But if the answer is yes, then that's fine.

7    I mean that, at least for my purposes, clear up the issues

8    I would need in order for the legal arguments to be

9    presented later.

10             MS. LEVINE:  We have no objection to that,

11   your Honor.

12             MR. SANDERS:  Stuart Sanders of Kazlow and

13   Kazlow for Shore Industries, reclamation creditor.

14             Your Honor, it's frankly news to us that

15   there is any kind of resolution of this.

16             We've served our demands and received

17   objections.  I don't know of any resolution of our

18   particular claims, and we were met with a lot of very

19   general objections, for instance objections to privilege

20   but no privilege log provided, privilege asserted in

21   situations where we were seeking communications between the

22   debtor and/or debtors' counsel and third parties, or

23   communications in which third parties were cc'd, which are

24   clearly not privileged.

25             We have a number of specific

A00826

A0826

—

72

1    interrogatories and document demands from which there is

2    essentially no real response other than the assertion of

3    very vague objections.  And since we will in the very near

4    feature to have to reply to the motion, or the objection to

5    the reclamation claims, we need these materials in advance

6    of having to prepare that response.

7                    MS. LEVINE:  Your Honor, this is the first

8    that we've heard from this entity since we've filed our

9    objection.  That said, I'll make two comments:  One, we

10   will produce documents on January 10th in accordance with

11   your Honor's order.  And certainly we are willing to meet

12   with counsel; we had spoke to the rest of the counsel

13   outside in the hallway earlier today.  I was not aware that

14   you were here on this matter, and my apologies.  We are

15   certainly willing to talk to you and I'm happy to talk to

16   you either here or telephonically and try to resolve some

17   of the issues.

18                    And, again, I would think this is another

19   situation where each party can, for the moment, reserve

20   their rights, and meet and confer, and seek the court's

21   intervention shouldn't be necessary.

22                    THE COURT:  Does anyone else want to be

23   heard?

24                    MR. POWER:  Your Honor, Mark Power.  We

25   filed an objection for two claimants.

A00827

A0827

73

```
1                  I just wanted to make sure.  Are we going

2     to be putting a scheduling order setting forth what you put

3     on the record, or is it just going to be based on the

4     record today?

5                  MS. LEVINE:  I'm happy to submit your Honor

6     an order if your Honor wants me to do so.

7                  THE COURT:  You ought to submit an order in

8     view of the disparity parties that are involved.

9                  MR. POWER:  That's fine.

10                 MS. LEVINE:  Thank you, your Honor.

11                 THE COURT:  The application for a

12    scheduling order is granted.

13                 MS. LEVINE:  Thank you, your Honor.

14                 MS. BALL:  Thank you, your Honor, for your

15    time this morning.

16                 I think that concludes all matters on

17    behalf of Dana for today.

18                 THE COURT:  Thank you.

19

20

21

22

23

24

25
```

A00828
A0828