69

1  entitled to adequate protection under 361 and 363, and the

2  debtor is not allowed to sell or use the property without a

3  court order which recognizes the rights of this interest

4  and this holder of an interest in property, whether you

5  call it a lien or a property interest, or perhaps a trust

6  interest.  In some manner Congress is saying that these

7  holders of reclamation rights are entitled to adequate

8  protection.  And the collateral is not allowed to be used

9  or sold without giving on the adequate protection to the

10 reclamation claimants.

11             The description in the argument here about

12 the debtors' position is not that the reclamation rights

13 are extinguished, but rather that they are subordinated, is

14 tantamount to a description of a junior lien holder.  I

15 mean we're of the position, frankly, that the reclamation

16 rights have a senior position.  But even if they have only

17 a junior lien position with the specific -- excuse me.  If

18 the specific asset is not sold and used to pay the DIP

19 lender, then it's available for the individual reclamation

20 claimants.

21             That's not a matter of martialling, it's a

22 matter of fact, it's a matter of prematurity at this point

23 as to whether those assets have been sold and the proceeds

24 in fact used to pay the DIP lender or not.

25             THE COURT:  What we're witnessing,

A00918

A0918

70

1    Counselor, is a progression which you would like to think

2    goes from a common law right, because if you know your

3    history about this subject, reclamation is an extension of

4    the old common law right of stoppage in transitu, where a

5    seller, while goods are still in transit, could recall the

6    goods even though the title is passed, and ownership is now

7    gone on to the buyer, or in this case the debtor.

8                    And then there was an extension of that

9    which got to be codified in the Uniform Commercial Code by

10   2702.  That didn't elevate that kind of creditor into a

11   lien creditor or a secured creditor, just gave rights,

12   common law rights.  And then we have 564 which comes along

13   and tweaks that concept.  It doesn't really codify

14   anything, because the initial 546 really brought 2702 in,

15   and the formulaic way to recover under 2702 is still

16   preserved under the bank Bankruptcy Code.

17                   So you still had a state common law that

18   deals we with these rights.  Not very artfully, the

19   continual tweaking didn't really help us much, because all

20   it does was add layers of mechanical provisions in order to

21   preserve what may be an enhanced right.  And then they

22   balance this in some way, without apparent forethought,

23   with 503(b)(9), and leave you a little bit up in the air as

24   to what the real rights are under 546.

25                   Those would say we now have a statutory

A00919

A0919

71

1   framework, and I don't think so.  I think what we have is

2   an enhancement of common law, maybe of Federal common law.

3   And in recognizing that, I think that the juris prudence

4   that's developed all along is not out the window under this

5   latest version of congressional effort to tweak the

6   reclamation rights which were originally, and perhaps still

7   are, essentially common law rights with a new framework of

8   how to assert them in the context or the chapel of

9   bankruptcy.

10              MR. LEONARD:  That may be, your Honor.

11              THE COURT:  I haven't decided anything by

12  saying all that, but I've just imparted to those of you who

13  will are a little young, a little bit of history on this

14  particular right.

15              MR. LEONARD:  Yes, your Honor, and we

16  address that of some of that in our brief.  But it seems to

17  me that the nature of the right must be described as

18  something, it's either a lien, or a property interest, or a

19  trust right; it has to be something.  And I leave it to the

20  court to decide what it is, but I maintain that --

21              THE COURT:  It hasn't morphed too far away

22  from its original designation as a right to recover

23  property.

24              MR. LEONARD:  And not a lien.

25              THE COURT:  It's a right, it may not be a

72

1    lien.  There are many elements of the law that give rights

2    which cosmetically bear some resemblance to a lien.

3                    MR. LEONARD:  Or a property interest, or a

4    trust claim.

5                    THE COURT:  There are many areas.

6                    MR. LEONARD:  Thank you, your Honor.

7                    MR. HUTCHINSON:  I just want to say

8    something, your Honor.

9                    You asked whether the creditors that are

10   opposing this have a reclamation right apart from the

11   503(b)(9) nominees.

12                   I just want to tell you, your Honor, my

13   name is Donald Hutchinson and I represent Color Box,

14   Meritor Heavy Vehicle Systems, Meritor Heavy Vehicle

15   Breaking Systems, Meritor WABCO Control Systems, and NSK

16   Corporation, and each one of those creditors has a

17   reclamation claim arising from grids that were received by

18   the debtors between 45 days and 21 days before the filing

19   of the bankruptcy case, so each of those creditors does

20   have standing --

21                   THE COURT:  I haven't challenged anybody

22   standing.  I was merely making inquiry just to see where

23   you are all coming from, and if your ox is being gored

24   which ox is being gored?  It's certainly not the first one

25   today.

A00921

A0921

73

1              MR. HUTCHINSON:  Well, I think what you

2    will probably find is probably most of the creditors have

3    half that were delivered within the last 20 days and half

4    that were delivered within the last 45 days.

5              But in case you were questioning my

6    client's standing, they do have standing.  And I rely on

7    the believes that were filed.

8              Thank you.

9              THE COURT:  Thank you.

10             MR. LEINWAND:  Harris Leinwand for Team

11   Industries.

12             I don't see why having an administration

13   claim for the 20 day period should affect whether you have

14   a reclamation claim for the 21 through 45 days.  I think

15   you should be able to have both, and I don't see how

16   because Congress put in 503(b)(9) --

17             THE COURT:  Isn't that the argument that's

18   being made here by everybody, that they should have both?

19             MR. LEINWAND:  I just fear that you are

20   going down the path that since we have the 503(b)(9) claim

21   that --

22             THE COURT:  You just filed a brief which

23   sort of puts me on track, it's very short brief, and I

24   thank you because it's a brief brief.

25             MR. LEINWAND:  Thank you.

A00922

A0922

74

1        THE COURT:  Actually it's one and a half

2   pages.  But it essentially, as I read it, tells me I should

3   follow Phar-Mor.  That's the end.  It doesn't even say more

4   than that, but that's what it says.

5        MR. FEINSTEIN:  I think I've seen the --

6   we've got one more, I'm sorry.

7        MR. SANDERS:  Stuart Sanders of Kazlow and

8   Kazlow for Shaw Industries.

9        Your Honor, I'm not here to speak about all

10  the technical aspects, I think that's been hashed over and

11  over and over.  I would like, however, to present a little

12  bit about Shaw and why it believes that the debtor should

13  equitably estopped from finding -- from your finding, from

14  arguing that the reclamation claim of Shaw is valueless or

15  that it's somehow extinguished.

16       Shaw is a little company from the northwest

17  corner of Pennsylvania, Franklin, Pennsylvania.  They make

18  molds --

19       THE COURT:  Counsel, do you have anything

20  that hasn't been covered with these excellent cogent

21  arguments that I've been hearing all morning?

22       I actually don't want to hear the profile

23  of your client, large or small.  Everybody is entitled to

24  recognition based upon their existence.

25       MR. SANDERS:  That's true, your Honor.

A00923
A0923

75

1      THE COURT: So I need not be tarried with

2   all of these details. Why don't you just give me something

3   I haven't heard from before, because so far the argument is

4   excellent and I think they've just about covered everything

5   you can think of.

6      MR. SANDERS: Well, specifically, the only

7   reason I start into that at all your Honor, is to show you

8   how Shaw, as an individual reclamation claimant, was taken

9   down the garden path, because they were in a position where

10  they were coming out of their own Chapter 11. They were

11  negotiating with their own financiers.

12      They let Dana know in March of 2006 that,

13  number 1, they still had some molds in their possession

14  which they were working on. Number 2, they needed to have

15  the reclamation claims resolved in a --

16      THE COURT: Counselor, what's been argued

17  here is a discrete issue; a legal issue, not based upon

18  individual facts. There are principals that are being

19  argued. They are being argued very, very well.

20      So if you are going to give any a litany

21  the individual problem that your client has, I can assure

22  you that all of the people here are very willing to jump

23  and give me their tail also.

24      That's not the issue before me. This was

25  set down as a discrete issue and argument with respect to

76

```
1    the law.
2              MR. SANDERS:  Would then Shaw have an
3    opportunity at a late date, your Honor, to presents its
4    individualized argument concerning equitable estoppel?
5              THE COURT:  The issue of reclamation has
6    been bifurcated.  Everybody here recognized it, and they
7    briefed it that way.  That's what I'm doing.
8              Thank you, sir.
9              MR. SANDERS:  There is one other aspect,
10   your Honor, with regard to the DIP financing.  Shaw was not
11   given notice of the DIP financing motion and would take the
12   position that any application of the DIP financing to
13   defeat its reclamation claim would be a depravation of due
14   process of law.
15             THE COURT:  Thank you.
16             MR. FEINSTEIN:  Your Honor, I have a number
17   of responses.  I'm going to do them sequentially so I may
18   not be coherent.  Let me address the last point first.
19             The DIP loan didn't terminate reclamation
20   rights, what it does was authorize a transaction whereby
21   the debtor pledged goods including goods that were subject
22   to reclamation demands to the DIP lender, and the proceeds
23   were used to pay off the prepetition loan, which did trump
24   under the statute, reclamation claims.
25             So there was nothing in the DIP order per
```

A00925

A0925

77

1   se that no due process issue -- it kind of goes to a point

2   that I believe counsel for McDermott made before, which is

3   well, if you endorse this regime where a DIP lender can

4   refinance prepetition debt and extinguish reclamation

5   rights, it's going to create a parade of horrors.

6   Committees are going to form and the reclamation claimants

7   are going to take all sorts of wild actions at the

8   beginning of the case.

9               Essentially what counsel is arguing is that

10  the reclamation creditors will stand up at the beginning of

11  the case and try to prevent DIP loans from being

12  authorized.  This is routine in Chapter 11 cases.  You have

13  prepetition secured debt, you have reclamation claims which

14  are subordinate to those claims.  And routinely debtors on

15  the first day of their case go and get a DIP loan and they

16  pay off their prepetition debt either in a lump sum or as a

17  creeping roll up or what have you, but that's a very common

18  occurrence.

19               If reclamation claimants want to stop that

20  freight train by essentially shutting the debtor down by

21  preventing the debtor from postpetition financing, I would

22  suggest they are hurting themselves as much as everybody

23  else, their reclamation claims will never be paid because

24  they are effectively threatening a total shutdown of the

25  debtor and --

A00926

A0926

78

1          THE COURT:  Well, there are two types of

2    Chapter 11.  There maybe two, but there's an on going

3    reorganization of a viable business and a liquidation.

4    Certainly your argument now doesn't apply to a liquidation,

5    it might be in the reclamation claimant's interest to be

6    the first there to grab and get.

7          MR. FEINSTEIN:  That may be, but in a

8    liquidation who is going to come first?  The prepetition

9    secured lender who has first claim of those goods by virtue

10   of a blanket lien and under the UCC and under 546 that lien

11   takes priority over any reclamation right.

12          So let me, if I could, just sort of tic off

13   some of the points, and I'll try to be brief.  A number of

14   counsel pointed out that for purposes of this preceding

15   Dana stipulated that none of the proceeds of the goods were

16   used to pay down prepetition debt, and we did stipulate to

17   there.  It's probably the case that there were some goods

18   that were sold that did pay down prepetition debt, but for

19   clarity of the argument we stipulated that all of the goods

20   were pledged to the postpetition DIP lender, that that was

21   the integrated transaction, the effective disposition of

22   those goods to generate the proceeds to pay off the

23   prepetition debt.

24          THE COURT:  So you say that's not a gotcha

25   argument.

A00927

A0927

79

1          MR. FEINSTEIN:  Exactly.  And this is Dairy

2   Mart, this is the integrated transaction.  The attempt to

3   distinguish Dairy Mart is really unpersuasive that people

4   argued well the collateral package was different.  What

5   they fail to point out to the court is that pre- and

6   postpetition in this case, and pre- and postpetition Dairy

7   Mart, the inventory equipment were pledged to the lenders.

8              If nothing, the lender's collateral package

9   in this case expanded postpetition.  But the key point is

10  that the reclaimed goods, the inventory and equipment were

11  pledged in both instances pre and post in both cases, and

12  that's where the cases really are on all fours.

13             The argument was also made that based on --

14             THE COURT:  But they also argue that the

15  postpetition loan held much larger collateral package.

16             MR. FEINSTEIN:  Yes, and I was going to

17  address that next.  I think their argument really misreads

18  all of the case authorities.  I think all the cases agree

19  that where you have a small reclamation claim, you know, a

20  hundred thousand dollars reclamation claim and a 10 million

21  dollar debt, that the lender has a blanket lien all assets,

22  and unless the reclamation claimants individual claim is

23  larger than the secured debt, there is no surplus to look

24  to, and that the blanket over collateralization of the

25  secured lender is irrelevant.  Dairy Mart held that, other

A00928

A0928

80

1    cases have held that.  I don't think it's explicit in

2    Phar-Mor, but I think it's recognized in Phar-Mor's

3    predecessor, Pittsburgh-Canfield.

4                And again, it tries to sneak martialling

5    into the back door, which is to say, well, the secured

6    lender could realize on its loan by looking to some of the

7    reclaimed goods but not others, but that's simply not how

8    the law works.  It is an in rem right the reclamation

9    claimant can try to get his own goods back, but if it's

10   subject to a blanket lien of the lender, the lender can't

11   be forced to look to other goods, not the reclaiming

12   creditor's goods.

13               I address before the argument of horribles,

14   so I won't go there.  The good faith issue, I just wanted

15   to point out again, one of the case authorities that

16   counsel is relying on is Pittsburgh-Canfield a Sixth

17   circuit BAP, and in that case the court held that the

18   secured lender, the DIP lender's knowledge of the existence

19   of reclamation claim did not destroy the secured lender's

20   good faith.  And the court in Pittsburgh-Canfield refused

21   to allow discovery to proceed based on the good faith issue

22   based on the proffer that the secured lender knew of the

23   reclamation claims.

24               Here you have an express finding by your

25   Honor in the good faith DIP order.  You have, and meeting

A0929

81

1   the UCC definition, and all the creditors were on notice of

2   the final DIP order and nobody appealed it.  So to the

3   extent good faith is an issue, and we don't think it is

4   anymore under the statute, it's res judicata.  There's a

5   finding that the DIP lender acted in good faith.

6            I guess I'll just limit myself to the last

7   argument, which is whether the reclamation right is a lien.

8   It clearly is not.  Counsel said we didn't cite any

9   authorities for that.  We cited a long list of authorities,

10  including Pittsburgh-Canfield, including Dairy Mart and the

11  Phar-Mor case.  To borrow another movie title, your Honor,

12  the inconvenient truth is that when Congress amended the

13  statute, it doesn't make reclamation demands into it, so

14  there's no right to marshalling, there's no right to

15  adequate protection, there is no claim as that, as one of

16  the final arguments was made, that the reclamation rights

17  take primacy over the DIP loan, that's just absurd.

18            I think I'll leave it at that, your Honor.

19  We've obviously submitted extensive papers, and we'll rest

20  on those as well as our presentation.

21            THE COURT:  Thank you.

22            MR. SULLIVAN:  Two very, very quick points,

23  your Honor, just to respond.

24            THE COURT:  I'm timing you.

25            MR. SULLIVAN:  Okay.  On the good faith

A00930
A0930

82

1   issue, it's not the good faith of the DIP lender that's

2   relevant, it's the good faith of the prepetition lender

3   that's relevant, and so we are just mischaracterizing what

4   the issue is.

5           As to the liquidation issue that your Honor

6   raised, you're exactly right, because in the scenario that

7   the debtors are positing, you could wipe out all the

8   reclamation claims through a reorganization, where in a

9   liquidation there's probably a very good chance that not

10  all of the reclamation claims would be wiped out, so I just

11  wanted to reemphasize that.

12          Thank you, your Honor.

13          THE COURT:  Does anyone anybody else want

14  to do to be heard?

15          It's very interesting listening to the

16  argument, and I appreciate the argument and I applaud all

17  of you.  You've helped convince me that the issues are

18  really not any different than I thought they were before

19  you all stood up, and that is that essentially Dairy Mart

20  and Phar-Mor provide a legal divide and provide a path this

21  court should follow one way or the other to determine the

22  issue.

23          With respect to some of the arguments that

24  were raised, the equitable estoppel and good faith, I think

25  they are very ancillary and I don't think they are very

A00931
A0931

83

1   well persuaded that they are real issues.  The real issues

2   here are whether this court interprets the 546 amendments

3   and 503(b)(9) and the case law that I don't believe has

4   been jettisoned in order to come to a conclusion as to the

5   viability of the debtors' asserted prior lien right that

6   values reclamation claims to zero.

7                    The decision is reserved.

8                    Thank you all.

9                    MR. FEINSTEIN:  Thank you, your Honor.

10                   MR. SULLIVAN:  Thank you, your Honor.

11                   MR. WILLIAMS:  Thank you, your Honor.

12                   MS. LEVINE:  Thank you, your Honor.

13

14

15

16

17

18

19

20

21

22

23

24

25

A00932

A0932

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York  10173-1944
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
James M. Sullivan (JS 2189)
Gary O. Ravert (GR 3091)

Attorneys for The Timken Corporation,
Toyotetsu America, Inc., and
Toyotetsu Mid America, LLC


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------x
                                  :

**In re**                           :        **Chapter 11**

                                  :

**DANA CORPORATION, *et al.,***     :        **Case No. 06- 10354 (BRL)**

                                  :

                  **Debtors.**    :        **(Jointly Administered)**

                                  :

----------------------------------------------x


<u>**NOTICE OF APPEAL**</u>

       The Timken Corporation, Toyotetsu America, Inc., and Toyotetsu Mid America,

LLC hereby appeals under 28 U.S.C. § 158(a) from the Order Valuing Reclamation Claims Filed

in the Debtors' Chapter 11 Cases at Zero of Bankruptcy Judge Burton R. Lifland, dated April 25,

2007, Docket No. 5175 (the "Order").  A copy of the Order is attached hereto as Exhibit 1.

       The parties to the appeal are as follows:

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York  10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
James M. Sullivan (JS 2189)
Gary O. Ravert (GR 3091)

Attorneys for The Timken Corporation,
Toyotetsu America, Inc., and
Toyotetsu Mid America, LLC

NYK 1097465-1.064980.0025

A00933

A0933

TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street
Suite 1800
Cincinnati, OH 45202
Fax: (513) 381-0205
Phone: (513) 381-2838
W. Timothy Miller
Paige Leigh Ellerman

Attorney for Toyotetsu America, Inc. et al and Motoman, Inc.

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
and Debtors in Possession

- 2 -

NYK 1097465-1.064980.0025

A00934
A0934

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.
780 Third Avenue
36th Floor
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Dean A. Ziehl
Robert J. Feinstein
Debra I. Grassgreen

Conflicts Counsel for Debtors
and Debtors in Possession

WEBER & ROSE, PSC
2400 Aegon Center
400 West Market Street
Louisville, KY, 40202
Fax: (502) 589-3400
Phone: (502) 589-2200
Cathy S. Pike

Attorney for Air Hydro, Inc.

BORGES & ASSOCIATES, LLC
575 Underhill Blvd.
Syosset, NY 11791
Fax: (516) 677-0806
Phone: (516) 677-8200
Wanda Borges

Attorney for Thomas Steel Strip Corp.

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
599 Lexington Ave
New York, NY 10022-6030
Fax: (212) 536-3901
Phone: (212) 536-3900
Robert N. Michaelson

Attorney for Allegheny Ludlum and Wesco Distribution *et al.*

- 3 -

NYK 1097465-1.064980.0025

A00935

A0935

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Fax: (412) 355-6501
Phone: (412) 355-6500
David A. Murdoch

Attorney for Wesco Distribution *et al.* and Allegheny Ludlum

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
100 Jericho Quadrangle
Suite 309
Jericho, NY 11753-2702
Fax: (516) 240-8925
Phone: (516) 240-8900
Robert Beau Leonard

Attorney for Berlin Metals LLC
MCDONALD HOPKINS CO., LPA
30150 Telegraph Rd.
Suite 225
Bingham Farms, MI 48025
Fax: (248) 646-5075
Phone: (248) 646-5070
Christopher Lievois

Attorney for Bronson Precision Products, Inc. and TriStar Engineering, Inc.

HODGSON RUSS LLP
230 Park Avenue
17th Floor
New York, NY 10169
Fax: (212) 751-0928
Phone: (646) 218-7540
Stephen H. Gross

Attorney for Wyandotte Industries, Inc. and Mubea, Inc.

- 4 -

NYK 1097465-1.064980.0025

A0936

HUGHES & LUCE, LLP
111 Congress Avenue
Ste 900
Austin, TX 78701
Fax: (512) 482-6859
Phone: (512) 482-6800
Sabrina Streusand

Attorney for Dell Marketing, LP

HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022
Fax: (212) 478-7400
Phone: (212) 478-7200
Mark T. Power
Jeffrey Zawadski

Attorney for Hydro Aluminum Precision Tubing North America, LLC and Emhart Teknologies, Inc.

MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
Fax: (410) 385-3700
Phone: (410) 727-6464
Thomas D. Renda
Joel L. Perell Jr.
Patricia A. Borenstein

Attorney for Emhart Teknologies, Inc.

BERNSTEIN LAW FIRM, P.C.
Ste 2200 Gulf Tower
Pittsburgh, PA, 15219
Fax: (412) 456-8286
Phone: (412) 456-8108
Kirk B. Burkley

Attorney for Shaw Industries, Inc.

NYK 1097465-1.064980.0025

A00937

A0937

KAZLOW & KAZLOW
237 West 35th St., 14th Floor
New York, NY  10001
Phone: (212) 947-2900
Fax: (212) 563-0629
Gene R. Kazlow (GK 0026)
Stuart L. Sanders (SS 8690)

Attorney for Shaw Industries, Inc.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Fax: (212) 225-3939
Phone: (212) 225-2000
Lindsee P. Granfield

Attorney for Daido Metal Bellefontaine, LLC

MOORE & VAN ALLEN, PLLC
100 North Tyron St.
Ste 4700
Charlotte, NC 28202-4003
Fax: (704) 331-1000
Lou M. Agosto

Attorney for Nucor Steel Tuscaloosa, Inc. and Nucor Fastener

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, NY 10022
Fax: (212) 753-0396
Stuart A. Krause
Bryan D. Leinbach

Attorney for Toyota Tsusho America, Inc.

MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202
Tel: (704) 331-1000
Fax: (704) 331-3571
Lou M. Agosato
Hillary Bridgers Crabtree

Attorney for James Tool, Manufacturer, Inc.,
Nucor Fastener, Nucor Steel Tuscaloosa, Inc., and
Abundant Manufacturing

- 6 -

NYK 1097465-1.064980.0025

A00938
A0938

Dated:  New York, New York
        May 4, 2007

                                    /s/ James M. Sullivan
                                    James M. Sullivan (JS 2189)
                                    Gary O. Ravert (GR 3091)
                                    McDERMOTT WILL & EMERY LLP
                                    340 Madison Avenue
                                    New York, New York  10173-1922
                                    Telephone: (212) 547-5400
                                    Facsimile: (212) 547-5444

                                    Attorneys for The Timken Corporation,
                                    Toyotetsu America, Inc., and
                                    Toyotetsu Mid America, LLC

- 7 -

NYK 1097465-1.064980.0025

A00939

A0939

# EXHIBIT 1

A00940

A0940

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
Dana Corporation, *et al.*,                 :    Case No. 06-10354 (BRL)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
-------------------------------------------------------x

## ORDER VALUING RECLAMATION CLAIMS
## FILED IN THE DEBTORS' CHAPTER 11 CASES AT ZERO

This matter having come before the Court upon (a) the Amended Final Order, Pursuant to

Sections 105(a)(2), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A)

Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and

(B) Granting Certain Related Relief [Docket No. 724]; (b) the Notice of Reconciled Reclamation

Claims Under Amended Final Order, Pursuant to Sections 105(a)(2), 362 and 546(c) of the

Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving

Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief

[Docket No. 1650] (the "Reclamation Notice") filed by the debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "Debtors"); and (c) the Court's Order,

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7052 and 9014: (I)

Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing

Schedule for Consideration of Certain Common Issues; and (III) Granting Certain Related Relief

[Docket No. 3865]; and upon considering the Initial Brief of Debtors and Debtors in Possession

in Support of Prior Lien Defense to Reclamation Claims [Docket No. 3939] (the "Debtors' Initial

A00941

A0941

Brief"), the oppositions filed to the Initial Brief,[1] the Reply Brief of Debtors and Debtors In Possession In Support of Prior Lien Defense to Reclamation Claims [Docket No. 4766] (the "Debtors' Reply Brief"), and the arguments of counsel at the February 28, 2007 hearing (the "Hearing") on the Debtors' prior lien defense to reclamation claims; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157, and (c) notice of the Hearing was sufficient under the circumstances; and in accordance with this Court's Memorandum Decision Regarding Reclamation Claims Under Section 546(c) of the BAPCPA (the "Decision"), dated April 19, 2007, which is incorporated herein by reference:

IT IS HEREBY ORDERED THAT:

1.     For the reasons set forth in the Decision, all unresolved reclamation claims identified by the Debtors in the Reclamation Notice are deemed to be finally reconciled and established at a value of $0.00, and the Oppositions are overruled.

2.     Any amounts asserted as reclamation priority claims in proofs of claim filed in these cases shall be treated consistent with paragraph 1 above.

3.     Nothing in the Decision or in this Order shall prejudice the rights, if any, of creditors pursuant to Section 503(b)(9) of the Bankruptcy Code.

---

[1] The following reclamation claimants filed oppositions to the Initial Brief and/or the Debtors' Reply Brief (collectively, the "Oppositions"): Air Hydro Power, Inc.; Akebono Corporation; American Agip Co., Inc.; Berlin Metals LLC; Bronson Precision Products, Inc.; Color Box, LLC; Dofasco Tubular Product Inc.; Dofasco Tubular Products Corporation; Emhart Teknologies, Inc.; Fanuc Robotics America, Inc.; Fittings Products Co. LLC; Grede Corporation; Hain Capital Group, LLC; Hydro Aluminum Precision Tubing North America, LLC; Iverson Industries, Inc.; Lake Erie Products Corporation; Meritor Heavy Vehicles Sytems, LLC; Meritor Heavy Vehicles Braking Systems [U.S.A.], Inc.; Meritor Wabco Control Systems; Miniature Precision Components, Inc.; NSK Corporation; Parker Hannifin Corporation; Shaw Industries, Inc.; Team Industries, Inc.; Timken Company; Timken U.S. Corp.; Toyotetsu America, Inc.; Toyotetsu Mid America, LLC; TRW Automotive, Inc.; Toyota Tsusho America, Inc.; Tri-Star Engineering, Inc.; and Walker Forge, Inc.

A00942
A0942

4.      Nothing in the Decision or in this Order shall prejudice the rights of the Official

Committee of Unsecured Creditors and the Ad Hoc Noteholders Committee to challenge the

prepetition liens of the Debtors' prepetition lenders, all of which are preserved in full, consistent

with the terms of (a) the final order approving the Debtors' postpetition financing facility, entered

on March 29, 2006; (b) the Second Stipulation and Order Among the Debtors, the Receivables

Facility Agents, the Official Committee of Unsecured Creditors and the Ad Hoc Noteholders'

Committee Extending the Challenge Period Set Forth in the Final Order Authorizing Postpetition

Secured Financing, entered on September 29, 2006, and (c) the Second Stipulation and Order

Among the Debtors, the Pre-Petition Agent, the Credit Card Issuers, the Official Committee of

Unsecured Creditors and the Ad Hoc Noteholders' Committee Extending the Challenge Period

Set Forth in the Final Order Authorizing Postpetition Secured Financing, entered on September

25, 2006.

Dated: New York, New York
        April 25, 2007

                            /s/Burton R. Lifland
                            UNITED STATES BANKRUPTCY JUDGE

3

A00943

A0943

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173-1944
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
James M. Sullivan (JS 2189)
Gary O. Ravert (GR 3091)

Attorneys for The Timken Company, Timken U.S. Corp.,
Toyotetsu America, Inc. and Toyotetsu Mid America, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x
In re                                    :        **Chapter 11**
                                         :
**DANA CORPORATION,** *et al.*,          :        **Case No. 06- 10354 (BRL)**
                                         :
                             Debtors.    :        **(Jointly Administered)**
                                         :
——————————————————————x

<u>**AMENDED NOTICE OF APPEAL**</u>

      The Timken Company, Timken U.S. Corp., Toyotetsu America, Inc. and Toyotetsu Mid America, LLC hereby appeals under 28 U.S.C. § 158(a) from the Order Valuing Reclamation Claims Filed in the Debtors' Chapter 11 Cases at Zero of Bankruptcy Judge Burton R. Lifland, dated April 25, 2007, Docket No. 5175 (the "Order"). A copy of the Order is attached hereto as Exhibit 1.

      The parties to the appeal are as follows:

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
James M. Sullivan (JS 2189)
Gary O. Ravert (GR 3091)

Attorneys for The Timken Company, Timken U.S. Corp.,
Toyotetsu America, Inc., and Toyotetsu Mid America, LLC

NYK 1097465-2.064980.0025

A00944
A0944

TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street
Suite 1800
Cincinnati, OH 45202
Fax: (513) 381-0205
Phone: (513) 381-2838
W. Timothy Miller
Paige Leigh Ellerman

Attorney for Toyotetsu America, Inc. et al and Motoman, Inc.

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
and Debtors in Possession

NYK 1097465-2.064980.0025

A00945

A0945

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.
780 Third Avenue
36th Floor
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Dean A. Ziehl
Robert J. Feinstein
Debra I. Grassgreen

Conflicts Counsel for Debtors
and Debtors in Possession

WEBER & ROSE, PSC
2400 Aegon Center
400 West Market Street
Louisville, KY, 40202
Fax: (502) 589-3400
Phone: (502) 589-2200
Cathy S. Pike

Attorney for Air Hydro, Inc.

BORGES & ASSOCIATES, LLC
575 Underhill Blvd.
Syosset, NY 11791
Fax: (516) 677-0806
Phone: (516) 677-8200
Wanda Borges

Attorney for Thomas Steel Strip Corp.

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
599 Lexington Ave
New York, NY 10022-6030
Fax: (212) 536-3901
Phone: (212) 536-3900
Robert N. Michaelson

Attorney for Allegheny Ludlum and Wesco Distribution *et al.*

- 3 -

A00946
A0946

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Fax: (412) 355-6501
Phone: (412) 355-6500
David A. Murdoch

Attorney for Wesco Distribution *et al.* and Allegheny Ludlum

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
100 Jericho Quadrangle
Suite 309
Jericho, NY 11753-2702
Fax: (516) 240-8925
Phone: (516) 240-8900
Robert Beau Leonard

Attorney for Berlin Metals LLC
MCDONALD HOPKINS CO., LPA
30150 Telegraph Rd.
Suite 225
Bingham Farms, MI 48025
Fax: (248) 646-5075
Phone: (248) 646-5070
Christopher Lievois

Attorney for Bronson Precision Products, Inc. and TriStar Engineering, Inc.

HODGSON RUSS LLP
230 Park Avenue
17th Floor
New York, NY 10169
Fax: (212) 751-0928
Phone: (646) 218-7540
Stephen H. Gross

Attorney for Wyandotte Industries, Inc. and Mubea, Inc.

NYK 1097465-2.064980.0025

A00947

A0947

HUGHES & LUCE, LLP
111 Congress Avenue
Ste 900
Austin, TX 78701
Fax: (512) 482-6859
Phone: (512) 482-6800
Sabrina Streusand

Attorney for Dell Marketing, LP

HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022
Fax: (212) 478-7400
Phone: (212) 478-7200
Mark T. Power
Jeffrey Zawadski

Attorney for Hydro Aluminum Precision Tubing North America, LLC and Emhart Teknologies, Inc.

MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
Fax: (410) 385-3700
Phone: (410) 727-6464
Thomas D. Renda
Joel L. Perell Jr.
Patricia A. Borenstein

Attorney for Emhart Teknologies, Inc.

BERNSTEIN LAW FIRM, P.C.
Ste 2200 Gulf Tower
Pittsburgh, PA, 15219
Fax: (412) 456-8286
Phone: (412) 456-8108
Kirk B. Burkley

Attorney for Shaw Industries, Inc.

NYK 1097465-2.064980.0025

A00948
A0948

KAZLOW & KAZLOW
237 West 35th St., 14th Floor
New York, NY 10001
Phone: (212) 947-2900
Fax: (212) 563-0629
Gene R. Kazlow (GK 0026)
Stuart L. Sanders (SS 8690)

Attorney for Shaw Industries, Inc.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Fax: (212) 225-3939
Phone: (212) 225-2000
Lindsee P. Granfield

Attorney for Daido Metal Bellefontaine, LLC

MOORE & VAN ALLEN, PLLC
100 North Tyron St.
Ste 4700
Charlotte, NC 28202-4003
Fax: (704) 331-1000
Lou M. Agosto

Attorney for Nucor Steel Tuscaloosa, Inc. and Nucor Fastener

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, NY 10022
Fax: (212) 753-0396
Stuart A. Krause
Bryan D. Leinbach

Attorney for Toyota Tsusho America, Inc.

MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Tel: (704) 331-1000
Fax: (704) 331-3571
Lou M. Agosato
Hillary Bridgers Crabtree

Attorney for James Tool, Manufacturer, Inc.,
Nucor Fastener, Nucor Steel Tuscaloosa, Inc., and
Abundant Manufacturing

- 6 -

A00949
A0949

Dated: New York, New York
      May 9, 2007

                                   /s/ James M. Sullivan
                                   James M. Sullivan (JS 2189)
                                   Gary O. Ravert (GR 3091)
                                   McDERMOTT WILL & EMERY LLP
                                   340 Madison Avenue
                                   New York, New York  10173-1922
                                   Telephone: (212) 547-5400
                                   Facsimile: (212) 547-5444

                                   Attorneys for The Timken Company,
                                   Timken U.S. Corp., Toyotetsu America, Inc. and
                                   Toyotetsu Mid America, LLC

NYK 1097465-2.064980.0025

A00950

A0950

**EXHIBIT 1**

NYK 1097465-2.064980.0025

A00951

A0951

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Dana Corporation, *et al.*,               :    Case No. 06-10354 (BRL)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
---------------------------------------------------x

### ORDER VALUING RECLAMATION CLAIMS
### FILED IN THE DEBTORS' CHAPTER 11 CASES AT ZERO

This matter having come before the Court upon (a) the Amended Final Order, Pursuant to

Sections 105(a)(2), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b): (A)

Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors and

(B) Granting Certain Related Relief [Docket No. 724]; (b) the Notice of Reconciled Reclamation

Claims Under Amended Final Order, Pursuant to Sections 105(a)(2), 362 and 546(c) of the

Bankruptcy Code and Bankruptcy Rule 9019(b): (A) Establishing Procedures for Resolving

Reclamation Claims Asserted Against the Debtors and (B) Granting Certain Related Relief

[Docket No. 1650] (the "Reclamation Notice") filed by the debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "Debtors"); and (c) the Court's Order,

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7052 and 9014: (I)

Bifurcating Consideration of Issues Relating to Reclamation Claims; (II) Establishing a Briefing

Schedule for Consideration of Certain Common Issues; and (III) Granting Certain Related Relief

[Docket No. 3865]; and upon considering the Initial Brief of Debtors and Debtors in Possession

in Support of Prior Lien Defense to Reclamation Claims [Docket No. 3939] (the "Debtors' Initial

A00952
A0952

Brief"), the oppositions filed to the Initial Brief,[1] the Reply Brief of Debtors and Debtors In

Possession In Support of Prior Lien Defense to Reclamation Claims [Docket No. 4766] (the

"Debtors' Reply Brief"), and the arguments of counsel at the February 28, 2007 hearing (the

"Hearing") on the Debtors' prior lien defense to reclamation claims; and the Court having found

that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this

is a core proceeding pursuant to 28 U.S.C. § 157, and (c) notice of the Hearing was sufficient

under the circumstances; and in accordance with this Court's Memorandum Decision Regarding

Reclamation Claims Under Section 546(c) of the BAPCPA (the "Decision"), dated April 19,

2007, which is incorporated herein by reference:

IT IS HEREBY ORDERED THAT:

1.      For the reasons set forth in the Decision, all unresolved reclamation claims

identified by the Debtors in the Reclamation Notice are deemed to be finally reconciled and

established at a value of $0.00, and the Oppositions are overruled.

2.      Any amounts asserted as reclamation priority claims in proofs of claim filed in

these cases shall be treated consistent with paragraph 1 above.

3.      Nothing in the Decision or in this Order shall prejudice the rights, if any, of

creditors pursuant to Section 503(b)(9) of the Bankruptcy Code.

---

[1] The following reclamation claimants filed oppositions to the Initial Brief and/or the Debtors' Reply Brief (collectively, the "Oppositions"): Air Hydro Power, Inc.; Akebono Corporation; American Agip Co., Inc.; Berlin Metals LLC; Bronson Precision Products, Inc.; Color Box, LLC; Dofasco Tubular Product Inc.; Dofasco Tubular Products Corporation; Emhart Teknologies, Inc.; Fanuc Robotics America, Inc.; Fittings Products Co. LLC; Grede Corporation; Hain Capital Group, LLC; Hydro Aluminum Precision Tubing North America, LLC; Iverson Industries, Inc.; Lake Erie Products Corporation; Meritor Heavy Vehicles Sytems, LLC; Meritor Heavy Vehicles Braking Systems [U.S.A.], Inc.; Meritor Wabco Control Systems; Miniature Precision Components, Inc.; NSK Corporation; Parker Hannifin Corporation; Shaw Industries, Inc.; Team Industries, Inc.; Timken Company; Timken U.S. Corp.; Toyotetsu America, Inc.; Toyotetsu Mid America, LLC; TRW Automotive, Inc.; Toyota Tsusho America, Inc.; Tri-Star Engineering, Inc.; and Walker Forge, Inc.

2

A00953

A0953

4.       Nothing in the Decision or in this Order shall prejudice the rights of the Official

Committee of Unsecured Creditors and the Ad Hoc Noteholders Committee to challenge the

prepetition liens of the Debtors' prepetition lenders, all of which are preserved in full, consistent

with the terms of (a) the final order approving the Debtors' postpetition financing facility, entered

on March 29, 2006; (b) the Second Stipulation and Order Among the Debtors, the Receivables

Facility Agents, the Official Committee of Unsecured Creditors and the Ad Hoc Noteholders'

Committee Extending the Challenge Period Set Forth in the Final Order Authorizing Postpetition

Secured Financing, entered on September 29, 2006, and (c) the Second Stipulation and Order

Among the Debtors, the Pre-Petition Agent, the Credit Card Issuers, the Official Committee of

Unsecured Creditors and the Ad Hoc Noteholders' Committee Extending the Challenge Period

Set Forth in the Final Order Authorizing Postpetition Secured Financing, entered on September

25, 2006.

Dated:  New York, New York
        April 25, 2007

                              /s/Burton R. Lifland
                              UNITED STATES BANKRUPTCY JUDGE

3

A0954